Jeffrey C. Matura, State Bar No. 019893
Asha Sebastian, State Bar No. 028250
**Graif Barrett & Matura, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: (602) 792-5700
Facsimile: (602) 792-5710
jmatura@gbmlawpc.com
asebastian@gbmlawpc.com

Attorneys for Defendant Town of Colorado City, Arizona

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CV-12-8123-PCT-HRH |
| Plaintiff, | |
| v. | **DEFENDANT COLORADO CITY'S:** |
| Town of Colorado City, Arizona; City of Hildale, Utah; Twin City Power; and Twin City Water Authority, Inc., | **(1) MOTION FOR MORE DEFINITE STATEMENT ON COUNT ONE;** |
| Defendants. | **(2) MOTION FOR MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, MOTION TO DISMISS COUNT TWO;** |
| | **– AND –** |
| | **(3) MOTION TO DISMISS COUNT THREE** |
| | **(Oral Argument Requested)** |

Defendant Town of Colorado City, Arizona requests that this Court enter an order directing plaintiff United States of America to provide a more definite statement with respect to Count One of the Complaint, directing the United States to provide a more definite statement with respect to Count Two or, in the alternative, dismissing Count Two, and dismissing Count Three. This relief is necessary for the following reasons:

- The allegations that support Count One do not provide any details regarding when the alleged conduct occurred, who was involved, or what occurred. Without this information, Colorado City cannot adequately respond.
- The allegations that support Count Two are also so vague and ambiguous that Colorado City cannot determine the nature of the United States' claim. If the United States alleges direct claims of discrimination, it failed to exhaust administrative remedies. Therefore, in the alternative, dismissal is necessary.
- Count Three fails as a matter of law because Colorado City does not own, operate, or manage the public facilities at issue.

Relief from this Court is necessary to address these pleading failures.

This motion is brought pursuant to Federal Civil Procedure Rules 12(b)(6) and (e) and is supported by the attached exhibits and the following memorandum of points and authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The question presented is whether the United States has met its pleading obligations to maintain its claims against Colorado City. It has not. To understand why, some background facts are necessary.

**I.   FACTUAL BACKGROUND.**

The United States filed its Complaint against defendants Colorado City, the City of Hildale, Utah, Twin City Power, and Twin City Water Authority, Inc.[1] The Complaint contains three claims.

In Count One, the United States alleges that Colorado City violated 42 U.S.C. § 14141.[2] To support this allegation, the United States makes vague and ambiguous claims

---

[1] See Complaint [Doc. 1].
[2] Id., at ¶¶ 51 – 56.

2

about alleged police misconduct.[3] For example, it claims that "[t]he Marshal's Office has conducted traffic stops on multiple occasions in response to FLDS church members' requests that they find out the identity of the occupants of a vehicle."[4] It also claims that "[t]he Marshal's Office fails to cooperate with other law enforcement offices in investigating crimes against non-FLDS individuals committed by FLDS individuals."[5] It also claims that "[t]he Marshal's Office uses its authority to aid the FLDS Church by facilitating the unlawful evictions of non-FLDS residents and refusing to permit non-FLDS individuals to move into properties for which they have occupancy agreements."[6] These and other similar allegations do not contain any information regarding when the alleged events occurred, who was allegedly involved, or what exactly occurred to support Count One.

In Count Two, the United States alleges that Colorado City violated the Federal Fair Housing Act.[7] To support this allegation, the United States again makes vague and ambiguous claims. For example, it claims that "[t]he Cities and TCWA claim that they cannot provide water service to new properties because of a water shortage, while at the same time FLDS residents have received such services. In fact, there is no water shortage in the Cities that would justify these denials."[8] It also claims that "[t]he Cities and TCWA have refused to permit non-FLDS individuals or the Trust to build new housing or improve existing housing on Trust-owned land."[9] The United States does not provide any information regarding when the alleged events occurred or who was allegedly involved. The United States also mentions 42 U.S.C. §§ 3604(a), (b), 3617, and 3614(a), but the

---

[3] Colorado City employs a Marshal's Office to police its community. The Marshal's Office also provides police services to the City of Hildale, Utah, which is a neighboring community. All the officers are therefore dual certified in Arizona and Utah.

[4] See Complaint, at ¶ 20.

[5] Id. at ¶ 24.

[6] Id. at ¶ 30.

[7] Id. at ¶¶ 57 – 61.

[8] Id. at ¶ 37.

[9] Id. at ¶ 38.

