WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Cooke and Jinjer Cooke, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Town of Colorado City, Arizona; City of Hildale, Utah, Hildale-Colorado City Utilities (Hildale-Colorado City Power, Water, Sewer and Gas Department and Twin City Water Authority); Twin City Power,<br><br>Defendants. | No. CV 10-08105-PCT-JAT<br><br>**ORDER** |

Pending before the Court is the United States' Motion to Transfer Related Case (Doc. 275). The Court now rules on the Motion.[1]

### I. BACKGROUND

In December 2011, a Joint Amended Complaint was filed by Plaintiffs Ronald Cooke and Jinjer Cooke (the "Cookes") and Plaintiff-Intervenor the State of Arizona against Defendants the Town of Colorado City, Arizona, City of Hildale, Utah, Twin City Water Authority, and Twin City Power in case number CV 10-8105-PCT-JAT (the

---

[1] Although Defendant Town of Colorado City requested oral argument on the Motion to Transfer, the issue is fully briefed and oral argument would not aid the Court's decisional process. Accordingly, the Town of Colorado City's request for oral argument is denied. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.,* 933 F.2d 724, 729 (9th Cir. 1991).

"Cooke case"). The Joint Amended Complaint contains eight counts against Defendants. The only federal law claims are violations of 42 U.S.C. section 1983 and violations of the Fair Housing Act, 42 U.S.C. section 3601, et. seq. The remaining six counts are for violations of state law. The Cookes and the State of Arizona seek redress for the allegedly discriminatory and unlawful housing practices imposed by Defendants against the Cookes. Specifically, the Cookes and the State of Arizona assert that Mr. Cooke was discriminated against in the provision of utility services, including connections to the municipal culinary water system, because he is disabled and because he is not a member of the Fundamentalist Church of Jesus Christ of Latter Day Saints ("FLDS").

In June 2012, the United States of America (the "United States") filed a complaint against the Town of Colorado City, Arizona, the City of Hildale, Utah, Twin City Power and Twin City Water Authority, Inc. in case number CV 12-8123-PCT-HRH (the "United States case"). In that Complaint, the United States asserts that Defendants have violated (1) the constitutional rights of non-FLDS individuals in violation of the First, Fourth, and Fourteenth Amendments, (2) the Fair Housing Act, and (3) have deprived individuals of the right to equal protection of the laws on account of religion by denial of equal utilization of a public facility.

Specifically, the United States alleges that members of the Colorado City/Hildale Marshal's Office have displayed a pattern and practice of discriminating against non-FLDS individuals by, among other things, (1) failing to provide needed police services to non-FLDS members, (2) selectively enforcing laws and regulations against non-FLDS individuals on the basis of religion, (3) engaging in various abuses of power in dealing with non-FLDS individuals; (4) failing to cooperate with other law enforcement offices in investigating crimes against non-FLDS individuals or crimes committed by FLDS individuals, (5) consistently disregarding the validity of UEP Trust-signed occupancy agreements and legal rules that guarantee the rights of non-FLDS Trust beneficiaries, (6) facilitating unlawful evictions of non-FLDS residents and refusing to permit non-FLDS individuals to move into properties for which they have signed occupancy agreements,

(7) arresting non-FLDS members without probable cause, and (8) seizing the property of non-FLDS individuals without due process of law.

The United States further alleges that Defendants Colorado City, Hildale, Twin City Water Authority, and Twin City Power have treated non-FLDS individuals differently than FLDS residences because of religion by making housing unavailable to non-FLDS residences, denying or unreasonably delaying water and electric services to non-FLDS individuals, refusing to issue them building permits, or otherwise preventing non-FLDS individuals from constructing new housing or occupying existing housing. The United States also alleges that the Cities have denied non-FLDS individuals equal utilization of public facilities, such as the Cottonwood Park and the Cottonwood Zoo, on the basis of religion.

The United States now moves to transfer the United States case pursuant to LRCiv 42.1(a).  Defendants oppose the Motion to Transfer.[2]

## II.   LEGAL STANDARD & ANALYSIS

Pursuant to LRCiv 42.1(a),

> Any party may file a motion to transfer the case or cases involved to a single Judge whenever two or more cases are pending before different Judges and any party believes that

---

[2] The Court notes that it appears that Defendants challenge the United States' standing to bring a motion to transfer in this case. *See* Doc. 308 ("the United States' Motion appears to be procedurally improper.  In general, a non-party may not file a motion in a given case without first intervening or seeking the court's leave."). LRCiv 42.1(a) states "*Any* party may file a motion to transfer the case or cases to a single Judge whenever two or more cases are pending before different Judges and *any party believes that such cases . . .*"  LRCiv 42.1(a) (emphasis added).  The rule then lists the five factors to be considered in determining whether a case should be transferred.  None of those factors suggest that the party moving to transfer need to be a common party to both cases. Rather, the rule suggests that a party to either case could move to transfer another case should that party *believe* that the case it seeks to transfer meets one or more of the five factors listed in the rule.  Accordingly, the Court finds nothing procedurally improper about the United States filing a motion a transfer a case to which it is a party that meets some of the factors in LRCiv 42.1(a).

- 3 -

such cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a).

"District Court judges have 'broad discretion' regarding the assignment or reassignment of cases." *Badea v. Cox,* 931 F.2d 573, 575 (9th Cir. 1991) (internal citation omitted).

The Cooke case and the United States case are against the same defendants and both cases arise from an alleged pattern of discrimination engaged in by Defendants. Further, both cases share common legal issues concerning violations of the Fair Housing Act and violations of certain constitutional rights of non-FDLS individuals. While the Court acknowledges that these cases are related and do generally arise from the same transactions or events, the Court finds that there are substantial differences between the cases and, thus, a transfer is not warranted under these circumstances.

Specifically, the facts needed to prove many of the alleged actions establishing a pattern of discrimination by the Colorado City/Hildale Marshal's Office and the Town of Colorado City, the City of Hildale, Twin City Water Authority, and Twin City Power in the United States case raise many new factual and legal issues that are not likely to be raised in the Cooke case. Further, because these two cases are in such different stages in the litigation—the Cooke case is at the summary judgment stage and the United States case was just recently filed— there is unlikely to be substantial duplication of effort that would be saved if both cases were being heard by one judge. Accordingly, because the cases are at very different stages of litigation and address different issues, transfer would not be economical. Accordingly, the Motion to Transfer is denied.

### III. CONCLUSION

Based on the foregoing,

- 4 -

1     **IT IS ORDERED** that the United States' Motion to Transfer Related Case (Doc.
2 275) is denied.
3     The Clerk of the Court shall file a copy of this Order in CV 12-8123-PCT-HRH
4 and CV 10-08105-PCT-JAT.
5     Dated this 16th day of November, 2012.

James A. Teilborg
United States District Judge