WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,               )<br>                                                              )<br>                           Plaintiff,    )<br>                                                              )<br>     vs.                                                 )<br>                                                              )<br>TOWN OF COLORADO CITY, ARIZONA;  )<br>*et al.*,                                                  )<br>                                                              )<br>                           Defendants.  )<br>_____) | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Plaintiff's Rule 36(a)(6) Motion[1]

Plaintiff moves pursuant to Rule 36(a)(6) for an order declaring certain matters admitted or, in the alternative, compelling defendant Town of Colorado City ("Colorado City") to respond more fully to plaintiff's first and third requests for admissions. The motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

The motion in question seeks either the admission or further responses with respect to specific requests for admissions contained in plaintiff's first and third sets of requests for admissions.[3] The court has examined Colorado City's responses to each of the requests.

---

[1]Docket No. 296.

[2]Docket No. 319.

[3]Motion under Rule 36(a)(6) at 3, Docket No. 296. Here, plaintiff identifies seven fact areas as to which 32 requests for admission were put to Colorado City.

ORDER – Plaintiff's Rule 36(a)(6) Motion                                                                                       - 1 -

As to the majority of the requests, Colorado City's response was "Colorado City cannot admit or deny this request because it does not have the requisite knowledge."[4]  In some instances, Colorado City's response continued:  "Rather, this question is more properly directed to Utah POST or Arizona POST."[5]

Rule 36(a)(4) expressly provides that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."   As to all of the requests for admissions in question, Colorado City has asserted lack of knowledge or information as the reason for not admitting or denying; but Colorado City has failed to address the matter of the necessary, reasonable inquiry as a predicate to asserting lack of knowledge or information.

Rule 36(a)(6), Federal Rules of Civil Procedure, addresses the specific problem raised by the instant motion, providing that "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."

The court finds that Colorado City's responses to the requests for admissions itemized by plaintiff did not comport with Rule 36(a)(4).  Plaintiff has appropriately moved for relief under Rule 36(a)(6).  However, as Colorado City is quick to point out, a ruling that facts be admitted when there is uncertainty as to the extent of a responding party's knowledge or information can have harsh results.  In such a situation, the court should "ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed."  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981).

---

[4] Id., Exhibit 1 at 4, Docket No. 296-1 at 5.

[5] Id., Exhibit 1 at 7, Docket No. 296-1 at 8.

Plaintiff contends that Colorado City has within its control records or within reach of reasonable inquiries documents and/or third parties such as former contractors or employees, the means of gaining knowledge sufficient to permit it to admit all of the facts at issue here. Plaintiff correctly points out that the Rule 36 procedure is not a discovery device. Rather, Rule 36 is aimed at reducing the cost of litigation by resolving facts as to which there is no substantial dispute. Based upon what is presently before it, as well as the history of discovery in this case as reflected by prior motion practice, the court finds that, more likely than not, Colorado City does have at its disposal the means to either admit or deny the requests for admissions which are the subject of the instant motion. In light of Colorado City's efforts to avoid deposition discovery, the court fears that Colorado City will be tempted to respond further to the requests for admissions in question using the rather formulaic language of Rule 36(a)(4): "Colorado City has made reasonable inquiry and the information it has or can readily obtain is insufficient to enable it to admit or deny." Such a response will not suffice.

Despite the court's concerns as to how Colorado City may further respond to plaintiff's requests for admissions, the court subscribes to the proposition that declaring matters admitted is a harsh result, and that the court's first recourse should be to permitting amended responses. In making further responses to the requests for admissions in question, Colorado City must describe the nature and extent of its inquiries in furtherance of further responses in order that plaintiff – and if necessary the court – can ascertain that Colorado City has made reasonable inquiries sufficient to demonstrate that Colorado City could not reasonably be expected to admit or deny each of the requests in question. Of course, if after further inquiries Colorado City determines that it can admit or deny facts as to which plaintiff has made requests, those explanations are not necessary.

Plaintiff's motion[6] for an order declaring certain matters admitted is denied. Plaintiff's alternative motion[7] compelling defendant Colorado City to respond more fully to plaintiff's first and third requests for admissions is granted.

DATED at Anchorage, Alaska, this  31st  day of March, 2014.

/s/ H. Russel Holland
United States District Judge

---

[6]Docket No. 296.

[7]Id.