WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TOWN OF COLORADO CITY, ARIZONA; )<br>CITY OF HILDALE, UTAH; TWIN CITY )<br>POWER; and TWIN CITY WATER )<br>AUTHORITY, INC., )<br>)<br>)<br>Defendants. )<br>_____) | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Motion to Compel

Plaintiff moves to compel the Town of Colorado City to respond to plaintiff's First Set of Interrogatories and First Set of Requests for Production.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 357.

[2]Docket No. 372.

Background

On June 21, 2012, plaintiff, the United States of America, commenced this action against defendants The Town of Colorado City, Arizona; City of Hildale, Utah; Twin City Power; and Twin City Water Authority, Inc. Plaintiff alleges that "[d]efendants have engaged in a pattern or practice of illegal discrimination against individuals who are not members of the Fundamentalist Church of Jesus Christ of Latter-day Saints ("FLDS")."[3] Plaintiff alleges that defendants "have acted in concert with FLDS leadership to deny non-FLDS individuals housing, police protection, and access to public space and services."[4] Plaintiff further alleges that the municipalities' joint police department, the Colorado City Marshal's Office (CCMO), "has inappropriately used its state-granted enforcement authority to enforce the edits of the FLDS, to the detriment of non-FLDS members."[5]

On April 23, 2013, plaintiff served Colorado City with its First Set of Interrogatories and its First Set of Requests for Production. Colorado City responded to the First Set of Requests for Production on June 28, 2013 and has supplemented its responses on August 14, 2013; September 10, 2013; January 15, 2014; April 1, 2014; and June 16, 2014. Colorado City responded to the First Set of Interrogatories on July 11, 2013. Plaintiff contends that

---

[3]Complaint at 2, ¶ 4, Docket No. 1.

[4]Id. (footnote omitted).

[5]Id. at 3, ¶ 4.

Colorado City has failed to respond to some of the foregoing discovery requests and has failed to respond adequately to others.

Plaintiff attempted to resolve these discovery disputes with Colorado City but those attempts failed and thus plaintiff filed the instant motion to compel.[6]

Discussion

Rules 33 and 34, Federal Rules of Civil Procedure, permit each party to serve the opposing party with document requests and interrogatories within the scope of Rule 26(b). The scope of discovery under Rule 26(b) is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b). Rule 33 requires that "[e]ach interrogatory..., to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). When responding to Rule 34 requests, the opposing party "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The opposing party generally has thirty days in which to respond to requests for production and interrogatories. Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). If the opposing party fails to respond, Rule 37(a)(3)(B) provides, in pertinent part, that the "party seeking discovery may move for an order compelling an answer [or]

---

[6]The court is dismayed that this series of discovery disputes was not resolved by the parties or put before the court much earlier.

production[.]" Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Plaintiff argues that Colorado City has failed to provide any documents in response to Requests for Production Nos. 8, 11, 12, 16, 17, 18, 19, 21, 22, 33, 34, 35, 40, 41, 43, 44, 46, 47, 48, 52, 53 & 56 and Interrogatory No. 1. Plaintiff also argues that Colorado City has given evasive or incomplete answers to Interrogatories Nos. 2, 3, 5, 6, 8, 10 & 12 and Request for Production No. 1. And, finally, plaintiff argues that Colorado City's assertion of privilege in connection with Requests for Production Nos. 11, 12, 28 & 45 and Interrogatory No. 5 is inadequate because Colorado City has not produced a privilege log.

<u>Interrogatories Nos. 1, 2, 3, 5 & 12 and Requests for Production Nos. 12, 21, 22, 35, 40, 41, 46, 47, 48, 53 & 56</u>. Colorado City contends that it is working on supplementing its responses to these discovery requests. Colorado City requests that it be given thirty days in which to complete this work.

