**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. )
)
TOWN OF COLORADO CITY, ARIZONA; )
*et al.*, )      No. 3:12-cv-8123-HRH
) (Prescott Division)
Defendants. )
_____ )

O R D E R

<u>Motion to Strike Portions of Defendants' Witness Lists</u>[1]

　　　Plaintiff moves to strike witness categories 33-40 and 46-48 from defendant Town of Colorado City's third supplemental trial witness list.  Plaintiff also moves to strike all individuals identified at numbers 73, 74, 77-79, and 80-82 of the Hildale defendants' second amended final witness list.  The motion is opposed by both defendants.  Oral argument has been requested but is not deemed necessary.

　　　Paragraph IV.G of the court's scheduling and planning order provided that:

> 　　G. A final witness list consistent with Rule 26(a)(3)[A](i) and (ii), disclosing all lay and expert witnesses whom a party may wish to call at trial, shall be served and filed not later than: November 15, 2013.  Only those witnesses disclosed in a timely filed witness list will be permitted to testify at trial.  Compliance with Rule 26(a)(3)(iii) will be addressed in an order for final pretrial proceedings and conference.[2]

---

[1]Docket No. 469.

[2]Scheduling and Planning Order (Jan. 16, 2013) at 4, Docket No. 48.

By agreement of the parties and order of the court, the November 15 date was extended to June 30, 2014.[3]  Rule 26(a)(3)(A)(i) and (ii) provides that witness disclosures must include the name, address, and telephone number of each witness, that a party differentiate between those witnesses whom the parties expects to call at trial and those whom it may call at trial, and that the party disclose witnesses whose testimony the party expects to present by deposition, etc.  It is important to note that both the original and the amended date for filing witness lists provided for witness lists to be filed well in advance of the close of discovery.[4]  The obvious purpose of the foregoing was to permit a party receiving a witness list to make a decision, in advance of the close of fact discovery, with respect to deposing the opposing party's witnesses.

Defendants timely filed their final witness lists on June 30, 2014,[5] but those witness lists failed to differentiate between those expected to be called at trial and those whom a defendant might call at trial.  That shortcoming was resolved by notice of amended witness lists filed July 7[6] and July 8,[7] but both lists failed to address the requirement that witnesses be designated by name.  Defendant Colorado City's July 7, 2014, witness list, at categories 33-40, each read:  "representatives of" some entity, such as the Town of Colorado City or

---

[3]Docket No. 312.

[4]Originally, the witness lists were due November 15, 2013, and all discovery was scheduled to close January 31, 2014.  By a March 11, 2014, amendment to the scheduling and planning order, final witness lists were due June 30, 2014, and fact discovery was scheduled to close 30 days later, July 31, 2014.  Docket No. 312.

[5]Notice of Service – Hildale Defendants' Final Witness List, Docket No. 402; Notice of Service – Colorado City's Second Supplemental Trial Witness List, Docket No. 404.

[6]Notice of Service – Colorado City's Third Supplemental Trial Witness List, Docket No. 418.

[7]Notice of Service – Hildale Defendants' Amended Final Witness List, Docket No. 422.

Mohave County Sheriff's Office.[8]  Category 46 refers to any witness who has been deposed; category 47 refers to any individual referenced in any document; and category 48 refers to any individual identified in any discovery response.

The "representative of" disclosures fail to comport with Rule 26(a)(3)(A).  Such categorical disclosures fail to accomplish the primary purpose of disclosing witnesses by name: that is, to make it possible for a party to evaluate whether or not to depose someone who may be called at trial.  Categorical disclosures such as that employed here by defendant Colorado City risk returning the court and parties to the kind of "trial by ambush" which preceded the federal rules.  Defendant Town of Colorado City was expressly put on notice that it might not call witnesses at trial if they were not disclosed in advance of the close of discovery.  Accordingly, Colorado City's categorical designations 33 through and including 40 are stricken.  Colorado City's further categorical descriptions, 47 and 48 ('[a]ny individual referenced in any document" and "[a]ny individual identified in any discovery responses") suffer from the same failings.  These categories do not disclose a witness who may be called at trial.  However, Colorado City's category 46 disclosure ("[a]ny witness who had their deposition taken")  does not present the problem of failed opportunity to depose.  This final disclosure does leave plaintiff in doubt about who among all of the deponents may be called by Colorado City as a witness at trial.  That defect will be resolved by the court's usual requirement in the course of final pretrial proceedings whereby parties are required  to serve a final <u>trial</u> witness list for purposes of assisting both sides in sharpening the focus upon who will actually testify at trial.

