WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>TOWN OF COLORADO CITY, ARIZONA;<br>*et al.*,<br>　　　　　　　　　　　Defendants. | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Motion to Enforce Subpoena[1]

　　　　Defendant City of Hildale ("Hildale") moves for an order requiring non-party United Effort Plan Trust ("the Trust") to respond to a subpoena issued by this court. The motion is opposed. Oral argument has been requested but is not deemed necessary.

　　　　One of plaintiff's claims in this case is interference with fair housing by Hildale. Hildale asserts (and the court believes based on earlier information in this case) that the Trust owns much of the property in Colorado City and Hildale. Alleged victims' houses may be on property owned by the Trust. By a subpoena issued on July 29, 2014, Hildale sought production from the Trust of six categories of documents.[2] The subpoena was served on the Trust on August 7, 2014, and required production of documents to be made at the offices of Hildale's attorney in Salt Lake City, Utah, by August 20, 2014. By letter of August 20, 2014, the trust objected to the subpoena. Hildale responded to the objection,

---

　　　[1]Docket No. 471.

　　　[2]Hildale Defendants' Motion to Compel the United Effort Plan Trust to Produce Documents in Response to Subpoena, Exhibit A (page 4 of 4), Docket No. 471-1.

Order – Motion to Enforce Subpoena　　　　　　　　　　　　　　　　　　　　　　- 1 -

demanded production of all the documents requested, and stated that a motion to compel would be filed on September 15, 2014, and the instant motion was filed on that day. In the meantime, the Trust had produced 804 pages of documents in response to the subpoena. The Trust believes that it has complied with requests 1 and 3 through 6. The outstanding request, request 2, has to do with Jethro Barlow's notes from any meeting he attended on behalf of the Trust.

Hildale asserts that the instant motion is brought pursuant to Rule 37, Federal Rules of Civil Procedure, and Local Rule 37.1. However, it is Rule 45 that governs the enforcement of third-party subpoenas. Rule 45(d)(2)(B) addresses the subject of objections to subpoenas such as that made by the Trust. Here, the trust timely objected to Hildale's subpoena. Pertinent to what is before the court, Rule 45(d)(2)(B) provides:

> If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

In this instance, the "commanded person" is the Trust; the "serving party" is Hildale; and the "district where compliance is required" is Utah.

As Rule 45(d)(2)(B)(ii) recognizes, the purpose of 2013 revisions to Rule 45 are aimed at protecting persons such as the Trust who are neither parties nor affiliated with a party from incurring significant expense in complying with a subpoena. The above-quoted portions of Rule 45(d) make it clear that a motion to compel production pursuant to a third-party subpoena is to be filed in "the district where compliance is required." As set out above, compliance in this instance was to be at the offices of Hildale's counsel in Salt Lake City, Utah. Rule 45(d)(2)(B)(i) authorizes the type of motion before the court; but the motion has been filed in the wrong court.

Hildale points out that Rule 45(f) makes provision for transferring of a subpoena-related motion from the court where compliance is specified to the issuing court. This

Order – Motion to Enforce Subpoena                                                         - 2 -

provision, first and foremost, does not alter the rule which requires that a motion to enforce a subpoena be first filed in the district where compliance is required. That district (in this instance, Utah) may transfer subpoena enforcement proceedings to the issuing court "if the person subject to the subpoena consents or if the [Utah] court finds exceptional circumstances."[3] In this instance, the Trust has not consented to a transfer of a motion to enforce a subpoena to this court. Whether or not there are exceptional circumstances is for the court where compliance is required to decide.[4]

The motion to compel the United Effort Plan Trust to produce documents in response to Hildale's subpoena is denied.

DATED at Anchorage, Alaska, this  27th  day of October, 2014.

/s/ H. Russel Holland
United States District Judge

---

[3]The Advisory Committee notes with respect to Rule 45(f) expands upon both the subsection (f) procedure and the reasons for it.

[4]In this respect, the 2013 Advisory Committee notes expressly state that "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related matters." Indeed, the Trust's long history of supervision by Utah courts suggests that a Utah court may be in a better position to evaluate enforcement of the Hildale subpoena than this court.