WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　)
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
TOWN OF COLORADO CITY, ARIZONA;　　　)
*et al.*,　　　　　　　　　　　　　　　)　　No. 3:12-cv-8123-HRH
　　　　　　　　　　　　　　　　　　　)　　(Prescott Division)
　　　　　　　　　　　　Defendants.　　)
_____)

O R D E R

Motion to Compel Production of Documents[1]

Defendant Town of Colorado City ("Colorado City") seeks the enforcement of a Rule 45 subpoena issued by this court seeking production of documents from the Arizona Attorney General's Office. The motion is opposed.

In responding to the foregoing motion, the State of Arizona moves to quash the subpoena in question.[2] That motion is also opposed. Oral argument has been requested as to both motions but is deemed unnecessary.

State's Motion to Quash

The quashing of a federal court subpoena is procedurally governed by Rule 45(d)(3)(A).[3] Subsection (d)(3)(A) provides: "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies...." The

---

[1] Docket No. 472.

[2] Docket No. 478.

[3] Subsections (d)(3)(B) and (C) of Rule 45 have to do with circumstances not relevant here.

subpoena in question required the Arizona Attorney General's Office to produce documents for Colorado City's counsel in Phoenix by August 25, 2014. The State of Arizona timely objected to the subpoena. Communications between the relevant parties failed to resolve the disagreements, and Arizona's motion to quash was filed September 15, 2014. Colorado City argues that the State of Arizona's motion to quash was untimely. This court joins other courts in holding that the "timely" requirement of subsection (d)(3)(A) requires that a motion to quash be filed before the date for compliance stated in the subpoena. <u>King v. Fidelity Nat'l Bank of Baton Rouge</u>, 712 F.2d 188, 191 (5th Cir. 1983); <u>Anderson v. Abercrombie & Fitch Stores, Inc.</u>, 6 CV 991-WQH (BLM) 2007 WL 1994059 at *8 (S.D. Cal. July 2, 2007). The State of Arizona's motion to quash subpoena is denied.

Motion to Compel

Again, Colorado City seeks to compel the production of documents believed to be in the possession and control of the Arizona Attorney General's Office. A detailed description of the documents sought is contained in an exhibit appended to the subpoena.[4] Four categories of documents are sought. The first two categories have to do with an Arizona grant of immunity to Helaman Barlow. The third category of documents sought was communications between the Arizona Attorney General's Office and Mr. Barlow and his attorneys regarding the Town of Colorado City, its marshal's department, and/or the United States Department of Justice. The fourth category seeks various forms of communications regarding Colorado City and its marshal's department which were sent to or from the Arizona Attorney General's Office and fourteen named individuals, any representative or agent of the Department of Justice, and any representative or agent of the United Effort Plan Trust ("the Trust"). The exhibit concludes with a request for a privilege log in the event any privilege was claimed by the State of Arizona.

---

[4]Motion to Compel Production of Documents, Exhibit 1 (pages 5 and 6 of 22), Docket No. 472-1.

Order – Motion to Compel Production of Documents - 2 -

This case involves civil rights of identified individuals based upon the Fair Housing Act, 42 U.S.C. § 3601, et seq., and police misconduct based upon 42 U.S.C. § 14141. The State of Arizona has parallel proceedings underway involving Arizona Fair Housing requirements. The Arizona proceedings are and have for a considerable period of time been before a state grand jury. The court understands that in connection with the grand jury proceedings, Mr. Barlow has been granted immunity and that he is represented in connection with the state grand jury proceedings by Lamar Winward and Jay Winward, both of whom are named in the first and third categories of documents sought by the subpoena in question. The fourteen individuals named in the fourth category have been designated by plaintiff in this case as victims of plaintiff's housing and policing claims. Inasmuch as the State of Arizona is investigating those same problems, it is reasonable to infer that the fourteen named individuals are potential victims under the Arizona Fair Housing laws and persons who are connected with the Arizona grand jury investigation of the state's fair housing problem. Inasmuch as the Trust owns much of the property in Colorado City and, in connection therewith, interacts with the victims of the federal plaintiff's claims, it stands to reason that the Trust is an entity of interest in connection with the Arizona grand jury proceedings.

Arizona law makes it unlawful to disclose grand jury proceedings. A.R.S. § 13-2812 provides in pertinent part that:

> A. A person commits unlawful grand jury disclosure if the person knowingly discloses to another the nature or substance of any grand jury testimony or any decision, result or other matter attending a grand jury proceeding, except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice.

