**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,      )
                               )
                   Plaintiff,  )
                               )
    vs.                        )
                               )
TOWN OF COLORADO CITY, ARIZONA;  )
*et al.*,                         )       No. 3:12-cv-8123-HRH
                               )        (Prescott Division)
                 Defendants.  )
_____)

O R D E R

Motion to Compel[1]

Plaintiff moves pursuant to Rule 37(a), Federal Rules of Civil Procedure, for an order compelling defendants Town of Colorado City ("Colorado City") and City of Hildale ("Hildale"), Twin City Power, and Twin City Water Authority to produce minutes from executive session meetings of their respective councils or boards. The motion is opposed by the defendants. The defendants jointly have moved[2] to strike a supplemental filing by plaintiff in furtherance of the provisions of Local Rule 37.1(a). This motion is also opposed. Oral argument has been requested on the plaintiff's main motion but is not deemed necessary.

Plaintiff served the defendants with requests for production of documents pursuant to Rule 34, Federal Rules of Civil Procedure. Each of the requests sought "minutes of all

---

[1]Docket No. 470.

[2]Docket No. 493.

Order – Motion to Compel                                        - 1 -

meetings" or "all minutes of meetings" between specified dates.[3]  By its motion to compel, plaintiff has revised the scope of its requests to January 1, 2005 (instead of January 1, 2001), to present.  The defendants responded by producing minutes; but in doing so, each of them withheld minutes of executive sessions of the several councils and boards.

Each of Colorado City and Hildale has responded to the motion to compel.[4]  Hildale is joined in its response by the power and water authorities.  All of the defendants argue that plaintiff's motion violates Local Rule 37.1.  Employing somewhat different words, both responses contend that plaintiff did not request minutes of executive sessions.  Hildale and the utilities argue in the alternative that executive session minutes are protected and privileged.  Colorado City argues that what plaintiff "actually wants" is to compel further deposition responses from town employees.[5]  Like its co-defendants, Colorado City also argues that executive session minutes may not be disclosed under Arizona law, the deliberative process privilege, the attorney-client privilege, or the work product doctrine.

The court first addresses the subsidiary motion to strike.

When filing its motion to compel, plaintiff in fact failed to include with its memorandum the attachment required by Local Rule 37.1.  It has been suggested that omission of the attachment was a deliberate ploy that prejudiced the defendants.

Plaintiff's motion to compel in fact makes express reference to "the L.R. Civ. 37.1(a) Attachment."[6]  It is clear that plaintiff intended to comply with Rule 37.1, and the absence of the required attachment did not come to the attention of plaintiff's counsel until the

---

[3]Docket No. 492 (pages 2 through 5).

[4]Docket Nos. 487 and 489.

[5]Colorado City's Response to the United States' Motion to Compel Defendants under Rule 37(a) at 1, Docket No. 489.

[6]United States' Motion to Compel Against Defendants under Rule 37(a) at 2, Docket No 470.

Order – Motion to Compel                                                                                                    - 2 -

defendants responded and complained. Plaintiff then promptly made the requisite filing.[7] The initial absence of the required attachment was plainly an administrative oversight. There is no harm to the defendants. It is clear from the parties' briefing that everyone understands what this motion is about. Defendants were not misled because of the absence of the attachment until after their responses were filed. Defendants do not suggest that their responses would have been any different had they received the attachment prior to responding.

The joint motion[8] to strike the United States' Local Rule 37.1(a) attachment is denied.

The defendants' contention that plaintiff never requested the minutes of executive sessions fails for two reasons. First, it is clear from the parties' filings that there were extensive discussions between the parties in an effort to resolve the instant disagreement about the production of meeting minutes. In the course of those discussions, defendants came to know, beyond any question, that it was minutes of executive sessions that were being sought. After considering plaintiff's arguments for production, the defendants declined to do so, and the motion to compel followed. Second, plaintiff's Local Rule 37.1 attachment makes it clear that the defendants were called upon in the first instance to produce "all" minutes.

Colorado City contends that what plaintiff really wants is further deposition responses. That is not what plaintiff is requesting. That is not what plaintiff's Rule 34 requests sought.

The issues of substance presented by the motion to compel have to do with the federal law of privileges and local law with respect to the release of records such as minutes of executive sessions. The analysis starts with Rule 501, Federal Rules of Evidence, which provides:

---

[7]Docket No. 492.

[8]Docket No. 493.

