WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br> vs.<br><br>TOWN OF COLORADO CITY, ARIZONA;<br>*et al.*,<br><br>       Defendants. | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Third Motion to Compel Deposition Testimony[1]

Now before the court is plaintiff's third motion to compel deposition evidence. The motion is opposed by the Hildale defendants. Oral argument has been requested, but is not deemed necessary.

By two previous orders on motions to compel deposition testimony,[2] the court has ordered reopening of depositions taken by plaintiff. The motion now before the court raises the same issues as to Officer Curtis Cooke, whose deposition testimony was not the subject of either of the previous orders.

On June 21, 2012, plaintiff, the United States of America, commenced this action against defendants The Town of Colorado City, Arizona; City of Hildale, Utah; Twin City Power; and Twin City Water Authority, Inc. Plaintiff alleges that "[d]efendants have

---

[1]Docket No. 473.

[2]Docket Nos. 205 and 322.

Order – Third Motion to Compel Deposition Testimony        - 1 -

engaged in a pattern or practice of illegal discrimination against individuals who are not members of the Fundamentalist Church of Jesus Christ of Latter-day Saints ("FLDS")."[3] Plaintiff alleges that defendants "have acted in concert with FLDS leadership to deny non-FLDS individuals housing, police protection, and access to public space and services."[4]

As was the case in the two earlier motions to compel deposition testimony, Officer Cooke has declined to answer questions having to do with his FLDS membership, the United Order, FLDS leaders and their directives, communications with fugitive Warren Jeffs, the United Effort Plan Trust (the "Trust"), and FLDS church security.[5]

Plaintiff argues that the court's disposition of earlier motions to compel deposition testimony should control disposition of the instant motion.  The Hildale defendants argue that the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, and decisions based upon that act control and should lead to denial of plaintiff's motion to compel.  The Hildale defendants argue that requiring Officer Cooke to answer the questions which he refused to answer based upon First Amendment rights would substantially burden his religious beliefs, and that his religious beliefs are sincere and would be violated by answering the questions to which he took exception.  The Hildale defendants also argue that plaintiff has no compelling governmental interest in the answers it seeks, and that plaintiff has not employed the least restrictive means of furthering its interests.

The Hildale defendants' arguments based upon the Religious Freedom Restoration Act are neither instructive nor helpful because the court has employed in its two previous orders on motion to compel deposition testimony and will apply here the same strict scrutiny test that is embodied in the Religious Freedom Restoration Act.  Summarizing what

---

[3]Complaint at 2, ¶ 4, Docket No. 1.

[4]Id.  (footnote omitted).

[5]See plaintiff's L.R. Civ. 37.1(a) attachment, Docket No. 473-1.

Order – Third Motion to Compel  Deposition Testimony                                             - 2 -

the court has previously held, the party asserting a First Amendment privilege (here Cooke) must first make a <u>prima facie</u> showing of a First Amendment infringement. He must show that requiring answers to questions will result in harassment or other consequences. If that <u>prima facie</u> showing is made, the plaintiff then has the burden of demonstrating that the information sought through discovery is rationally related to a compelling government interest and that the discovery sought is the least restrictive means of obtaining the information. See <u>Perry v. Schwarzenegger</u>, 591 F.3d 1147, 1160-62 (9th Cir. 2010).

In an affidavit in support of the instant motion, Cooke avers that "I have made religious vows not to discuss matters related to the internal affairs or organization of the Fundamentalist Church of Jesus Christ of Latter-day Saints."[6] Cooke further status that if he answers the plaintiff's questions, "others would be less likely to associate with the church[,]" and "less likely to associate with me and harm my relationship with my God."[7]

Officer Cooke's showing of harassment or other consequences is weak. It is not at all clear that his vow is something more than a self-imposed, testimony avoidance technique, as opposed to a tenet of his church. His showing of adverse consequences is both speculative and conclusory. Assuming, however, that the requisite <u>prima facie</u> showing has been made, the court again finds that plaintiff has a compelling governmental interest in obtaining the answers to questions which it seeks. Plaintiff alleges that the defendants have engaged in a pattern or practice of illegal discrimination against non-FLDS members, and that defendants have acted in concert with the FLDS leadership to deny non-FLDS individuals housing and police protection. Plaintiff seeks to enforce the civil rights of non-FLDS members and has a compelling interest in doing so. Eradication of

---

[6]Hildale Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Deposition Evidence, Exhibit B – Affidavit of Curtis Cooke (page 2 of 4), Docket No. 490-2.

[7]<u>Id.</u> (page 3 of 4).

discrimination, the enforcement of civil rights laws, are compelling governmental interests. They are important public goals.

Officer Cooke is or was a law enforcement officer employed in the cities' marshal's office. The conduct of the defendant cities' marshals and their interaction with the FLDS church, its officials, and its associated entities and with non-FLDS residents of the cities are critical to understanding how the FLDS church and defendants interact. What the law enforcement officers of the cities know and how the FLDS church and the defendants interact in the performance of city functions is highly relevant.

In its earlier orders, the court has instructed plaintiff to focus its inquiries on the interactions between the defendants and their employees and the FLDS church and its members. It is those interactions that are highly relevant to the plaintiff's claims. The questions posed by counsel for plaintiff reasonably adhere to the court's earlier instructions, and the questions posed to Officer Cooke were rationally related to the plaintiff's compelling governmental interest in the protection of civil rights.

The court rejects the Hildale defendants' contention that plaintiff's inquiries are not the least restrictive means of obtaining the desired information. To be sure, plaintiff has examined other deponents on the subjects which plaintiff seeks to explore with Officer Cooke; but these deponents are not fungible. What Cooke as a police officer knows about the interactions between the FLDS Church and the defendants is unique.

Plaintiff seeks an award of attorney fees in connection with the instant motion. The court has not heretofore entered an order requiring Officer Cooke to respond to questions that he did not answer. Plaintiff's request for attorney fees is denied at this time.

Plaintiff's motion to compel[8] is granted.  Plaintiff may re-notice Officer Cooke's deposition.  Officer Cooke shall attend the deposition and answer the questions to which he previously took exception as well as related follow-up questions.

DATED at Anchorage, Alaska, this  28th  day of October, 2014.

/s/ H. Russel Holland
United States District Judge

---

[8] Docket No. 473.