WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>TOWN OF COLORADO CITY, ARIZONA;  )<br>*et al.*,  )<br>)<br>Defendants.  )<br>_____) | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Fourth Motion to Compel Deposition Testimony[1]

Now before the court is plaintiff's fourth motion to compel deposition evidence. The motion is opposed by defendant Colorado City. Oral argument has been requested, but is not deemed necessary.

By three previous orders on motions to compel deposition testimony,[2] the court has ordered reopening of depositions taken by plaintiff. The motion now before the court raises the same issues as the three prior motions and orders, but this time as to Vergel Steed. Mr. Steed's earlier deposition testimony reflects that he formerly sat on the Colorado City town council as well as the board of defendant Twin City Power.

On June 21, 2012, plaintiff, the United States of America, commenced this action against defendants The Town of Colorado City, Arizona; City of Hildale, Utah; Twin City

---

[1]Docket No. 474.

[2]Docket Nos. 205, 322, and the court's order on third motion to compel (ruling on the motion at Docket No. 473 with respect to Officer Cooke, issued concurrent herewith).

Order – Fourth Motion to Compel  Deposition Testimony                                         - 1 -

Power; and Twin City Water Authority, Inc.  Plaintiff alleges that "[d]efendants have engaged in a pattern or practice of illegal discrimination against individuals who are not members of the Fundamentalist Church of Jesus Christ of Latter-day Saints ("FLDS")."[3] Plaintiff alleges that defendants "have acted in concert with FLDS leadership to deny non-FLDS individuals housing, police protection, and access to public space and services."[4]

As was the case with deponents who were the subject of the three earlier motions to compel deposition testimony, Mr. Steed has declined to answer questions having to do with the United Order, FLDS leaders and their directives, the United Effort Plan Trust (the "Trust"), and church security.[5]

Plaintiff argues that the disposition of earlier motions to compel deposition testimony should control disposition of the instant motion.  Colorado City argues (as did Officer Cooke) that the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, and decisions based upon that act control and should lead to denial of plaintiff's motion to compel.  Colorado City argues that requiring Mr. Steed to answer the questions which he refused to answer based upon First Amendment rights would substantially burden his religious beliefs, and that his religious beliefs are sincere and would be violated by answering the questions to which he took exception.  Colorado City also argues that plaintiff has no compelling governmental interest in the answers it seeks, and that plaintiff has not employed the least restrictive means of furthering its interests.

Colorado City's arguments based upon the Religious Freedom Restoration Act are neither instructive nor helpful because the court has employed in its two previous orders on motion to compel deposition testimony and will apply here the same strict scrutiny test that is embodied in the Religious Freedom Restoration Act.  Summarizing what the court

---

[3]Complaint at 2, ¶ 4, Docket No. 1.

[4]Id. (footnote omitted).

[5]See plaintiff's L.R. Civ. 37.1(a) attachment, Docket No. 474-1.

has previously held, the party asserting a First Amendment privilege (here Steed) must first make a prima facie showing of a First Amendment infringement. He must show that requiring answers to questions will result in harassment or other consequences. If that prima facie showing is made, the plaintiff then has the burden of demonstrating that the information sought through discovery is rationally related to a compelling government interest and that the discovery sought is the least restrictive means of obtaining the information. See Perry v. Schwarzenegger, 591 F.3d 1147, 1160-62 (9th Cir. 2010).

In an affidavit in support of the instant motion, Mr. Steed avers that "I have made religious vows not to discuss matters related to the internal affairs or organization of the Fundamentalist Church of Jesus Christ of Latter-day Saints."[6] These are the exact same words that appear in a similar affidavit, that of Officer Cooke.[7] It seems unlikely that both Mr. Steed and Officer Cooke would employ the very same words in the same sequence if these statements were their own as opposed to being written by someone else. As did Cooke, Steed also avers that if he were required to answer the questions put to him about internal affairs of the church, "others would be less likely to associate with the church." Again, these are the same words employed by the Cooke affidavit.

If the foregoing were the totality of Steed's showing in support of a prima facie showing of First Amendment infringement, the court would find – as it did with Cooke – that Steed's affidavit was self-serving, speculative, and conclusory. However, Mr. Steed submits a whole lot more evidence in the form of testimony taken in an evidentiary hearing before United States Magistrate Judge Furse in the Utah District Court in connection with a disagreement involving the Department of Labor. The distinctions that Mr. Steed makes in that testimony – between commercial matters that are not protected by the First

---

[6] Colorado City's Response to the United States' Motion to Compel Deposition Evidence, Exhibit 2 – Affidavit of Vergel Steed (page 13 of 45), Docket No. 486-1.

[7] Hildale Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Deposition Evidence, Exhibit B – Affidavit of Curtis Cooke (page 2 of 4), Docket No. 490-2.

Order – Fourth Motion to Compel Deposition Testimony                                                      - 3 -

Amendment and matters that he considers to be sacred and protected by the First Amendment – are difficult to understand, some might say illogical. Nevertheless, the overall impression created by Steed's testimony is that he sincerely believes what he says. Mr. Steed has made the necessary prima facie showing that plaintiff's questions infringe upon his First Amendment rights. Thus, plaintiff has the burden of demonstrating that Mr. Steed should nonetheless be required to answer the questions put to him.

Plaintiff alleges that the defendants have engaged in a pattern or practice of illegal discrimination against non-FLDS members, and that defendants have acted in concert with the FLDS leadership to deny non-FLDS individuals housing and police protection. In this action, plaintiff seeks to enforce the civil rights of non-FLDS members and has a compelling interest in doing so. Eradication of discrimination, the enforcement of civil rights laws, are compelling government interests. They are important public goals.

Mr. Steed was previously a member of the Colorado City town council and a board member of defendant Twin City Power. The conduct of defendant Colorado City's officials and employees and their interaction with the FLDS church, its officials, and its associated entities are critical to understanding how the FLDS church and defendants interact. What the officers and employees of Colorado City know and how the FLDS church and the defendants interact in the performance of city functions is highly relevant.

In its earlier orders, the court has instructed plaintiff to focus its inquiries on the interactions between the defendants' officers and employees and the FLDS church and its members. The questions posed by counsel for plaintiff to Mr. Steed reasonably adhere to the court's earlier instructions and the questions posed to Mr. Steed were rationally related to the plaintiff's compelling governmental interest in the protection of civil rights.

The court rejects Colorado City's contention that plaintiff's inquiries are not the least restrictive means of obtaining the desired information. To be sure, plaintiff has examined other deponents on the subjects that plaintiff seeks to explore with Mr. Steed; but these

deponents are not fungible. What Mr. Steed as a city councilman and/or Twin City Power board member knows about the interactions between the FLDS church and the defendants is unique.

Plaintiff's motion to compel[8] is granted. Plaintiff may re-notice Mr. Steed's deposition. Mr. Steed shall attend the deposition and answer the questions to which he previously took exception, as well as related follow-up questions.

DATED at Anchorage, Alaska, this  28th  day of October, 2014.

/s/ H. Russel Holland
United States District Judge

---

[8] Docket No. 474.