Jeffrey C. Matura, State Bar No. 019893
Asha Sebastian, State Bar No. 028250
**Graif Barrett & Matura, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: (602) 792-5700
Facsimile: (602) 792-5710
jmatura@gbmlawpc.com
asebastian@gbmlawpc.com

Attorneys for Defendant Town of Colorado City, Arizona

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Town of Colorado City, Arizona; City of Hildale, Utah; Twin City Power; and Twin City Water Authority, Inc.,<br><br>　　　　　Defendants. | Case No. CV-12-8123-PCT-HRH<br><br>**DEFENDANT TOWN OF COLORADO CITY'S RESPONSE TO THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON COLLATERAL ESTOPPEL**<br><br>**(Oral Argument Requested)** |

Defendant Town of Colorado City requests that this Court deny the United States' motion for partial summary judgment on its fair housing claim based upon collateral estoppel for the following reasons:

- The United States' fair housing claim and the fair housing claim in the Cooke case are not identical.[1]
- The portion of the United States' fair housing pattern or practice claim under 42 U.S.C. § 3604(a) was not actually litigated in the Cooke case because Colorado City obtained summary judgment on that claim.

---

[1] The "Cooke case" refers to a separate lawsuit before Senior Judge James Teilborg in this District, captioned as Ronald and Jinjer Cooke and State of Arizona v. Town of Colorado City, et al., No. 3:10-cv-08105 (D. Ariz.).

- The portion of the United States' fair housing pattern or practice claim under 42 U.S.C. § 3617 was not actually litigated in the Cooke case because the scope, evidence, and arguments are different.
- The United States' fair housing claim was not decided in a final judgment or final order in the Cooke case.

For these reasons, offensive non-mutual collateral estoppel does not apply. This Court should therefore deny the United States' motion for partial summary judgment.

This response is brought pursuant to Federal Civil Procedure Rule 56 and is supported by the Court's file, Colorado City's controverting and separate statement of facts, and the following memorandum of points and authorities.[2]

**MEMORANDUM OF POINTS AND AUTHORITIES**

The United States makes only one argument to support its motion for partial summary judgment: that offensive non-mutual collateral estoppel applies to the liability portion of its pattern or practice claim under the federal Fair Housing Act.[3] Offensive non-mutual collateral estoppel is when "a plaintiff seeks to prevent a defendant from relitigating an issue that the defendant previously litigated unsuccessfully against a different party." State of Idaho Potato Comm'n v. G&T Terminal Packaging, Inc., 425 F.3d 708, 713 n. 3 (9th Cir. 2005); see also Syverson v. IBM, 472 F.3d 1072, 1078 (9th Cir. 2007). The Ninth Circuit has clarified that offensive non-mutual collateral estoppel is appropriate only if all of the following factors exist: "(1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action." Syverson, 472 F.3d at 1078 (internal citations omitted).

---

[2] Colorado City also joins, and incorporates into this response, all the arguments raised in the Hildale Defendants' response to the United States' motion for partial summary judgment.

[3] See United States' Motion [Doc. 541].

2

The United States argues that all four factors exist because Colorado City and the other defendants litigated a fair housing claim in the Cooke case. For the reasons discussed below, Colorado City disagrees.

**I.     THE ISSUES ARE NOT IDENTICAL.**

To determine whether the United States' fair housing claim and the fair housing claim litigated in the Cooke case are identical to justify collateral estoppel, this Court must consider four factors: (1) whether a substantial overlap exists between the evidence or argument advanced in this case and what was advanced in the Cooke case; (2) whether the new evidence or argument in this case involves the application of the same rule of law as in the Cooke case; (3) whether pretrial preparation and discovery in the Cooke case reasonably embraced the issue in this case; and (4) whether the two fair housing claims are closely related. Kamilche Co. v. United States, 53 F.3d 1059, 1062 (9th Cir. 1995). The United States cannot establish these factors.

First, the United States alleges – as part of its pattern or practice claim – that Colorado City and the other defendants violated 42 U.S.C. § 3604(a) of the federal Fair Housing Act, which precludes the refusal to negotiate, sell, or otherwise make housing available due to religion.[4] To establish a pattern or practice, the United States must present evidence, arguments, and witnesses to prove that the defendants violated 42 U.S.C. § 3604(a).

In the Cooke case, the Cookes also alleged a claim under 42 U.S.C. § 3604(a). However, Colorado City and the other defendants prevailed on this claim.[5] More specifically, Judge Teilborg granted the defendants' request for summary judgment on 42 U.S.C. § 3604(a).[6] The United States' request for offensive non-mutual collateral

---

[4] See Complaint [Doc. 1], at ¶ 58(a).

