WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br> vs.<br><br>TOWN OF COLORADO CITY, ARIZONA;<br>*et al.*,<br><br>         Defendants. | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Hildale Defendants' Motion in Limine;
Proposed Testimony of Stephenson and Mann[1]

Defendants City of Hildale, Twin City Water Authority, and Twin City Power (collectively the "Hildale Defendants") move the court for an order excluding the proposed expert testimony of J. Scott Stephenson and Lyle Mann as unreliable and irrelevant under Rule 702, Federal Rules of Evidence. The motion is opposed,[2] and the Hildale Defendants have replied.[3] Defendant Town of Colorado City joins in this motion.[4] Oral argument has not been requested and is not deemed necessary.

---

[1]Docket No. 574.

[2]Docket No. 591.

[3]Docket No. 598.

[4]Docket No. 576.

Order – Hildale Motion in Limine;
Proposed Testimony of Stephenson and Mann                  - 1 -

Plaintiff proposes to call as expert witnesses Mann who is the director of AZ POST[5] and Stephenson who is the director of UT POST.[6] The organizations of which Mann and Stephenson are directors are charged with the responsibility of certifying or decertifying peace officers in their respective jurisdictions. Plaintiff expects both Mann and Stephenson to hear trial testimony and then offer opinions about trial testimony having to do with the operation of the Town of Colorado City's marshal's office ("CCMO"). There is no evidence that either Mann or Stephenson hold themselves out as experts for hire. There is no evidence that Mann or Stephenson are being paid for their work in connection with this case. Except as discussed below, there is no evidence that plaintiff provided records or data of any kind to Mann or Stephenson for their review and for the formation of opinions about the operation of the CCMO.

Although the parties discuss the role of Evidence Rule 702, et seq., in this case, the defendants' principal argument is that plaintiff failed to comply with the expert testimony disclosure requirements of Rule 26, Federal Rules of Civil Procedure.

Pertinent to this case, Rule 26(a)(2)(A) is a general requirement that parties disclose the identity of expert witnesses. Here, plaintiff has done that. Rule 26(a)(2)(B) requires that a party expecting to call an expert witness who has been "retained or specially employed to provide expert testimony in the case" must provide a written report containing certain disclosures enumerated in subpart (2)(B) of the rule. Plaintiff did not comply with this part of Rule 26(a). Rule 26(a)(2)(C) addresses the subject of expert witnesses who do not provide a written report. This subpart of Rule 26(a) provides:

> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

---

[5] Arizona Peace Officer Standards and Training.

[6] Utah Peace Officer Standards and Training.

Order – Hildale Motion in Limine;
Proposed Testimony of Stephenson and Mann                                                              - 2 -

>   (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
>   (ii) a summary of the facts and opinions to which the witness is expected to testify.

Plaintiff arguably complied with the requirements of this portion of Rule 26(a). The question now before the court is whether or not plaintiff was required to provide a written report with respect to the anticipated testimony of Mann and Stephenson.

Plaintiff contends that it has neither contracted with, retained, employed, or paid Mann or Stephenson with respect to their proposed testimony. As already stated, Mann and Stephenson are public officials in the employ of agencies of the states of Arizona and Utah. They are plainly not in the business of providing expert testimony. Mann and Stephenson are not experts for hire, nor have they been hired as experts. But does that mean that Mann and Stephenson were not "specially employed" to provide expert testimony in this case?

There is little helpful authority on the subject of which expert witnesses must write reports and which are excused from the obligation to provide a written report. In Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817 (9th Cir. 2011), the court of appeals recognizes the existence of "hybrid expert situation[s]". Id. at 826. In Goodman, the circuit court holds that a treating physician is exempt from Rule 26(a)(2)(B) "to the extent that his opinions were formed during the course of treatment." Id. However, when the physician goes beyond the treatment provided – for example, reviewing information provided by counsel for purposes of forming opinions – Rule 26(a)(2)(B) comes into play and the reporting process must be adhered to.

The First Circuit addressed the subject at hand in Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1 (1st Cir. 2011). In Downey, the court dealt with a situation similar to that in Goodwin, and again focused upon the meaning of "retained or

specially employed." The court noted that the expert in question did not hold himself out for hire as an expert and there was no evidence that he was charging or receiving a fee for his testimony. The court held:

> In order to give the phrase "retained or specially employed" any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert, and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony.

Downey, 633 F.3d at 6. In Downey, the witness was viewed by the court as one whose:

> [O]pinion testimony arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation. Thus he falls outside the compass of Rule 26(a)(2)(B).

Id.

