Steven H. Rosenbaum (NY Bar #1901958)
Judy Preston (MD Bar)
R. Tamar Hagler (CA Bar #189441)
Christy E. Lopez (DC Bar #473612)
Eric W. Treene (NY Bar #2568343)
Sean R. Keveney (TX Bar #24033862)
Jessica C. Crockett (NY Bar #4694972)
Matthew J. Donnelly (IL Bar #6281308)
Emily M. Savner (NY Bar #5214358)
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC  20530
Phone:       (202) 305-4013
Facsimile:   (202) 514-1116
E-mail:  sean.r.keveney@usdoj.gov

Attorneys for the United States

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States,<br><br>                    Plaintiff;<br>     v.<br><br>Town of Colorado City, Arizona, *et al.*,<br><br>                    Defendants. | No. 3:12cv8123-HRH<br><br>**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE SUBSTANTIVE TESTIMONY ON QUESTIONS TO WHICH DEPONENTS ASSERTED FIRST OR FIFTH AMENDMENT PRIVILEGES** |

## I. INTRODUCTION

The United States intends to call Joseph Allred, Isaac Jeffs, and Lyle Jeffs at trial and moves the Court *in limine* to preclude these witnesses from responding substantively

1

to questions that they refused to answer at deposition by asserting a privilege under the First and/or Fifth Amendments.[1]

## II. BACKGROUND

At trial in this case, the United States intends to present the testimony of Joseph Allred, Isaac Jeffs, and Lyle Jeffs to establish that Defendants Town of Colorado City, City of Hildale, and Twin City Water Association have engaged in Establishment Clause violations and discriminatory housing and police practices.  *See* United States' Final Witness List (June 30, 2014), ECF No. 401 (listing Joseph Allred, Isaac Jeffs, and Lyle Jeffs as witnesses).  Joseph Allred is the mayor of Colorado City, a named Defendant.  *See* J. Allred Dep. 15:11-19 (June 24, 2014).  Isaac Jeffs and Lyle Jeffs are leaders of the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS Church").  Isaac Jeffs is a brother of Warren Jeffs, who is considered the current prophet of the FLDS Church, *see* I. Jeffs Dep. 33:2-7 (May 22, 2014); L. Jeffs Dep. 29:16-19, 31:4-7 (June 23, 2014), and a leader in the FLDS Church.  Lyle Jeffs is also a brother of Warren Jeffs, *see id.*, and the current bishop of the FLDS Church, *see* H. Barlow Dep. 11:16-21 (April 22, 2014).

During discovery, the United States deposed these witnesses and each refused to answer specific questions on many topics, including fundamental questions about their membership and role in the FLDS Church, instead asserting their rights under the Fifth Amendment.[2]  *See*, *e.g.*, J. Allred Dep. 18:8-22 (June 24, 2014) (asserting Fifth Amendment privilege and refusing to answer questions regarding the fact of his membership in the FLDS Church while serving as a city official); L. Jeffs 31:17-20 (June 23, 2014) (asserting First and Fifth Amendment privileges and refusing to answer whether or not he is currently the FLDS Bishop for the Hildale/Colorado City area).  These

---

[1] For the reasons stated below, the United States similarly requests that all witnesses that the Defendants may call be similarly precluded from responding substantively to questions that they refused to answer at deposition by asserting a privilege under the First and/or Fifth Amendments.

[2] These witnesses also refused to answer many questions claiming privileges under the First Amendment.

2

witnesses also refused to answer questions central to this lawsuit about the role of the FLDS church in government operations, for example:

- "And FLDS leaders gave you directives as to how to direct Town business when you were Town Clerk, correct?"  J. Allred Dep. 38:12-19 (June 24, 2014).
- "While incarcerated, Warren Jeffs has given directives as to how government employees should perform their government duties, correct?"  L. Jeffs. Dep. 40:19-24 (June 23, 2014).
- "So has [Warren Jeffs] given you any instructions about personnel issues in the Colorado City Marshal's Office?"  I. Jeffs Dep. 71:5-9 (May 22, 2014).
- "You witnessed Marshal's Officers share confidential nonpublic law enforcement information with Church security, correct?"  J. Allred Dep. 109:23-110:3 (June 24, 2014).

## III. ARGUMENT

The United States is entitled to present key witnesses at trial and should not be prejudiced by these witnesses providing substantive answers at trial to questions that they refused to answer during their depositions based on First or Fifth Amendment privileges. Indeed, the jury should be permitted to hear and weigh Joseph Allred's, Isaac Jeffs's, and Lyle Jeffs's assertions of the Fifth Amendment privilege against self-incrimination. Therefore, the United States respectfully requests that the Court exercise its discretion to preclude these witnesses, and any witnesses Defendants may call, from answering questions at trial that were not answered at deposition based on assertions of privilege.

