Steven H. Rosenbaum (NY Bar #1901958)
Judy Preston (MD Bar)
R. Tamar Hagler (CA Bar #189441)
Christy E. Lopez (DC Bar #473612)
Eric W. Treene (NY Bar #2568343)
Sean R. Keveney (TX Bar #24033862)
Jessica C. Crockett (NY Bar #4694972)
Matthew J. Donnelly (IL Bar #6281308)
Emily M. Savner (NY Bar #5214358)
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC  20530
Phone:        (202) 305-4013
Facsimile:     (202) 514-1116
E-mail:  sean.r.keveney@usdoj.gov

Attorneys for the United States

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States,<br><br>     Plaintiff;<br>  v.<br><br>Town of Colorado City, Arizona, *et al.*,<br><br>     Defendants. | No. 3:12cv8123-HRH<br><br>**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CRIMINAL CONVICTION** |

## I.     INTRODUCTION

The United States respectfully moves this Court *in limine* to preclude evidence of, or reference to, Bruce Wisan's conviction for solicitation.  As explained below, the introduction of such evidence does not relate to Mr. Wisan's truthfulness and would be highly prejudicial.

1

## II.     BACKGROUND

At trial in this action, the United States may present the testimony of Bruce Wisan, the special fiduciary of the United Effort Plan ("UEP") Trust.  *See Shurtleff v. United Effort Plan Trust*, 289 P.3d 408, 411 (Utah 2012) (discussing factual background of Bruce Wisan's appointment as special fiduciary).  On August 5, 2013, Mr. Wisan was charged with solicitation of a prostitute, a Class B misdemeanor.  A year later, on November 14, 2014, Mr. Wisan entered a no contest plea in abeyance to the misdemeanor charge, a result that means Mr. Wisan's case will be dismissed after a year if he commits no other violations.  Evidence of Mr. Wisan's solicitation charge and subsequent no contest plea is irrelevant and prejudicial and should be excluded.

## III.     ARGUMENT

The court may exclude evidence in limine pursuant to its power to manage trials.  *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Here, the Court should exercise its discretion to exclude any evidence of, or reference to, Bruce Wisan's conviction for solicitation.

Federal Rule of Evidence 609 permits impeachment through evidence of a prior criminal conviction, but it imposes limits on the categories of convictions that may be used for impeachment purposes.  Mr. Wisan's conviction falls outside the limited categories permitted under Rule 609.

Subsection (a)(1) of Rule 609 only allows impeachment of a witness with evidence of a prior felony conviction.  A first-time conviction for solicitation in Utah is a Class B misdemeanor, *see* Utah Code Ann. § 76-10-1313(3)(a) (West 1953), and therefore, does not meet the felony requirement of Rule 609(a)(1).

Subsection (a)(2) of Rule 609 allows impeachment with evidence of a prior misdemeanor conviction, but only if the misdemeanor crime "involved dishonesty or a false statement."  Fed. R. Evid. 609(a)(2).  The Ninth Circuit has adopted the majority rule disqualifying solicitation as a crime within the meaning of the phrase "dishonesty or a false statement."  *See United States v. Colbert*, 116 F.3d 395, 396 (9th Cir. 1997); *see also United States v. Walker*, 613 F.2d 1349, 1354 (5th Cir. 1980) ("A conviction for prostitution does not involve dishonesty or false statement and is not admissible under 609(a) for impeachment purposes.").  Following Ninth Circuit precedent, Mr. Wisan's conviction does not meet the requirements of Rule 609(a)(2) and, therefore, is

1  inadmissible.  Because Mr. Wisan's conviction does not meet the requirements of either Rule

2  609(a)(1) or (2), his prior conviction is excluded from introduction as evidence for the purposes

3  of impeachment.

