Jeffrey C. Matura, State Bar No. 019893
Melissa J. England, State Bar No. 022783
Asha Sebastian, State Bar No. 028250
**Graif Barrett & Matura, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona  85004
Telephone:  (602) 792-5700
Facsimile:  (602) 792-5710
jmatura@gbmlawpc.com
mengland@gbmlawpc.com
asebastian@gbmlawpc.com

Attorneys for Defendant Town of Colorado City,
Arizona

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>       v.<br><br>Town of Colorado City, Arizona; City of Hildale, Utah; Twin City Power; and Twin City Water Authority, Inc.,<br><br>              Defendants. | Case No. CV-12-8123-PCT-HRH<br><br>**DEFENDANT TOWN OF COLORADO CITY'S MOTION IN LIMINE NO. 6:**<br><br>**TO PRECLUDE EVIDENCE REGARDING LEGISLATIVE BILLS PURSUED AGAINST COLORADO CITY AND HILDALE CITY**<br><br><br>**(Oral Argument Requested)** |

Pursuant to Federal Evidence Rule 403, Colorado City moves to preclude the United States from introducing any evidence regarding legislation that the Arizona and Utah legislatures have pursued against the Marshal's Department.  This legislation includes, but is not limited to, Arizona Senate Bill 1433, Arizona House Bill 2648, and Utah Senate Bill 0291.  This Court should preclude the United States from making reference to, or trying to introduce, this evidence because it is unfairly prejudicial and would confuse the issues and mislead the jury.

1   **I.      FACTUAL BACKGROUND.**

2           In 2012, during the Second Regular Session of the Fiftieth Legislature, the Arizona

3   Senate introduced SB 1433.  The bill summary indicated that SB 1433 was an emergency

4   measure that required a city or town to meet certain requirements or else forfeit control of

5   their law enforcement.[1]  The only town that would have fallen within the criteria set forth

6   in SB 1433 was Colorado City.[2]

7           On March 13, 2012, then-Arizona Attorney General Tom Horne and Bruce Wisan

8   (in his capacity as the Special Fiduciary of the United Effort Plan Trust) testified before

9   the Arizona House of Representatives Government Committee to support SB 1433.[3]

10  Their testimony confirmed that SB 1433 was targeted at Colorado City, as they testified

11  about allegations of misconduct against the Marshal's Department.[4]   Most of these

12  allegations mirror the allegations that the United States sets forth in Count One of its

13  Complaint.[5]   SB 1433 ultimately failed in the House of Representatives on April 25,

14  2012.[6]

15          Then, in 2013, during the First Regular Session of the Fifty-First Legislature, the

16  Arizona House of Representatives introduced HB 2648.    The bill sponsor was

17  Representative Michelle Ugenti.  HB 2648 was another emergency measure to allow an

18  appointed municipal law enforcement administrator to assume control of a municipality's

19  law enforcement functions and administrative duties under specific conditions.[7]  Colorado

20  ─────────────────────
[1] http://www.azleg.gov/legtext/50leg/2r/summary/s.1433gr_aspassed.pdf (last accessed on
21  September 16, 2015).
[2] SB 1433 Feb. 27, 2012 Amended Fact Sheet as passed by the Senate; see also
22  https://web.archive.org/web/20120316230557/http://www.azfamily.com/news/Polygamou
    s-town-target-of-Arizona-lawmakers-142581085.html (last accessed on September 16,
23  2015).
[3] See http://www.azleg.gov/legtext/50leg/2R/comm_min/House/031312%20GOV.PDF
24  (last accessed on September 16, 2015).
[4]  Id.
25  [5] Colorado City Law Enforcement, https://www.azag.gov/colorado-city/law-enforcement,
    (last accessed on September 16, 2015).
26  [6] SB 1433, Bill Status Overview,
    http://www.azleg.gov//FormatDocument.asp?inDoc=/legtext/50leg/2r/bills/sb1433o.asp&
27  Session_ID=107 (last accessed on April 8, 2013).
[7] HB 2648, Bill Summary dated March 17, 2013,
28  http://www.azleg.gov/legtext/51leg/1r/summary/h.hb2648_03-07-13_houseengrossed.pdf
    (last accessed on April 9, 2013.

1   City was again the target, as Representative Ugenti admitted that HB 2648 was primarily

2   directed at Colorado City.[8]   Representative Ugenti also sent the following tweets, which

3   confirm that HB 2648 was targeted at Colorado City:[9]





HB 2648 failed to pass the Arizona Senate.

        Similarly, during the 2012 General Session of the Utah State legislature, the Utah

Senate introduced SB 0291, titled Peace Officer Limits.[10]   SB 0291 had the same intent as

Arizona SB 1433, which was to enable the State of Utah to disband a police department if

certain criteria were met.  SB 0291 failed to pass the Utah Senate.

