IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br> vs.<br><br>TOWN OF COLORADO CITY, ARIZONA;<br>*et al.*,<br><br>       Defendants. | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Town of Colorado City Motion in Limine
No. 4; Evidence of Underage Marriage, etc.

  Colorado City moves in limine pursuant to Rules 401, 402, 403, and 610, Federal Rules of Evidence, for an order precluding the United States from making any arguments or offering evidence regarding a witness' participation in or knowledge about underage marriage.[1] The City of Hildale and Twin City Water Authority have joined in the motion.[2] The motion is opposed. Oral argument has not been requested and is not deemed necessary.

  Evidence on the subject of underage marriage is not barred by Rule 610. In the context of the claims made in this case by the United States, evidence on the subject of underage marriage is not offered to attack the credibility of any witness, and it may be

---

  [1]Docket No. 661.

  [2]Docket No. 671.

Order – Town of Colorado City Motion in Limine
No. 4;  Evidence of Underage Marriage, etc.      - 1 -

relevant to plaintiff's claims that defendants have violated the First Amendment Establishment Clause and that the FLDS Church has corrupted the Colorado City marshal's office ("CCMO"), demanding that the police adhere to FLDS Church dictates.

 Evidence with respect to underage marriage may be prejudicial; but in light of the claims made and issues which must be tried, participation in and/or knowledge of underage marriage is not unfairly prejudicial so long as argument and questioning has a nexus to plaintiff's allegations that the cities were under the control of FLDS leaders or that the CCMO abdicated its law enforcement functions with respect to such matters as underage marriage in deference to the dictates of the FLDS Church.  On the other hand, isolated testimony as to the fact of a witness' cohabitation with an underage female or a witness' adherence to a religious belief favoring such relationships, without a foundation or predicate testimony connecting such conduct to plaintiff's claims, would be unfairly prejudicial.

 The motion in limine is granted in part and denied in part as set out above.

 DATED at Anchorage, Alaska, this   27th   day of October, 2015.


            /s/ H. Russel Holland
            United States District Judge