1  allegations are unclear whether the United States alleges a direct violation of §§ 3604(a),
2  (b), and 3617, or a violation of those statutes solely as part of its claim under § 3614(a),
3  which relates to an alleged pattern or practice of discrimination.[10]

In Count Three, the United States alleges that Colorado City violated 42 U.S.C. § 2000b.[11]  To support this allegation, the United States claims that Colorado City deprived individuals, or threatened individuals with the loss, of the right to the equal protection of the laws due to religion by denying an equal utilization of a public facility.[12]  The United States makes this claim with respect to only two public facilities, Cottonwood Park and Cottonwood Zoo.[13]

## II. A MORE DEFINITE STATEMENT ON COUNT ONE IS NECESSARY BECAUSE THE ALLEGATIONS ARE VAGUE AND AMBIGUOUS.

Rule 12(e) governs a motion for more definite statement.  It states, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.[14]

To evaluate a Rule 12(e) motion, the Court should determine whether the Complaint provides a sufficient basis from which the defendant can frame a responsive pleading. The plaintiff cannot simply argue that discovery will uncover the necessary facts, as discovery is not a fair substitute for a proper pleading.  See Eisenach v. Miller-Dwan Medical Center, 162 F.R.D. 346, 348 (D. Minn. 1995) (granting a motion for more definite statement and observing that "any current view that the deficiencies in pleading may be cured through liberalized discovery is at increasingly mounting odds with the public's dissatisfaction with exorbitantly expansive discovery, and the impact that the

---

[10] Id. at ¶¶ 58 – 60.
[11] Id., at ¶¶ 62 – 63.
[12] Id. at ¶¶ 42 – 50.
[13] Id.
[14] Fed. R. Civ. P. 12(e).

public outcry has upon our discovery Rules."). Instead, the defendant is entitled to know at the pleading stage the basis for each claim. See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (noting that a Court may grant a motion for more definite statement to require the plaintiff to provide more detail in the Complaint).

Numerous allegations that the United States relies upon to support Count One are so vague and ambiguous that Colorado City cannot adequately respond or determine whether certain defenses may apply. Specifically, Colorado City requests the following additional information with respect to the following paragraphs regarding Count One:

¶ 16: The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 17: The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 18: The name of the woman referenced in the January 2012 alleged event and the names of the individuals referenced in the balance of the paragraph.

¶ 19: The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 20: The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 21: The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 22: The names of the individuals involved in the alleged events.

¶ 23: The names of the individuals involved in the alleged events.

¶ 24: The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 27: The names of the individuals involved in the alleged events.

¶ 28: The names of the individuals involved in the alleged events.

¶ 29: The names of the individuals involved in the alleged events.

¶ 30:  The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 31:  The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 32:  The names of the individuals involved in the alleged events.

Without this additional information, Colorado City cannot adequately respond to the allegations under 42 U.S.C. § 14141. Colorado City also cannot determine whether certain affirmative defenses may exist.

Based upon these facts, this Court should order the United States to provide a more definite statement regarding the above-referenced paragraphs.

### III.  THIS COURT SHOULD REQUIRE A MORE DEFINITE STATEMENT REGARDING COUNT TWO OR, IN THE ALTERNATIVE, DISMISS THE ALLEGATIONS RELATED TO 42 U.S.C. §§ 3604(a), (b), AND 3617.

Count Two relates to the United States' allegations that Colorado City violated the Federal Fair Housing Act. This Court should order the United States to provide a more definite statement regarding these allegations. Alternatively, this Court should dismiss the allegations related to 42 U.S.C. §§ 3604(a), (b), and 3617.

The same law regarding a more definite statement discussed in Section II above applies equally here. Colorado City requests the following additional information with respect to the following paragraphs in the Complaint:

¶ 37:  The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 38:  The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 39:  The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 40:  The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

¶ 41:   The date on which each alleged event occurred and the names of the individuals involved in each such alleged event.

Colorado City cannot adequately respond to these allegations without this additional information.  It also cannot determine whether certain affirmative defenses may exist, including whether the allegations exceed the applicable statute of limitations.  A more definite statement is therefore necessary.

In the alternative, Colorado City requests that this Court dismiss all the allegations related to 42 U.S.C. §§ 3604(a), (b), and 3617 because the United States failed to exhaust its administrative remedies.[15]  Sections 3604(a), (b), and 3617 relate to alleged direct discrimination.  In contrast, 42 U.S.C. § 3614(a) – which the United States also alleges – relates to a pattern or practice of discrimination.  To maintain a direct claim under §§ 3604(a), (b), and 3617, the United States must first exhaust its administrative remedies.  More specifically, § 3614(b)(1)(A) states that "[t]he Attorney General may commence a civil action in any appropriate United States district court for appropriate relief with respect to a discriminatory housing practice referred to the Attorney General by the Secretary under section 3610(g) of this title."[16]  Section 3610(g) requires the Secretary to undertake an investigation, make a reasonable cause determination, and issue a charge, if appropriate.[17]  The United States has not completed these administrative remedies.  Therefore, if the United States alleges direct discrimination under §§ 3604(a), (b), and 3617, this Court should dismiss those allegations.  See e.g., United States v. Pacific Northwest Electric, Inc., 2003 WL 24573548 *21 (D. Idaho March 21, 2003) (discussing the necessary administrative enforcement provisions under 42 U.S.C. §§ 3610 and 3614(b), and recognizing that only a pattern or practice claim under 42 U.S.C. § 3614(a) does not require exhausting administrative remedies before filing a complaint).