Colorado City's request is granted in part. Colorado City has twenty-one days from the date of this order in which to supplement its responses to Interrogatories Nos. 1, 2, 3, 5 & 12 and Requests for Production Nos. 12, 21, 22, 35, 40, 41, 46, 47, 48, 53 & 56. To the extent that Colorado City is claiming privilege as to any of these (or any other) discovery requests, Colorado City shall file a privilege log at the same time it serves it supplemental responses.

Failure to file a privilege log by this date will result in a waiver of privilege. Burlington Northern & Santa Fe Ry. Co., 408 F.3d 1142, 1149 (9th Cir. 2005).

Interrogatory No. 6. In this interrogatory, plaintiff asked Colorado City to

> [d]escribe with specificity the CCMO's process for hiring and promoting officers. Your answer should describe with specificity the following: (a) any steps taken by the CCMO to recruit new officers, (b) the selection process for hiring CCMO officers, including identifying the persons responsible for making the hiring decision and the criteria they consider in deciding whom to hire, (c) the process for promoting CCMO officers, including identifying the persons responsible for making promotions and the criteria they consider in deciding whom to promote; (d) any training an individual must fulfill before becoming a CCMO officer; and (e) any role that the FLDS Church or its leaders play in hiring or promotions.[7]

Colorado City responded

> that Colorado City posts new employment opportunities. Applicants then submit an application, which is reviewed by a selection committee, and new hires are then authorized by the Town Council. Promotions are at the discretion of the Marshal. All officers must complete all necessary training and obtain certification by Arizona POST and Utah POST. The FLDS Church does not play any role in the hiring or promotion of any Marshal's Department officers.[8]

Plaintiff argues that this response is deficient because Colorado City

---

[7] Exhibit 1 at 11, United States' Motion to Compel Discovery Responses from the Town of Colorado City under Rule 37(a), Docket No. 357.

[8] Id.

> failed to describe the steps, if any, it takes to recruit new CCMO officers and failed to identify with any specificity the people responsible for hiring CCMO officers other than stating that a "selection committee" does so. It did not describe who the members of the selection committee are or how they are selected. It also did not state what criteria this selection committee uses in hiring CCMO officers or what criteria are used to determine promotions. Furthermore, the Town stated that it "posts new employment opportunities," but it does not describe how or where it does so.[9]

Colorado City's answer was deficient. Colorado City shall provide a more complete response specifically addressing the information that plaintiff contends has not been provided.

> Interrogatory No. 8. In this interrogatory, plaintiff asked Colorado City to
>
> > [i]dentify whether you have received, from January 1, 2005, to the present, any requests for building permits for residential dwellings. For each such request, state (a) the date of the request; (b) the identity of the person(s) or entities who made the request; (c) whether the person or entity making the request was known to you to be affiliated at the time of the request with the FLDS Church; (d) the outcome of the request; and (e) if the request was denied, all reasons given for the denial.[10]

Colorado City originally responded by stating that "it has received requests for building permits for residential dwellings" but it did not provide any other information about any of

---

[9] Id. at 12.

[10] Id. at 14.

the building permits.[11] Colorado City also stated that it "does not know whether any person or entity who requested a building permit for residential dwellings was affiliated with the FLDS Church, as it does not request that information as part of the building permit process."[12] Colorado City has also provided a summary of building permits, which contains the date of the permit request, the name of the applicant, and the outcome of the request and contends that it is working to provide additional summaries. After receiving these additional summaries, if plaintiff still believes Colorado City has failed to fully respond to this interrogatory, it may renew its motion to compel as to this request.

<u>Interrogatory No. 10</u>. In this interrogatory, plaintiff asked Colorado City to

> "[d]escribe with specificity your record-keeping policies, procedures, and methods, in particular with respect to minutes of meetings, electronic mail messages, building permits, budgets, financial expenditures, and police records, including but not limited to arrest reports, citations, incident reports, and internal affairs reports. Your answer should state the method by which such records are organized and archived, how long each type of record is maintained and in what form, whether records are stored electronically, and if so how, including what types of files are maintained, on what type of servers those files are maintained, how those files are organized, searched, and recovered, and who are the custodians responsible for maintaining these records, from January 1, 2001, to present.[13]

---

[11]<u>Id.</u>

[12]<u>Id.</u>

[13]<u>Id.</u> at 16.