The Hildale defendants' July 7, 2014, witness list also contained categorical disclosures at paragraphs 73, 74 (withdrawn), 77-78, 79 (withdrawn), and 80-82. However, as a consequence of plaintiff's prompting, the Hildale defendants filed an August 7, 2014,

---

[8]Motion to Strike Portions of Defendants' Witness Lists, Exhibit 4 (page 48 of 54), Docket No. 469-1.

second amended final witness list which, some three weeks before a new discovery close date of August 25, 2014,[9] identified 118 additional witnesses in place of the categorical disclosures.[10]

In opposing the instant motion regarding the Hildale defendants' witness list, the Hildale defendants call to the court's attention correspondence and e-mail appended to the parties' moving papers[11] which reflect counsel's efforts to resolve plaintiff's complaints about the Hildale defendants' witness list containing categorical disclosures of potential trial witnesses. Those communications reflect that plaintiff called defense counsel's attention to both the "expect to call" and "may call" witness distinctions and the use of categories of witnesses and rather than naming potential witnesses. Plaintiff and the Hildale defendants reached an agreement of sorts as reflected by a July 22, 2014, e-mail.[12] The Hildale defendants were to submit a new witness list, removing the "witness list groups that are not records custodians" or on another party's witness list. Moreover, the agreement was that the Hildale defendants "would make a good faith effort to list people they actually believe they 'may call' and not simply list everyone who made up a group."[13] This e-mail ended with a request that the substitute list be provided "this week" – which would have been the week of July 21, 2014, ending July 25, 2014. That date is important

---

[9]Order Regarding Discovery Deadlines at 14, Docket No. 426.

[10]Id., Exhibit 3, (pages 34-43 of 54), Docket No. 469-1. For example, in place of "representatives of defendant Hildale City," category 73 also listed 11 individuals by name (but without address); in place of "Various Officers from Washington County and/or Mohave County Sheriffs' Office(s)," category 81 now disclosed (often by only first initial and name, but without address) 99 potential witnesses. Other categories were clarified by the designation of one or two potential witnesses: e.g., categories 77, 78, and 82. Other categorical designations were deleted: 87, 88, and 89.

[11]Id., Exhibit 6, (pages 53-54 of 54), Docket No. 469-1

[12]Id., Exhibit 6 (page 53), e-mail from Matthew Donnelly to Jeff Matura and R.Blake Hamilton (July 22, 2014 at 2:52 p.m.), Docket No. 469-1.

[13]Id.

Order – Motion to Strike Portions of Defendants' Witness Lists                                      - 4 -

because discovery would close August 25, 2014.  Thereafter, counsel for plaintiff twice more – on July 29 and August 1 – prompted counsel for the Hildale defendants about the revised witness list.  The Hildale defendants' second amended witness list was not served until August 7, 2014.[14]

In opposing the instant motion, the Hildale defendants argue that plaintiff has failed to comply with the requirements of Arizona Local Rule 7.2(j) which requires that counsel certify their efforts to resolve a discovery dispute prior to initiating motion practice.  The court rejects this argument for two reasons.  First, we are well past the end of fact disclosure.  The parties endeavored to resolve the problem with respect to the Hildale defendants' witness list without court intervention.  Thus the purpose of Rule 7.2(j) was fulfilled.  Second, what is before the court is not a discovery motion.  The dispute here is about the sufficiency of the revised witness list, not whether some discovery should or should not be permitted.  The instant motion has to do with the court's management of this case under Rule 16, Federal Rules of Civil Procedure.

The agreement that plaintiff and the Hildale defendants reached with regard to the witness list had two important components: that the witness list dispute be resolved by the filing of a revised list by July 25 and that the Hildale defendants exercise good faith in restricting the naming of witnesses to those who might be called at trial as opposed to simply naming everyone who fell within a given category.  The Hildale defendants failed to comport with both of those reasonable expectations with regard to its revised witness list.  The revised list was not made available a month before the close of fact discovery and, at least as to category 81 (various officers from the Washington County  and/or Mohave County sheriffs' offices), the revised witness list names 99 people.

---

[14]Motion to Strike Portions of Defendants' Witness Lists, Exhibit 3 (certificate of service, page 44 of 54), Docket No. 469-1.

The Hildale defendants also contend that the August 7, 2014, revised witness list should be considered harmless.  Not so.  Discovery in this case has been lengthy and intense.  It has involved complex scheduling of depositions in order to accommodate witnesses and counsel's schedules, as well as the fact that counsel are based in Phoenix, Salt Lake City, and Washington, D.C.  The Hildale defendants' late disclosure of 118 additional, potential witnesses was unreasonable.

Plaintiff's motion to strike the Hildale defendants' categorical witness disclosures 73, 77-78, and 80-82 is granted.  The Hildale defendants may not call as witnesses at trial any of the persons named in connection with foregoing numbered categorical witness disclosures as set out in the second amended final witness list of August 7, 2014.

DATED at Anchorage, Alaska, this  27th  day of October, 2014.


/s/ H. Russel Holland
United States District Judge