Plainly the situation before the court does not involve the discretionary disclosure of grand jury proceedings by state prosecutors. The court reads the last clause of the above statue as making it permissible for the Arizona court supervising grand jury proceedings to

authorize release of grand jury proceedings in the furtherance of justice. There is no suggestion here that Colorado City has made any application to the Arizona court for release of grand jury proceedings. Rather, what is before the court on the instant motion is the question of whether or not the four categories of communications sought by Colorado City by the instant subpoena constitute matters "attending a grand jury proceeding."

Colorado City contends that it does not seek documents protected by the grand jury privilege. Colorado City misunderstands the reach of A.R.S. § 13-2812. Mr. Barlow is plainly a person of interest before the state grand jury; and communications involving Mr. Barlow, his attorneys, and any form of the Barlow immunity agreement are documents associated with the state grand jury proceedings and are protected by A.R.S. § 13-2812.

The breadth of the grand jury privilege created by Section 13-2812 is demonstrated by the holdings of the Arizona court of appeals in Samaritan Health System v. Superior Court, 895 P.2d 131 (Ariz. Ct. App. 1994). Samaritan makes it clear that the grand jury privilege extends to documents never reviewed by the grand jury. The Barlow immunity agreement would likely not have been seen by the grand jury, nor would the grand jury have been privy to the correspondence between the Arizona Attorney General's Office, Barlow, and his attorneys. Nevertheless, all of the foregoing are "matters attending" (that is, pertaining to) grand jury proceedings. The Arizona Attorney General's Office's communications, if any, with the fourteen victims identified by the plaintiff in this case are likewise protected by A.R.S. § 13-2812. In Samaritan, the Arizona Court of Appeals recognizes that:

> ...persons named in documents preliminarily reviewed by the prosecutor but not presented to the grand jury are as much entitled to protection as those not accused after grand jury review and return of a no bill. Finally, Samaritan and others whose assistance is sought in the preliminary investigative phase might be less cooperative if secrecy could not be assured.

Samaritan, 895 P.2d at 133.

If and to the extent that the Arizona Attorney General has communicated with Mr. Barlow and his criminal defense attorneys or the fourteen named victims, they are entitled to secrecy with respect to such communications in furtherance of the prosecutor's legitimate need to protect the nature and source of grand jury information and proceedings.

Colorado City – by category IV.15 of the subpoena in question – seeks communications between the Arizona Attorney General's Office and the United States Department of Justice. The State of Arizona contends that the communications are protected as a matter of law by the common interest privilege. The Ninth Circuit Court of Appeals recognizes that the joint interest of parties such as the United States and the State of Arizona is a form or extension of the attorney-client privilege. The reach of this privilege is explained by the Ninth Circuit as follows:

> "Whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims."

<u>United States vs. Gonzalez</u>, 669 F.3d 974, 978 (9th Cir. 2012) (<u>quoting</u> <u>In re Grand Jury Subpoenas</u>, 902 F.2d 244, 299 (4th Cir. 1990)) (internal citations omitted). No written agreement between persons sharing a common interest is required. <u>Id.</u> at 979. Here, there is clearly a common interest between the Arizona Attorney General and the United States Department of Justice. They are both pursuing possible civil rights violations by the Colorado City defendants in this case.

As Colorado City points out, the Arizona Attorney General did not provide a privilege log describing documents covered by the subpoena which were not produced. Rule 45(e)(2)(A) provides that:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> ....
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

The Arizona Attorney General argues that it cannot describe the nature of the information which is being withheld beyond advising that the documents withheld involve sensitive law enforcement materials relevant to and attending an ongoing judicial proceeding.[5]  In light of the broad protection afforded grand jury proceedings by Arizona law, the court holds that Arizona's explanation that the documents sought are matters attending a grand jury proceeding is sufficient.

Colorado City's last-minute and on short notice attempt to invade the Arizona grand jury proceedings must fail because of A.R.S. § 13-2812 and the joint prosecution or common interest privilege.  However, the subpoena in question is directed to the Arizona Attorney General.  The court understands that, as is the case in many jurisdictions, the Arizona Attorney General's Office has two departments or divisions, one civil and the other criminal.  What is protected in this case is the Arizona grand jury proceedings and the common interest of the United States and the State of Arizona in vindicating civil rights.  If and to the extent that the extent that the civil division of the Arizona Attorney General's Office has become involved in matters covered by the Colorado City subpoena, the Arizona Attorney General must produce the subpoenaed records or a privilege log by November 14, 2014.

---

[5]State of Arizona's Opposition to Colorado City's Motion to Compel at 15, Docket No. 478.

The motion to compel production of documents is denied as to the Arizona Attorney General's criminal division and granted as to the Arizona Attorney General's civil division. Arizona's motion to quash subpoena is denied.

DATED at Anchorage, Alaska, this  27th  day of October, 2014.

/s/ H. Russel Holland
United States District Judge