> The common law – as interpreted by United States courts in the light of reason and experience – governs a claim of privilege unless any of the following provides otherwise:
>
> • the United States Constitution;
>
> • a federal statute; or
>
> • rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

The instant motion to compel does not raise a constitutional issue; nor does it directly involve a federal statute or rules of the Supreme Court. This is a civil case, but it is one governed by federal statutes having to do with fair housing and policing. Thus the federal common law with respect to privileges applies in this case. "'[S]ince the adoption of the Federal Rules of Evidence, courts have uniformly held that federal common law of privilege, not state law, applies.'" United States v. Blackman, 72 F.3d 1418, 1423 (9th Cir. 1995) (quoting United States v. Sepenuk, 864 F. Supp. 1002, 1004 n.1 (D. Or. 1994)). There is no federal privilege with respect to the protection of minutes of executive sessions; although, as discussed below, other federally recognized privileges may come into play in this case.

If the court were to look to state law for guidance on the subject of whether or not minutes of executive sessions are privileged records, the answer would be there is no such privilege. Minutes of executive sessions of deliberative bodies are protected in both Arizona and Utah; but the minutes are not privileged.

A.R.S. § 38-431.03(B) provides for the confidentiality of minutes of and discussions made in executive sessions. Utah Code Annotated § 52-4-206(5) provides for the protection of recorded or written minutes of executive sessions. The Arizona law "prohibit[s] voluntary public disclosure [but] not disclosure pursuant to a legitimate legal inquiry." United States v. Phoenix Union High School Dist., 681 F.2d 1235, 1236 (9th Cir. 1982).

Similarly the Utah statute does not make executive session minutes privileged.  Indeed, Utah law makes express provision for the disclosure of protected records, "to the federal government ... if the requesting entity ... enforces, litigates, or investigates civil, criminal, or administrative law, and the record is necessary to a proceeding or investigation[.]" Utah Code Ann. § 63G-2-206(1)(b).  Here, the federal government is investigating and seeks to enforce federal fair housing and policing laws.  The records which plaintiff seeks may be relevant evidence of the alleged entanglement of the defendants with the FLDS Church.  Thus, even if the court were to be guided by state law with respect to the production of executive session minutes, the laws of Arizona and Utah do not in this instance foreclose production of executive session minutes.

Although there is no privilege for executive session minutes per se, the parties aptly discuss the possible application of the attorney-client privilege, the work product privilege, and the deliberative process privilege.  As to these, defendants appear to concede that none of these privileges protect all executive session minutes in their entirety.

Taking first the attorney-client privilege, it has no application to executive session minutes when no attorney is present.  Likewise the mere presence of an attorney does not render executive session minutes privileged.   Rather, it is the seeking and rendering of advice of counsel which is protected.  Brandon v.  Liddy, No. CV-12-788-PHX-FJM, 2013 WL 3512300, at *1 (D. Ariz. July 11, 2013).  To the extent that an executive session or portion thereof involved a board or council receiving legal advice, those minutes are privileged.

The work product privilege flows from the attorney-client privilege and protects documents prepared in anticipation of litigation or for trial.  United States v.  Richey, 632 F.3d 559, 567 (9th Cir.  2011).  If (as a part of or appended to executive session minutes) there are attorney work product documents, they are privileged.

Finally, there is a deliberative process privilege – but it is a qualified privilege if the need for disclosure outweighs the need for secrecy.  FTC v.  Warner Commc'n, Inc.,

742 F.2d 1156, 1161 (9th Cir. 1984).   The instant case is a classic example of the circumstances under which the deliberative process privilege is overcome because the United States seeks to enforce federally protected civil rights.  See United States v. Irvin, 127 F.R.D. 169, 173-74 (C.D. Cal.  1989) (finding that deliberative process privilege was overridden where it conflicted with the enforcement of federal civil rights laws).

Here, because the United States is seeking the enforcement of federal civil rights statutes, the executive session privilege claimed by defendants must give way.  As already suggested, it is the entanglement of the defendants with the dictates of the FLDS Church which are at the heart of this litigation; and evidence of that contention may be in the minutes of executive sessions of the defendants' councils and boards.

The defendants' joint motion to strike[9] is denied.  Plaintiff's motion to compel[10] is granted.  Defendants shall produce for plaintiff the minutes of the executive sessions of their respective councils and boards which took place between January 1, 2005, and the present.  Each of the defendants shall provide plaintiff with a privilege log as to any minutes or portions of minutes or attachments thereto which are not produced based upon the attorney-client or work product privileges.  Production shall be accomplished on or before November 17, 2014.

DATED at Anchorage, Alaska, this   27th   day of October, 2014.


/s/ H. Russel Holland
United States District Judge

---

[9]Docket No. 493.

[10]Docket No. 470.