[5] The defendants also prevailed on the State of Arizona's claim under A.R.S. § 41-1491.14(a) of the Arizona Fair Housing Act, which is nearly identical to 42 U.S.C. § 3604(a). All parties agree that Courts looks to the federal Fair Housing Act to interpret the Arizona Fair Housing Act. See Canady v. Prescott Canyon Estates Homeowners' Ass'n., 60 P.3d 231, 233 n. 3 (Ariz. Ct. App. 2002).

[6] See Colorado City's Controverting and Separate Statement of Facts ("CSOF"), at ¶ 4, which is filed contemporaneously with this response

estoppel with respect to alleged violations of 42 U.S.C. § 3604(a) is therefore improper because the defendants successfully defeated this claim in the Cooke case. Similarly, any evidence or argument the United States presents in this case to try and establish an alleged violation of 42 U.S.C. § 3604(a) could not overlap, involve the same rule of law, involve the same pretrial preparation or discovery, or be closely related to the claim in the Cooke case because Judge Teilborg dismissed that claim on summary judgment. Offensive non-mutual collateral estoppel does not apply.

Second, the United States also alleges as part of its pattern or practice claim that Colorado City and the other defendants violated 42 U.S.C. § 3617, which precludes a party from coercing, intimidating, threatening, or interfering with a person's enjoyment of a right protected under the Fair Housing Act.[7] To establish a pattern or practice, the United States must present evidence, arguments, and witnesses to prove that the defendants violated 42 U.S.C. § 3617.

In the Cooke case, the Cookes and the State of Arizona alleged that the defendants violated 42 U.S.C. § 3617 by interfering with Ronald and Jinjer Cookes' housing rights, but not anyone else's rights. This distinction is important because the claim in the Cooke case – and the evidence presented at trial – focused solely upon the Cookes. Judge Teilborg recognized this distinction in his order on the defendants' request for summary judgment on 42 U.S.C. § 3617, when he stated that "a reasonable jury could find that <u>the Cookes</u> were either delayed in getting or did not receive municipal services because they were not FLDS members."[8] The United States' claim in this case is much broader. The United States alleges that the defendants treated "non-FLDS individuals" differently due to religion with respect to housing, denied or delayed water and electric service to "non-FLDS individuals," and otherwise prevented "non-FLDS individuals and the [United

---

[7] See Complaint [Doc. 1], at ¶ 58(c).

[8] CSOF, at ¶ 5 (emphasis added). The United States also admits this fact by stating: "The Cooke Complaint also alleged that Defendants retaliated against the Cookes in violation of the FHA." See United States' Motion [Doc. 541], at p. 3, lines 1 – 3.

Effort Plan] Trust" from constructing new housing or occupying existing housing.[9] The evidence is also different, as the parties have jointly identified over 100 witnesses who may testify at trial in this case, whereas only about 30 witnesses testified in the <u>Cooke</u> case.[10] The reason, in part, is because this case is much broader than the <u>Cooke</u> case, which had a focus limited to the Cookes. It would also be unfair for this Court to conclude that Colorado City and the other defendants should have foreseen the vast scope of the United States' case and then litigated the <u>Cooke</u> case to defend against the not-yet-filed United States case. The evidence, arguments, scope, preparation, and discovery are all different with respect to the portion of the United States' pattern or practice claim that involves 42 U.S.C. § 3617, and therefore no collateral estoppel applies.

Finally, the United States underplays the significance of, and only selectively quotes from, Judge Teilborg's order denying its motion to transfer this case. Judge Teilborg did not deny the United States' motion solely because it was not economical, as the United States offers, but rather because Judge Teilborg found that "<u>there are substantial differences between the cases</u> and, thus, transfer is not warranted under these circumstances."[11] Judge Teilborg explained these differences as follows:

> Specifically, the facts needed to prove many of the alleged actions establishing a pattern of discrimination by the Colorado City/Hildale Marshal's Office and the Town of Colorado City, the City of Hildale, Twin City Water Authority, and Twin City Power in the United States case <u>raise many new factual and legal issues</u> that are not likely to be raised in the Cooke case.[12]

Judge Teilborg reviewed both cases and concluded that the issues were not identical. This Court should reach the same conclusion.

The United States cannot establish that its fair housing claim is identical to the fair housing claim in the <u>Cooke</u> case, which is the first factor necessary to justify offensive

---

[9] <u>See</u> Complaint [Doc. 1], at ¶¶ 36 – 41.
[10] <u>See</u> United States' Motion [Doc. 541], at p. 12, lines 3 – 4.
[11] CSOF, at ¶ 6 (emphasis added).
[12] <u>Id.</u> at ¶ 7 (emphasis added).

5

non-mutual collateral estoppel. This Court can therefore end its analysis here and deny the United States' motion.