Returning to our case, there is no indication that Mann or Stephenson are in any sense percipient witnesses to what was going on with respect to the CCMO. Neither Mann nor Stephenson were involved in any disciplinary proceedings with regard to any CCMO personnel. Although, except as noted below, not provided with documents or data to evaluate for purposes of forming an opinion, as is usually done with an expert witness, plaintiff expects Mann and Stephenson to simply listen to trial testimony and then form an opinion. This court is aware of no authority for the proposition that the hybrid situation described in Goodman, nor the percipient witness who happens to be an expert situation described in Downey, should be extended to the situation presented by this case.

What makes evaluating this situation troublesome is the fact that initially plaintiff's counsel appears to have provided Mann and Stephenson with no documents or data to evaluate for purposes of forming an opinion. Rather, as stated above, plaintiff intends to have Mann and Stephenson listen to trial testimony and then offer an expert opinion. How could such a witness be expected to write a report when he has not yet heard the trial testimony upon which his opinions will be based? Under such circumstances, would it not

be appropriate for the plaintiff to comply with Rule 26(a)(2)(C) by disclosing the subject matter on which the witness is expected to present expert testimony? The answers to these questions, for purposes of this case, lie in some further discussion of what has actually transpired with respect to Mann and Stephenson.

For reasons not entirely clear to the court, plaintiff wrote a letter to Mann and Stephenson on October 29, 2014.[7] The letter was copied to defense counsel. By this letter, and for the first time so far as the court is aware, plaintiff informed both Mann and Stephenson (as well as the defendants) "of the CCMO practices and conduct we expect to come into evidence at a trial in this case, and that we expect would help form the basis for your expert, testimonial opinion(s)." The letter continues to describe a full page of practices and conduct, some focused upon the marshal's office generally and other matters focused upon the marshal's officers. It is of course no surprise that counsel have become aware through discovery (which has been extensive in this case) of the practices and conduct of marshal's employees which plaintiff intends to call into question. Moreover, Mann was deposed by defendants and, in the course of that deposition, was asked: "[s]itting here today, are you of the opinion that certain practices and past conduct of [the] Colorado City Marshal's office are inconsistent with your – with Arizona state law enforcement standards and training? [Answer:] Yes."[8] Similarly, defendants deposed Stephenson, and fragments of that deposition which have been provided to the court suggest that counsel for plaintiff discussed Stephenson's opinions about hypothetical

---

[7]See attachment to Hildale Defendants' Daubert Motion in Limine to Exclude Testimony of Proposed Expert Witnesses J. Scott Stephenson and Lyle Mann, Docket No. 574-2.

[8]United States' Opposition to Motion in Limine, Exhibit 1 (page 15 of 35), Docket No. 591-1.

situations in connection with arranging for him to act as an expert witness for plaintiff.[9] The court concludes that plaintiff had the wherewithal to provide Mann and Stephenson with information which plaintiff had developed in the course of discovery on the subject of the operations of the CCMO, on the basis of which Mann and Stephenson could have formulated their opinions and reduced them to a timely disclosed expert report as contemplated by Rule 26(a)(2)(B).

The court further concludes that because Mann and Stephenson are in no sense percipient witnesses, they do not fall within the "hybrid expert" category of witnesses recognized by Goodman and Downey. Like the court in Downey, the court construes the Rule 26(a)(2)(B) term "retained or specially employed to provide expert testimony" to include witnesses such as Mann and Stephenson who are not percipient witnesses and who have been "recruited to provide expert opinion testimony."  Downey, 633 F.3d at 6.

Rule 37(c)(1), Federal Rules of Civil Procedure, provides in pertinent part that: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness ... at a trial, unless the failure was substantially justified or is harmless."  Here, what has transpired was neither justified nor harmless. The court is convinced that plaintiff has known for a very long time the nature of the police practices which it intended to challenge through expert testimony, and has deliberately – by means of the tactical device of stating that their experts would form opinions based upon trial testimony – endeavor to keep defendants in the dark as to what Mann's and Stephenson's opinions would be. The report writing requirements of Rule 26(a)(2)(B) are intended to prevent the kind of blind-siding that flows from keeping expert opinions hidden.

---

[9]United States' Opposition to Motion in Limine, Exhibit 2 (pages 28 and 32 of 35), Docket No. 591-1.

The Hildale Defendants' motion in limine for the exclusion of expert testimony by Mann and Stephenson is granted for violation of Rule 26(a)(2)(B). In consideration of the foregoing, the court need not address the parties' other arguments.

DATED at Anchorage, Alaska, this  17th  day of March, 2015.

/s/ H. Russel Holland
United States District Judge