As the Ninth Circuit has recognized, "[t]rial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) (holding that the district court did not abuse its discretion in precluding testimony of civil defendant who had asserted Fifth Amendment privilege at deposition on questions central to case); *see also Certain Real*

3

*Prop. and Premises Known as: 4003–4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d at 84-5 (holding that district court did not abuse its discretion by refusing to grant a withdrawal of Fifth Amendment privilege on the eve of trial).

A witness may be barred from providing substantive answers after refusing to answer based on privilege in deposition because "[t]he Federal Rules of Civil Procedure contemplate full and equal discovery so as to prevent surprise, prejudice and perjury during trial." *Nationwide Life Ins. Co.*, 541 F.3d at 910 (internal quotation omitted). The rights of both the deponent and the opposing party are implicated and "a party's invocation of the privilege may be proper, but it does not take place in a vacuum; the rights of the other litigant are entitled to consideration as well." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 191 (3d Cir. 1994). Furthermore, a "defendant may not use the [F]ifth [A]mendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial." *Nationwide Life Ins. Co.*, 541 F.3d at 910 (quoting *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 577 (1st Cir. 1989)); *see also Graystone Nash, Inc.*, 25 F.3d at 190 ("[B]ecause the privilege may be initially invoked and later waived at a time when an adverse party can no longer secure the benefits of discovery, the potential for exploitation is apparent."); *Certain Real Prop. and Premises Known as: 4003–4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d at 85 ("[P]articularly if the litigant's request to waive comes only at the 'eleventh hour' and appears to be part of a manipulative, 'cat-and-mouse approach' to the litigation, a trial court may be fully entitled, for example, to bar a litigant from testifying later about matters previously hidden from discovery through an invocation of the privilege.").

In *Nationwide Life Ins. Co.*, civil litigation involving a life insurance claim, the defendant argued that she should be permitted to testify about her lack of involvement in her husband's murder, although she had asserted her Fifth Amendment privilege on questions surrounding that central issue when deposed. 541 F.3d at 909-11. The Ninth Circuit upheld the district court's striking of the defendant's response to the question she had refused to answer at deposition, crediting the district court's finding that the other claimant to the life insurance proceeds was prejudiced by the defendant's refusal to

4

answer the questions at deposition. *Id.* The court determined that the finding of prejudice was appropriate even though the defendant, in earlier interviews with investigating officers, had answered questions as to whether she was involved in her husband's murder and denied any such involvement. *Id.* The Ninth Circuit noted that because the district court had precluded the defendant from testifying only as to the subject as to which she asserted the Fifth Amendment privilege, "[t]he court's order was narrowly tailored to impose upon [the defendant] only that detriment necessary to prevent unfair prejudice to [the other claimant to the life insurance proceeds]." *Id.* at 911.

Likewise here, this general rule should apply. *Cf.* Order, *Cooke v. Town of Colorado City, Ariz.*, No: 3:10-CV-08105 (D. Ariz. June 18, 2013) (granting plaintiff's motion *in limine* to preclude substantive testimony of witnesses David Darger and Jacob Barlow at trial), ECF No. 423. The United States would be significantly prejudiced if Joseph Allred, Isaac Jeffs, or Lyle Jeffs were permitted to provide substantive answers at trial to questions previously unanswered. The information the United States seeks from these individuals—the Mayor of Colorado City and two high-ranking FLDS leaders—is central to its claims, and is information that these witnesses are in a unique position to provide, particularly in the form of admissions and other direct evidence. Additionally, it is information about which the United States would have probed further during depositions of these witnesses and others had the United States had the benefit of this information during discovery.

Courts have, in certain narrow circumstances, permitted a deponent to supplement responses to questions where they previously asserted Fifth Amendment privileges at deposition. However, this exception is limited to situations where the purpose of the withdrawal of an assertion of privilege is not tactical or abusive and only if the opposing party would not "experience prejudice as a result." *See Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 548 (5th Cir. 2012), *as revised* (Jan. 11, 2012) ("[A] party may withdraw its assertion of the Fifth Amendment privilege, even at a late stage in litigation, if circumstances indicate that (1) the litigant was not using the privilege in a tactical, abusive manner, and (2) the opposing party would not experience undue prejudice as a result.").