4          Mr. Wisan's criminal conviction similarly cannot be introduced on cross-examination

5  under Rule 608(b), nor should it be introduced through any other means.  "Evidence relating to

6  impeachment by way of criminal conviction is treated exclusively under Rule 609."  *United States*

7  *v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009).  *See also United States v. Lightfoot*, 483 F.3d

8  876, 881 (8th Cir. 2007) ("Rule 608(b) of the Federal Rules of Evidence confers upon district

9  courts discretion to permit witness-credibility questioning on specific bad acts not resulting in a

10  felony conviction."); *United States v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998) ("Prior bad acts

11  that have not resulted in a conviction are admissible under Fed. R. Evid. 608(b) . . . .").  The

12  Ninth Circuit, however, has referenced the unfairness that would result if impeachment using the

13  conviction were forbidden under Rule 609, but questions about the underlying facts and related

14  acts were permitted under Rule 608(b).  *See Osazuwa*, 564 F.3d at 1174 (*citing* Donald H.

15  Ziegler, *Harmonizing Rules 609 and 608(b) of the Federal Rules of Evidence*, 2003 Utah L. Rev.

16  635, 677 (2003)).  Thus, any attempt by the Defendants to introduce evidence relating to Mr.

17  Wisan's conviction, including questions about the underlying conduct, is properly limited to

     analysis under Rule 609.

18          Furthermore, any reference to Mr. Wisan's criminal conviction is highly prejudicial, and

19  runs the risk that the jury will discount his testimony or view his administration of the UEP Trust

20  unfavorably because of a general aversion to such conduct.  *See Osazuwa*, 564 F.3d at 1174-75

21  ("The risk of unfair prejudice or undue emphasis is the reason why Rule 609 and its related case

22  law carefully guide the admission of prior convictions and their underlying facts.").  For these

23  reasons, evidence related to Mr. Wisan's criminal conviction should be excluded.

24

25

26

27

28

## IV.    CONCLUSION

For these reasons, the United States respectfully moves that the Court exclude evidence of, or reference to, Bruce Wisan's criminal conviction for solicitation.

Respectfully submitted,

R. TAMAR HAGLER
CHRISTY E. LOPEZ
Deputy Chiefs

ERIC W. TREENE
Special Counsel

  /s/ Sean R. Keveney
SEAN R. KEVENEY
JESSICA C. CROCKETT
MATTHEW J. DONNELLY
EMILY M. SAVNER
Attorneys
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC  20530
Phone:          (202) 305-4013
Facsimile:      (202) 514-1116
E-mail:  sean.r.keveney@usdoj.gov

September 18, 2015

4

1   Steven H. Rosenbaum (NY Bar #1901958)
    Judy Preston (MD Bar)
2   R. Tamar Hagler (CA Bar #189441)
    Christy E. Lopez (DC Bar #473612)
3   Eric W. Treene (NY Bar #2568343)
4   Sean R. Keveney (TX Bar #24033862)
    Jessica C. Crockett (NY Bar #4694972)
5   Matthew J. Donnelly (IL Bar #6281308)
6   Emily M. Savner (NY Bar #5214358)
    United States Department of Justice
7   Civil Rights Division
    950 Pennsylvania Avenue, NW
8   Washington, DC  20530
9   Phone:      (202) 305-4013
    Facsimile:   (202) 514-1116
10   E-mail:  sean.r.keveney@usdoj.gov

11

12   Attorneys for the United States

13          **IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

14

15

16   United States,

17                  Plaintiff;             No. 3:12cv8123-HRH

18       v.                        **UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

19   Town of Colorado City, Arizona, *et al.*,     **OF CRIMINAL CONVICTION**

20               Defendants.

21

22

23                   **CERTIFICATE OF SERVICE**

24        I certify that on September 18, 2015, I caused a copy of the foregoing to be sent via the Court's ECF system to the following:

25      Jeffrey C. Matura
       Asha Sebastian
26      Melissa J. England
       Graif Barrett & Matura, P.C.
27      1850 North Central Avenue, Suite 500
       Phoenix, Arizona 85004
28      *Attorneys for Defendant Town of Colorado City*

5

R. Blake Hamilton
Ashley M. Gregson
Durham Jones & Pinegar
111 East Broadway, Suite 900
Salt Lake City, Utah 8411
*Attorneys for Defendants City of Hildale, Twin City Water Authority, and Twin City Power*

_/s/ Sean R. Keveney_
SEAN R. KEVENEY
Attorney for the United States

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28