_____

[8] http://www.michelleugenti.com/2013/03/michelle-ugentis-anti-colorado-city-bill-gets-no-love-from-state-senate/?wpmp_switcher=desktop (citing to Phoenix New Times article dated March 20, 2013, http://blogs.phoenixnewtimes.com/bastard/2013/03/michelle_ugentis_anti-colorado.php).
[9] Screenshots captured from https://twitter.com/MichelleUgenti (last accessed on April 9, 2013).
[10] http://le.utah.gov/~2012/bills/static/SB0291.html (last accessed on September 16, 2015).

The United States included an allegation about these failed legislative attempts in its Complaint.  Specifically, the United States alleged:

> The states of Utah and Arizona have taken steps to address the unlawful policing practices in the Towns, including in early 2012, when the state legislatures of Arizona and Utah each introduced bills that would have had the effect of disbanding the Marshal's Office. Both bills failed to pass.[11]

This allegation was part of the United States' allegations against the Marshal's Department to support Count One in its Complaint.

## II.   EVIDENCE REGARDING LEGISLATIVE BILLS IS IRRELEVANT, UNFAIRLY PREJUDICIAL, AND WILL CONFUSE THE ISSUES AND MISLEAD THE JURY.

Under Federal Evidence Rule 401, "relevant evidence" is evidence that has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Under Federal Evidence Rule 403, "relevant evidence" is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[12]

Evidence regarding Arizona and Utah's failed legislative efforts against the Marshal's Department is irrelevant.  To begin with, all these efforts failed, which the United States admits.  Second, the Arizona and Utah legislatures' decision to introduce these bills does not make any fact in this case more or less probable than without the evidence because the bills failed and were never enacted.  Finally, the legislative bills (and their ultimate failure) had no bearing on any issue in this case or any of the disputed facts. Evidence regarding these bills is therefore irrelevant.

Furthermore, even if relevant, any probative value of these bills is substantially outweighed by the danger of unfair prejudice to Colorado City and Hildale and would confuse the issues and mislead the jury.  If the United States introduced evidence regarding these legislative bills, the jury would likely assume that the allegations in the

---

[11] See Complaint [Doc. 1], at ¶ 34.

[12] See Fed. R. Evid. 403.

4

Complaint must be true; after all, if the Arizona and Utah legislatures submitted legislation that supports the United States' allegations, the allegations must be true.  The jury would also be further swayed if the United States introduced evidence that the Arizona and Utah Attorney Generals testified in favor of the bills, along with Bruce Wisan, who the United States lists as one of its witnesses in this case.  All this evidence would unfairly prejudice Colorado City and Hildale and require them to present evidence about the legislative process, that each bill failed because they were based upon incorrect facts, and other evidence unrelated to the claims pending in this case.  This case would then turn into a lesson on legislation, lobbying, and the fact that just because a bill is introduced does not mean it is based on any fact.  All this evidence would confuse the issues and mislead the jury.  This case is not about legislation, and this Court should preclude the United States from trying to use the failed legislation to its advantage.

**III.    CONCLUSION.**

Evidence regarding the failed legislative efforts by the Arizona and Utah legislatures to target the Marshal's Department is irrelevant.  But even if marginally relevant, its probative value is substantially outweighed by the danger of unfair prejudice to Colorado City and Hildale and would confuse the issues and mislead the jury.  Therefore, pursuant to Federal Evidence Rules 401 and 403, Colorado City requests that this Court preclude the United States from introducing any evidence, or making any arguments, regarding Arizona and Utah's legislative bills.

1    Dated on this 18th day of September 2015.

2

3                                          GRAIF BARRETT & MATURA, P.C.

4

5

6                                    By:    /s/ Jeffrey C. Matura
                                           Jeffrey C. Matura
7                                          Melissa J. England
                                           Asha Sebastian
8                                          1850 North Central Avenue, Suite 500
                                           Phoenix, Arizona 85004
9                                          Attorneys   for   Defendant   Town   of
                                           Colorado City, Arizona
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on the 18th day of September 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

R. Tamar Hagler
Eric W. Treene
Sean R. Keveney
Jessica C. Crockett
Matthew J. Donnelly
Emily M. Savner
Sharon I. Brett
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Attorneys for Plaintiff United State of America

R. Blake Hamilton
Ashley M. Gregson
Durham Jones & Pinegar
111 East Broadway, Suite 900
Salt Lake City, Utah 84111
Attorneys for Defendants City of Hildale, Utah,
Twin City Water Authority, and Twin City Power

/s/ Carolyn Harrington
4842-4310-6088

4842-4310-6088, v.  1

7