---

[15] See Complaint, at ¶ 58(a), (b), and (c).
[16] 42 U.S.C. § 3614(b)(1)(A).
[17] 42 U.S.C. § 3610(g).

Due to these facts and statutory provisions, a more definite statement and/or dismissal of Count Two is necessary.

### IV. COUNT THREE FAILS BECAUSE COLORADO CITY DOES NOT OWN, OPERATE, OR MANAGE THE PUBLIC FACILITIES AT ISSUE.

In Count Three, the United States brings a claim under 42 U.S.C. § 2000b. This statute permits the United States to file a Complaint on an individual's behalf if that individual is deprived, or threatened with the loss, of the right to equal protection of the laws on account of the individual's religion by being denied equal utilization of any public facility "which is owned, operated, or managed by or on behalf of any State or subdivision thereof."[18] By its own terms, therefore, this statute only applies to public facilities, not private property.

The United States alleges that Colorado City denied non-FLDS individuals the equal utilization of Cottonwood Park and Cottonwood Zoo.[19] The United States also alleges that Colorado City owns, operates, or manages the park and the zoo.[20] The United States is wrong. The Mohave County Assessor shows that the park and the zoo share a single parcel, identified as Parcel 404-33-040.[21] The Mohave County Assessor also shows that the owner of Parcel 404-33-040 is "Fred M. Jessop, Trustee of the United Effort Plan Trust."[22] The Mohave County Treasurer confirms this ownership.[23] Because these documents are all public records, this Court can take judicial notice of their authenticity. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (confirming that, on a motion to dismiss, Courts can take judicial notice of public records outside the pleadings).

---

[18] 42 U.S.C. § 2000b (emphasis added).
[19] See Complaint, at ¶¶ 42 – 49.
[20] Id. at ¶ 43.
[21] See Mohave County Assessor Map, attached as Exhibit 1.
[22] See Mohave County Assessor Parcel Information, attached as Exhibit 2.
[23] See Mohave County 2011 Property Tax Statement, attached as Exhibit 3.

1    The United Effort Plan Trust is a private land owner, not a municipality such as Colorado City. As the United States acknowledges in its Complaint, individuals from the FLDS religion establish the United Effort Plan Trust as a charitable trust in the State of Utah.[24] The Trustees of the United Effort Plan Trust controlled the Trust until 2005, when a Utah Court removed the Trustees and appointed Bruce Wisan, who is not affiliated with the FLDS religion, as the Special Fiduciary to oversee the Trust.[25] Bruce Wisan has not substituted his name for Fred M. Jessop with the Mohave County Assessor and Treasurer; however, the United Effort Plan Trust remains the owner, operator, and manager of the park and the zoo, not Colorado City.

For these reasons, the United States' claims against Colorado City under 42 U.S.C. 2000b fail as a matter of law.

## V.    CONCLUSION.

The United States fails to meet its pleading obligations in the Complaint. The allegations related to Count One are so vague and ambiguous that Colorado City cannot adequately respond. A more definite statement is therefore necessary. The same is true for Count Two, except that dismissal is also appropriate if the United States alleges direct claims under 42 U.S.C. §§ 3604(a), (b), and 3617 because it failed to exhaust its administrative remedies. Finally, Count Three fails as a matter of law because Colorado City does not own, operate, or manage the public facilities at issue.

Based upon these facts and law, Colorado City respectfully requests that this Court grant its motion.

---

[24] See Complaint, at ¶ 11.
[25] Id. at ¶¶ 11 – 13.

Dated this 27th day of August 2012.

          GRAIF BARRETT & MATURA, P.C.


          By /s/ Jeffrey C. Matura
            Jeffrey C. Matura
            Asha Sebastian
            1850 North Central Avenue, Suite 500
            Phoenix, Arizona 85004
            Attorneys for Defendant Town of Colorado
            City, Arizona

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

R. Tamar Hagler
Eric W. Treene
Lori K. Wagner
Sean R. Keveney
Jessica C. Crockett
Anika Gzifa
Matthew J. Donnelly
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Attorneys for Plaintiff United State of America

Peter Stirba
R. Blake Hamilton
Kathleen Abke
Stirba & Associates
215 South State Street, Suite 750
Salt Lake City, Utah 84110
Attorneys for Defendants City of Hildale, Utah,
Twin City Water Authority, and Twin City Power


/s/ Karen McElroy
4830-5588-6608

10