Colorado City responded "that it follows the State records retention schedule."[14] Plaintiff argues that this response is deficient because Colorado City did not state where records are stored or who the custodians of the records were.

Ignoring the compound nature of this interrogatory, Colorado City's answer was deficient. Colorado City shall provide the names of its record custodians from January 1, 2001 to present and explain where its records are stored. However, the court will not reopen or extend discovery based upon Colorado City's answer to this interrogatory.

Request for Production No. 1. In this request, plaintiff asked for all the documents Colorado City relied upon to answer plaintiff's interrogatories.[15] Colorado City points out that it has produced over 44,000 documents so far and argues that it does not know how to better respond to this request other than to direct plaintiff to the documents it has already produced. To the extent that Colorado City has not produced documents which it relied upon to answer plaintiff's interrogatories, Colorado City shall do so.

Request for Production No. 8. In this request, plaintiff asked for "[a]ll documents, from January 1, 2005 to the present, relating to any complaints about officer conduct, by or

---

[14]Id.

[15]Exhibit 2 at 3, United States' Motion to Compel Discovery Responses from the Town of Colorado City under Rule 37(a), Docket No. 357.

involving the CCMO or its officers."[16]  Colorado City contends that it has now fully responded to this request, but it is not clear exactly when Colorado City did so.  If these documents were among those just recently produced and if plaintiff finds this production deficient, plaintiff may renew its motion to compel as to this request.

<u>Request for Production No. 11</u>. In this request, plaintiff asked for

> [a]ll documents relating to communications among any of the Defendants named in this action and current or former employees or agents regarding the United States' investigation or lawsuit, including any communications regarding document production, document retention, or document destruction.[17]

Colorado City contends that it searched for documents responsive to this request but was unable to locate any.  Plaintiff contends that it is implausible that Colorado City has no documents responsive to this request, in part because plaintiff is aware that the instant lawsuit was discussed at a town meeting but Colorado City did not produce the minutes from that meeting in response to this request.  Colorado City has now indicated that it will check its records again to see if it has any responsive documents. To the extent that Colorado City finds any responsive documents, it shall produce them.

<u>Requests for Production Nos. 16-19</u>.  In these requests, plaintiff asked, for the time period January 1, 2005 to present, for any applications for building permits, any denials or

---

[16]<u>Id.</u> at 4.

[17]<u>Id.</u> at 6.

rejections of building permits, any voided building permits, and any documents related to voided building permits.[18] Colorado City has produced a summary of building requests for this time period, which contains the date of the request, the name of the applicant, and the outcome of the request. Colorado City contends that to provide more than this summary would require that it pull and review every single property file, which would be unduly burdensome. However, to produce the summary, Colorado City had to either look at all of the property files or produce an incomplete summary. Presuming that Colorado City conducted an adequate search of its records and produced a complete summary, someone knows the location of the documents responsive to this request. Thus, production of the actual documents that plaintiff has requested would not be unduly burdensome. Colorado City shall produce these documents.

Request for Production No. 28. In this request, plaintiff asked for two copies of signatures of various town officials for the period January 1, 2005 to present.[19] Colorado City originally objected to this request because it sought "confidential and privileged information not subject to disclosure without each person's express permission."[20] Colorado City has now agreed to produce copies of the signatures of current town officials, but Colorado City

---

[18] Id. at 11-17.

[19] Id. at 22.

[20] Id.

contends that it cannot provide copies of signatures for former employees as it no longer has any control over those persons. Colorado City cannot be compelled to produce copies of former employees' signatures, but to the extent that it has not already done so, Colorado City shall produce copies of the signatures of current town officials.