## II. THE ISSUE WAS NOT ACTUALLY LITIGATED IN THE <u>COOKE</u> CASE.

The second necessary element is that the fair housing claim at issue in this case was actually litigated in the Cooke case. Syverson, 472 F.3d at 1078. Similarly, the fair housing issue decided in the Cooke case must have been necessary to support the judgment, which is a requirement that "is of greater concern where a final judgment could conceivably rest on a number of different theories." McCoy v. Foss Maritime Co., 442 F. Supp. 2d 1103, 1106-07 (W.D. Wash. 2006).

At least two parts of the United States' fair housing claim (42 U.S.C. § 3604(a) and § 3617) were not actually litigated in the Cooke case. First, Judge Teilborg granted the defendants' motion for summary judgment on the Cookes' claim under 42 U.S.C. § 3604(a) and the State of Arizona's companion claim under the Arizona Far Housing Act. Second, the claim under 42 U.S.C. § 3617 in the Cooke case focused solely upon Ronald and Jinjer Cooke, not other "non-FLDS individuals." The judgment in the Cooke case was therefore not supported by 42 U.S.C. § 3604(a) because Judge Teilborg dismissed that claim in the defendants' favor,[13] and was not supported by anyone other than Ronald and Jinjer Cooke for 42 U.S.C. § 3617 because that claim was limited to the Cookes.[14] The judgment must have therefore been based upon different claims and theories than those the United States pursues here, thereby precluding collateral estoppel.

## III. THE ISSUE WAS NOT DECIDED IN A FINAL JUDGMENT.

The third necessary element for collateral estoppel to apply is that the fair housing issue that the United States pursues in this case was decided in a final judgment in the Cooke case. The United States cannot satisfy this requirement.

The United States cites exclusively to the State of Arizona's "proposed" judgment

---

[13] Id. at ¶ 4.
[14] Id. at ¶ 5.

6

to support its argument.[15] The State of Arizona's proposed judgment contained more than 400 paragraphs and covered a myriad of issues unrelated to the Cooke case.[16] Judge Teilborg rejected this proposed judgment and issued his own judgment.[17] He then amended that judgment on November 26, 2014.[18] He also issued a final order with the original judgment.[19] Neither the final judgment nor final order include any reference to 42 U.S.C. § 3604(a) or its companion statute under the Arizona Fair Housing Act.[20] And with respect to 42 U.S.C. § 3617, Judge Teilborg adopted in the final order the jury's decision that the defendants coerced, intimidated, threatened, interfered with, or retaliated "against the Cookes" in their enjoyment of their dwelling.[21] This language again confirms that the claim under 42 U.S.C. § 3617 in the Cooke case was limited to the Cookes. As a result, no collateral estoppel applies.

## IV. CONCLUSION.

The United States tries to expand offensive non-mutual collateral estoppel beyond its boundaries. The issues with respect to 42 U.S.C. § 3604(a) and § 3617 in the Cooke case versus the issues the United States pursues under these same statutes in this case are not identical, were not actually litigated, and were not decided in a final judgment. The United States must independently establish that Colorado City and each of the other defendants violated these components of the Fair Housing Act to prove its pattern or practice claim. It cannot rely upon collateral estoppel from a different case that involved different issues, different claims, different facts, different evidence, and different arguments to do its work for it.

---

[15] See United States' Motion [Doc. 541], at pp. 4 – 5.
[16] CSOF, at ¶ 8. Also, the defendants entered into a confidential settlement agreement with the Cookes, and therefore the Cookes did not propose any judgment.
[17] Id. at ¶ 9.
[18] Id. at ¶ 10.
[19] Id. at ¶ 11. As stated in footnote 1 in this order, neither the final order nor the judgment addressed the Cookes' claims because Judge Teilborg dismissed all of the Cookes' claims pursuant to a stipulation of the parties.
[20] Id. at ¶¶ 4, 9 – 11.
[21] Id. at ¶ 12.

For these reasons, Colorado City respectfully requests that this Court deny the United States' motion for partial summary judgment.

Dated this 26th day of January 2015.

GRAIF BARRETT & MATURA, P.C.

By: /s/ Jeffrey C. Matura
    Jeffrey C. Matura
    Asha Sebastian
    1850 North Central Avenue, Suite 500
    Phoenix, Arizona 85004
    Attorneys for Defendant Town of Colorado City, Arizona

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

R. Tamar Hagler
Eric W. Treene
Sean R. Keveney
Jessica C. Crockett
Matthew J. Donnelly
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Attorneys for Plaintiff United States of America

R. Blake Hamilton
Ashley Gregson
Durham Jones & Pinegar
111 East Broadway, Suite 900
Salt Lake City, Utah 84111
Attorneys for Defendants City of Hildale, Utah,
Twin City Water Authority, and Twin City Power


/s/ Carolyn Harrington
4852-1777-2833