5

This narrow exception should not apply here. In *Davis-Lynch*, the deponents withdrew their Fifth Amendment privilege more than a month before the discovery deadline, providing ample time to retake their depositions. *Davis-Lynch, Inc.*, 667 F.3d at 548-49. Here, Joseph Allred, Isaac Jeffs, and Lyle Jeffs have not given any notice of their intent to withdraw their assertions of privilege. In fact, Joseph Allred was deposed twice in this case and, after being ordered by this Court to answer questions he refused to answer on First Amendment grounds at his first deposition, *see* ECF No. 322, he asserted his Fifth Amendment privilege to refuse to answer the great majority of questions posed to him at his second deposition. Discovery has closed and it has been over a year since these witnesses' most recent depositions. Allowing substantive answers on the central questions to which these witnesses have asserted privileges on the day of trial would unfairly prejudice the United States.

The concerns underlying these decisions, which analyzed withdrawals of Fifth Amendment privilege assertions, apply equally when witnesses seek a tactical advantage by withdrawing a refusal to testify based solely on the First Amendment.[3] Allowing a deponent to testify after pleading the First Amendment and not the Fifth would be illogical, because in both instances it encroaches on the right of the other party and leads to an unfair advantage. *See Nationwide Life Ins.*, 541 F.3d at 910. At their depositions, Joseph Allred, Isaac Jeffs, and Lyle Jeffs also refused to answer questions posed to them by the United States by asserting their First Amendment privileges.[4] *See*, *e.g.*, J. Allred Dep. 150:2-6 (Sept. 19, 2013) (asserting First Amendment privilege when asked about membership in FLDS Church security). As with questions as to which they claimed a

---

[3] The United States is not aware of any cases applying the rule of *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008), to a situation where a witness refused to answer questions based on the assertion of a First Amendment privilege, and then later sought to provide substantive answers at trial. As explained above, however, the reasoning underlying *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008), should apply to First-Amendment based refusals to testify.

[4] The Court has granted motions to compel ordering deponents in this case to answer certain questions to which they previously asserted a First Amendment privilege. *See* ECF Nos. 205 and 322.

6

Fifth Amendment privilege, these witnesses should be prohibited from supplementing their testimony at trial.

It would be unduly prejudicial to allow Joseph Allred, Isaac Jeffs, or Lyle Jeffs to waive their asserted First or Fifth Amendment privileges at trial and the Court should preclude these witnesses, and any witnesses that Defendants may call, from providing substantive answers at trial to those questions to which they asserted a privilege and refused to answer at deposition.

## IV. CONCLUSION

For the reasons above, the Court should grant the United States' motion *in limine* to preclude Joseph Allred, Isaac Jeffs, and Lyle Jeffs, whom the United States expects to call at trial, and any witnesses the Defendants may call, from responding substantively to questions that they refused to answer at deposition by asserting First and/or Fifth Amendment privileges.

Respectfully submitted,

R. TAMAR HAGLER
CHRISTY E. LOPEZ
Deputy Chiefs

ERIC W. TREENE
Special Counsel

  /s/ Sean R. Keveney
SEAN R. KEVENEY
JESSICA C. CROCKETT
MATTHEW J. DONNELLY
EMILY M. SAVNER
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530
Phone:       (202) 305-4013
Facsimile:   (202) 514-1116
E-mail:  sean.r.keveney@usdoj.gov

September 18, 2015

Steven H. Rosenbaum (NY Bar #1901958)
Judy Preston (MD Bar)
R. Tamar Hagler (CA Bar #189441)
Christy E. Lopez (DC Bar #473612)
Eric W. Treene (NY Bar #2568343)
Sean R. Keveney (TX Bar #24033862)
Jessica C. Crockett (NY Bar #4694972)
Matthew J. Donnelly (IL Bar #6281308)
Emily M. Savner (NY Bar #5214358)
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC  20530
Phone:        (202) 305-4013
Facsimile:    (202) 514-1116
E-mail:  sean.r.keveney@usdoj.gov

Attorneys for the United States

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States,<br><br>                    Plaintiff;<br>          v.<br><br>Town of Colorado City, Arizona, *et al.*,<br><br>                    Defendants. | No. 3:12cv8123-HRH<br><br>**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE SUBSTANTIVE TESTIMONY ON QUESTIONS TO WHICH DEPONENTS ASSERTED FIRST OR FIFTH AMENDMENT PRIVILEGES** |

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2015, I caused a copy of the foregoing to be sent via the Court's ECF system to the following:

Jeffrey C. Matura
Asha Sebastian

8

1 | Melissa J. England
Graif Barrett & Matura, P.C.
2 | 1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
3 | *Attorneys for Defendant Town of Colorado City*

4

5 | R. Blake Hamilton
Ashley M. Gregson
6 | Durham Jones & Pinegar
111 East Broadway, Suite 900
7 | Salt Lake City, Utah 8411
*Attorneys for Defendants City of Hildale, Twin City Water Authority, and Twin*
8 | *City Power*

                                                   */s/ Sean R. Keveney*
                                                 SEAN R. KEVENEY
                                                 Attorney for the United States