Request for Production No. 33. In this request, plaintiff asked for "[a]ll monthly reports, newsletters, community updates, political updates, and crime reports submitted by the CCMO or its officers or employees to the Town or to any of its officials or bodies, between January 1, 2001 and the present."[21] Colorado City contends that it has no documents responsive to this request. Because Colorado City cannot be compelled to produce what does not exist, plaintiff's motion to compel as to this request is denied.

Request for Production No. 34. In this request, plaintiff asked for "[a]ll duty rosters, officer activity logs, watch command logs, or shift summaries of the CCMO or its employees or agents, between January 1, 2010, and the present."[22] Colorado City contends that it has produced all of its call logs and case reports from 2009 through most of 2014 and that it does not maintain separate duty rosters, activity logs, watch command logs, or shift summaries. It is not clear when these documents were produced. If these documents were among those

---

[21] Id. at 24.

[22] Id. at 26.

just recently produced and if plaintiff finds this production deficient, plaintiff may renew its motion to compel as to this request.

Requests for Production Nos. 43 and 44. In Request No. 43, plaintiff asked for all documents relating to policies and procedures regarding part-time employment of Colorado City employees with entities other than Colorado City or the CCMO.[23] In Request No. 44, plaintiff asked for "[a]ll documents from January 1, 2005, to the present that reflect policies and procedures governing the circumstances under which CCMO officers may wear law enforcement uniforms, use CCMO vehicles or equipment, or display credentials or identification while off-duty."[24] Colorado City contends that it has now fully responded to these requests and has produced, among other documents, the CCMO's policies and procedures manual. It is not clear when these documents were produced. If these documents were among those just recently produced and if plaintiff finds this production deficient, it may renew its motion to compel as to these requests.

Request for Production No. 45. In this request, plaintiff asked for

> [a]ll documents from January 1, 2001, to the present reflecting communications between the Defendants, their departments, agents, officers, or employees (including employees of the CCMO), and leaders of the FLDS Church, including FLDS Bishops, Warren Jeffs, Lyle Jeffs, John Wayman, and Rulon Jeffs, in which Town business, including Town elections, hiring of

---

[23]Id. at 35.

[24]Id. at 37.

> Town officials or employees, or other matters consideration by Colorado City Council, were discussed or mentioned.[25]

Colorado City contends that it does not have any documents responsive to this request, other than the communications received from the United States during this litigation. Colorado City also suggests that even if it did have any such documents, they would be privileged communications. Again, Colorado City cannot be compelled to produce what does not exist. But, if Colorado City has documents that are responsive to this request, it shall either produce them or file a privilege log.

Request for Production No. 52. In this request, plaintiff asks for "[a]ll documents, from January 1, 2005, to the present related to requests to provide or supply electricity to residential dwelling units in the Town."[26] Colorado City contends that it has no documents responsive to this request because all requests for electricity were sent to Twin City Power or Garkane Energy. Because Colorado City cannot be compelled to produce what it does not have, plaintiff's motion to compel as to this request is denied.

## Conclusion

Plaintiff's motion to compel[27] is granted in part and denied in part. Colorado City is compelled to provide supplemental responses as set out above on or before August 1, 2014.

---

[25]Id. at 38.

[26]Id. at 45.

[27]Docket No. 357.

To the extent that Colorado City is claiming privilege as to any of the discovery requests that are the subject of the instant motion, it must file a privilege log on or before August 1, 2014, or the privilege will be deemed waived.

Although the close of fact discovery in this case is currently July 31, 2014, and although the court previously warned the parties that an extension of this deadline would likely not be granted,[28] the court will extend the close of fact discovery until August 25, 2014 in order to give plaintiff time to review the supplement responses and to file any necessary motions. If the parties believe any other discovery deadlines should be extended as a result of the extension of fact discovery, they may file a proposed schedule for the court's consideration.

DATED at Anchorage, Alaska, this <u>11th</u> day of July, 2014.

/s/ H. Russel Holland
United States District Judge

---

[28] Order Regarding Discovery Deadlines at 1-2, Docket No. 312.