May 1, 2018

To: United States District Court for the District of Arizona

From: Roger Carter, Court Monitor

**Re: May 2018 Monitoring Report for the cities of Colorado City, Arizona and Hildale, Utah.**

  This report is submitted in compliance with § V.C. (39) of the Judgement and Decree Granting Injunctive Relief ("Order"), requiring a written report every 90 days on injunction compliance by the Defendant Cities and the activities of the Court Monitor.

 This report will cover the period from February 1, 2018, to April 30, 2018, and include a current status of compliance on all the Order requirements, identify any obstacles to the work of the Monitor and provide general observations (§ V.C. (40)).

Fair Housing Injunction Requirements

Items in Compliance with the Injunction

  The towns of Hildale, Utah and Colorado City, Arizona are currently in compliance with the following Court injunction requirements.

1. Subdivision Plat - Recorded September 26, 2017

2. Adoption of Building Department policies and codes - Adopted September 2017.

3. Water Service regulations - Adopted September 2017.

4. Culinary Water Impact Fee - A new water impact fee was presented to the communities on January 25, 2018, and was adopted by Hildale, Utah on February 13, 2018[1] and Colorado City, Arizona on February 12. 2018[2].  This requirement is complete.

5. Elected and Staff Contact Information on the website - All information is current.

6. Notice of all Meetings, Minutes, etc. - All minutes and notices are current.

7. All Department Codes, policies, regulations on the website - All information is current.

---

[1], Exhibit A
[2] Exhibit B

8. Mandatory Education & Training - Constitutional training and Fair Housing Training occurred in September 2017.  Injunction Training occurred on March 30, 2018.[3]  This requirement is now complete. New hire training continues but is current.

Outstanding Injunction Items

There are currently no injunction items outstanding.

Current Monitoring Efforts

Marshalls Office

The Monitor is to ensure that there are no violations of Fair Housing requirements by employees of the Marshal's Office.

A. Overall the 24-hour reporting requirement by the Marshall's office has been observed. There have been some failures largely due to the changes in the department and the new employees.

B. Work continues, in conjunction with the Police Consultant, in syncing up the monthly Computer Aided Dispatch ("CAD") report and the Incident Reports.  There are still some discrepancies between the incident numbers on the two reports, which makes it difficult to track.  Although this doesn't appear to be intentional, resolving this issue is necessary to ensure transparency and accountability.

C. The Monitor works closely with both the Police Consultant and Mentor and includes the following summary, as provided by them.

a. Police Consultant - The Marshall's Office is moving forward with the policy training as scheduled and several have occurred this past month.  The department is accepting applications for a new Chief and a new Sergeant.  The Consultant has met with the new Mayor and new city managers of both cities.  At these meetings, it was discussed how to move the department forward while working together to enhance the perception of the department.  A new Chief will

---

[3] Exhibit C

create a fresh-start with a new outside perspective. This will develop trust and confidence within the community.

b.  Mentor - Since the resignation of the Chief, the Mentor's role has been to support the Consultant in monitoring the progress of the new hires in the department as well as the posting and recruiting of the new Chief.  Three new officers were recently hired and are going through their field-training.  It is anticipated that a new Chief should be hired within the next month.  This new hire will be critical in moving forward in this department.  There are currently, perceived differences between the two communities in how they view this department but these differences should be resolved as the Marshall's Office moves forward.

Monitor

During this reporting period, the Monitor:

A.  The Monitor attended city and town council meetings, planning commission meetings, utility board meetings and executive sessions.

B.  Met with staff and elected officials.

C.  Reviewed modifications to codes or ordinances that pertain to Fair Housing, including discussions on the proposed new zoning ordinances.

D.  Reviewed records to ensure compliance with injunction requirements.

E.  Followed up on the following complaints by residents:

a.  A complaint was filed by an individual who felt that his earlier request to receive a lower impact fee was denied due to discrimination.  This individual also felt that certain comments were made, by public officials, that were discriminatory in nature.  After an investigation, it was determined that there was a legitimate non-discriminatory reason for the impact fee denial and the claim regarding discriminatory comments were without merit.

b. A business filed a complaint regarding the potential disruption of utility services based on their religious affiliation. The claimant, who owns and operates a water-bottling company, felt that there was an overt effort on the part of the Hildale Utility department to disconnect their water services and to provide those services to a competing business. After review of the information, Hildale City was informed, by the Monitor, that no disruption of service could occur because the current customer complied with all ordinances and policies. There is a current dispute between the community and the complainant on waterline ownership which the Monitor will continue to watch.

c. A complaint was filed by a business owner complaining that Colorado City was not responding in a timely manner to a business license request. This issue is currently being resolved.

<u>Summary</u>

This last reporting period saw some dramatic changes occur within the two communities. In February a new city manager was hired in Hildale, and the Chief of the Colorado City Marshall's Office resigned. In March the City Manager of Colorado City resigned, and in April a new manager was hired. In April, two council seats in Hildale were vacated. As each of these positions play a significant role in the making of policy and the setting of direction for the communities, there is a great opportunity to begin anew. This is a crucial moment for the communities as new leaders with new talents and skills look and plan toward the future.

Feelings continue to be sensitive between the religious factions of the community. During the last reporting period, the Monitor received the first complaint by an FLDS party claiming disparate treatment and discrimination by non-FLDS elected officials and staff. It is anticipated that these conflicts will occassionally occur as the community continues to diversify and learn how to cooperatively work together. The Monitor will continue to oversee compliance

issues and respond to any complaints of discrimination by elected officials or staff, irrespective of religious affiliation or protected class.

The two communities are challenged to find the "new normal" in their efforts to cooperatively work together.  The ideological and cultural differences of the community, which are more apparent today than ever, pose a formidable hurdle.  Religious beliefs, cultural insensitivity, and diversification have all placed a strain on, what has historically been, a regional community.  Compounding this is the establishment of first-time policies and regulations, such as subdivision, zoning, and utility codes, which may have to vary between the communities due to differences in state statutes and requirements.  For the first time, in the history of this area, the Utah/Arizona border is having an impact.  It is anticipated that local officials will have to find new ways to navigate, as independent identities seeking ways to address areas of common purpose.

As customs, traditions, and practices give way to new models of community governance, leadership gaps and power vacuums will naturally occur.  Monitoring these transitions will be necessary to make sure that individuals or groups are not taken advantge of and to ensure that all members of the community are treated equally and fairly.

<u>Communication</u>

This report was provided electronically and in hard copy to:

<u>To plaintiff:</u>

Sean Richard Keveney
United States Department of Justice
Civil Rights Division
950 Pennsylvania Ave, N.W.
Washington, DC 20053

<u>To Colorado City:</u>

Jeffrey C. Matura
Graif Barrett & Matura P.C.
1850 North Central Avenue, Ste. 500
Phoenix, AZ 85004

Town Manager
Colorado City
PO Box 70
Colorado City, AZ 86021

<u>To Hildale City:</u>

R. Blake Hamilton
Durham, Jones & Pinegar, P.C.
111 South Main Street, Ste. 2400
Salt Lake City, UT 84111

Mayor – Hildale City, Utah
320 East Newel Ave
PO Box 840490
Hildale, UT 84784

DATED at Washington, Utah, this 1st day of May 2018.

Roger Carter, Court Monitor

# Exhibit A

# Entity: Hildale

## Body: Hildale City

| | |
|---|---|
| **Subject:** | Business |
| **Notice Title:** | Hildale City Council Meeting |
| **Meeting Location:** | 320 East Newel Avenue |
| | Hildale   84784 |
| **Event Date & Time:** | February 13, 2018 |
| | February 13, 2018 04:00 PM |
| **Description/Agenda:** | PUBLIC NOTICE is hereby given that the Hildale City Council will hold a Public Meeting on Tuesday, February 13, 2018 at 4:00 P.M. in the Council Chambers of the Hildale City Hall, located at 320 East Newel Avenue, Hildale, Utah. |

Pledge of Allegiance
1.      CALL TO ORDER
2.      DECLARATION OF ABSTENTIONS & CONFLICTS
3.      PUBLIC COMMENT (FINAL ACTION ON A TOPIC MAY NOT BE TAKEN UCA § 52-4-202(6)(C))
4.      APPROVAL OF MINUTES: CONSIDERATION TO APPROVE THE MINUTES FROM THE CITY COUNCIL MEETINGS OF 01/16/2018 WITH EXECUTIVE CLOSED MINUTES AND BOTH MEETINGS ON 01/30/2018.
5.      CONSIDERATION TO CONFIRM APPOINTMENT OF A NEW CITY TREASURER.
6.      CONSIDERATION TO CONFIRM APPOINTMENT OF A NEW CITY RECORDER
7.      CONSIDER RESOLUTION ADOPTING WATER IMPACT FEES AS ORDERED BY THE UNITED STATES DISTRICT COURT
8.      CONSIDERATION AND APPROVAL OF ORDINANCE NO. 2018-02-01 AMENDING THE REGULATOR MEETING DATE FOR HILDALE CITY AND TO AUTHORIZE AMENDING THE ANNUAL MEETING NOTICE FOR 2018.
9.      CONSIDERATION AND APPROVAL OF RESOLUTION NO. 2018-02-01 AMMENDMENTS TO THE RATE AND FEE SCHEDULE (BUSINESS LICENSE FEES)
10.     CONSIDERATION TO GIVE CONSENT FOR AN OFF-PREMISES BEER RETAILER'S LICENSE FOR: THE BORDER STORE.
11.     CONSIDERATION TO GIVE CONSENT FOR A TOBACCO SALES BUSINESS LICENSE FOR: THE BORDER STORE.
12.     LARGE PURCHASES: CONSIDERATION AND APPROVAL TO PURCHASE GPS OR GRADE CONTROL SYSTEM FOR A CAT 140M ROAD GRADER.
13.     REPORTS OF OFFICERS, BOARDS, AND COMMITTEES
a.      AIRPORT
b.      AZ STRIP LANDFILL
c.      BUILDING DEPARTMENT
d.      BUSINESS LICENSE

```
e.        CORRESPONDENCE
f.        DISPATCH DEPARTMENT
g.        FIRE DEPARTMENT
h.        JUSTICE COURT
i.        UTILITY DEPARTMENT
j.        PLANNING AND ZONING COMMISSION
k.        POLICE DEPARTMENT
l.        PUBLIC WORKS DEPARTMENT
m.        CITY TREASURER
n.        CITY RECORDER
o.        CITY MANAGER
p.        MAYOR

14.       INDUSTRIAL PARK
15.       FINANCIAL REPORT AND OUTSTANDING DUES AND
CLAIMS
16.        NEW BUSINESS
17.        CLOSED EXECUTIVE SESSION IF NEEDED
18.        PENDING OR CONTEMPLATED LITIGATION, CLAIMS,
AND DEMANDS
A. CONSIDERATION TO APPROVE A CONFIDENTIAL SETTLEMENT
AGREEMENT WITH WEDGEWOOD DEVELOPMENT.
19.       ADJOURNMENT
Posted this 12th day of February 2018
Raymond C. Barlow, City Recorder
```

| | |
|---|---|
| **Notice of Special Accommodations:** | NOTE: PERSONS WITH DISABILITIES REQUIRING REASONABLE ACCOMODATIONS SHOULD CONTACT THE CITY RECORDER AT 435.874.2323 AT LEAST 24 HOURS PRIOR TO MEETING. |
| **Notice of Electronic or telephone participation:** | Council Members may be attending by telephone. |
| **Other information:** | |
| **Contact Information:** | Vincen Barlow (435)874-2323 recorder@hildalecity.com |
| **Posted on:** | February 12, 2018 02:53 PM |
| **Last edited on:** | February 12, 2018 02:53 PM |

Printed from Utah's Public Notice Website (http://pmn.utah.gov/)

# Exhibit B

# TOWN OF COLORADO CITY
## MEETING NOTICE

Pursuant to A.R.S. § 38-431.02, notice is hereby given to the members of the Colorado City Town Council and to the general public that the Town Council will hold a meeting open to the public on Wednesday, February 12, 2018 at 6:00 p.m. at the Colorado City Town Hall, 25 South Central Street, Colorado City, Arizona.

**AGENDA:**

Executive Session at 5:00 p.m.

1. Call to Order

2. Roll Call

3. Minutes of Previous Meeting(s)

4. Public Comments / Informational Summaries

5. Motion for Executive Session to be Held March 12, 2018 at 5:00 p.m. for Discussion and Consultation with Legal Counsel for Legal Advice in Accordance with § A.R.S. 38-431.03. (A) (3) & (4) (item 6 below)

6. Pending or Contemplated Litigation, Claims and Demands

7. Consider Resolution Adopting Facility Use Policy and Fees

8. Consider Resolution Adopting Water Impact Fees as Ordered by the United States District Court

9. Ratify Vehicle Lease-Purchase with ALLY Financial

10. Consider Hiring Administrative Assistant

11. Consider Hiring Part-Time Janitor

12. Consider Options for Replacing Police Chief Position

13. Consider Advertising for Police Administrative Positions

14. Renewal of Premise, Auto, Propane Delivery and Equipment Insurance with Allied Insurance

15. Capital Improvements Planning

16. Boards, Commissions and Department Reports
    a. *Airport Advisory Committee*
    b. *Planning Commission*
    c. *Public Works Advisory Board*
    d. *Arizona Strip Landfill Corporation*
    e. *Utility Board - Ratify Board Actions*
    f. *Other Departments*

17. Budget Report and Order to Pay Due Claims

18. Adjournment

Agenda items and any variables thereto are set for consideration, discussion, approval or other action.  All items are set for possible action. The Town Council may, by motion, recess into executive session, which will not be open to the public, to receive legal advice from the Town's attorney(s) on any item contained in this agenda pursuant to ARS § 38-431.03 (A) (3)(4), or regarding sensitive personnel issues pursuant to ARS § 38-431.03 (A) (1), or concerning negotiations for the purchase, sale or lease of real property; ARS § 38-431.03 (A) (7).  One or more Council members may be attending by telephone.  Agenda may be subject to change up to 24 hours prior to the meeting.  Persons with a disability may request a reasonable accommodation by contacting the Town Clerk at 928.875.2646 as early as possible to allow sufficient time to arrange for the necessary accommodations. Town of Colorado City Council Meeting Agenda

# Exhibit C

# Hildale & Colorado City: New Policies, Procedures, Regulations, and Ordinances

R. Blake Hamilton & Jeff Matura

DURHAM JONES & PINEGAR

Barrett | Matura

# Injunction Requirements

- Policing Act Injunction V.(B)
  - Hildale and Colorado City are prohibited from engaging in conduct that:
    - Violates the Establishment Clause of the First Amendment;
    - Violates the Fourth Amendment;
    - Violates the Equal Protection clause of the Fourteenth Amendment;

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Policing Act Injunction V.(B)(2)-(3)
  - Cities must engage the services of a police Consultant (Chief Keith)
- The Consultant shall assist the Cities in:
  - Developing new policies and procedures for hiring of officers
  - Advertising and searching for 2 additional officers
  - Developing new policies and procedures for internal affairs investigations
  - Conducting a comprehensive review, update, and/or revision of all CCMO policies
  - Purchasing body cameras and implementing a pilot program for their use
  - Providing yearly training to the CCMO on the First, Fourth, and Fourteenth Amendments, the state and federal Fair Housing Acts, landlord/tenant law, trespass law, and other topics the Cities deem appropriate
  - Facilitating a meeting with the CCMO Chief and the County Sheriffs
  - Obtaining a Mentor (Chief Flowers) for the Chief Marshall, meetings monthly for the first year

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(1)
  - Hildale and Colorado City shall not:
    - Make housing unavailable or deny housing opportunities to individuals because of religion in violation of 42 U.S.C. 3604(a);
    - Discriminate in the terms, conditions, or privileges of the rental or sale of a dwelling because of religion, in violation of 42 U.S.C. 3604(b); or
    - Coerce, intimidate, threaten, or interfere with a person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided and encouraged any other person in the exercise or enjoyment of, a right granted by the Fair Housing Act, in violation of 42 U.S.C. 3617.

D | J | P

DURHAM JONES & PINEGAR

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(2)
  - Approval of Subdivision Plat
    - Colorado City shall renew discussions to create a recordable subdivision plat
    - Colorado City shall approve the plat and deliver it to the UEP for recording

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(3)-(8)
  - Building Department Policies and Procedures
    - Hildale and Colorado City shall adopt:
      - Objective, uniform, and non-discriminatory policies and procedures to govern the operation of the Cities' building department and building officials related to the handling of building permits and applications for associated licenses and certificates, including:
        - Building permit application requirements
        - Plan review process
        - Building inspections
        - Bases for permit application denials and permit revocations
        - Assessment of fees

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(3)-(8)
  - Building Department Policies and Procedures
    - Must include the following:
      - Statement that the Cities may not take action on a permit for arbitrary reasons, or on the basis of religious affiliation;
      - Statement that Cities shall not issue a permit unless the application includes the signature of the property owner;
      - An application form with lines for the name, contact information, and signature of the property owner or representative;
      - Statement giving 14 days written notice to the owner and applicant before a permit expires or is cancelled, stating the reasons for expiration or cancellation;
      - A procedure that allows permit holders and applications to appeal adverse decisions

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(3)-(8)
  - Building Department Policies and Procedures
    - Can only be modified with written notice to the United States and the Monitor 30 days before the proposed modifications go into effect, including the modification requested and the documentation supporting the modification
    - Policies may not be enforced in a manner that discriminates based upon religion.

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(9)-(13)
  - Amendments to Water Services Regulations
    - Repeal outdated regulations based on "new water" requirements
    - Amend regulations for requirements to transfer existing water connection from existing customer to new customer to include:
      - Attest under penalty of perjury that the new customer owns the property or has owner's permission to occupy or obtain utilities for the property; and
      - Show proof of ownership or permission to occupancy or obtain utilities (e.g. deed, rental agreement, lease).
    - The revised regulations shall not require new transfer customers to:
      - Obtain permission from existing customer by using the Utility Services Disconnect or Termination Application form or other means;
      - Provide proof that the new customer has extinguished all other potential occupants' rights to the property; or
      - Wait any period of time for utility service to be transferred so that the existing customer can be contacted if the new customer provides the attestation and proof of ownership or right to occupy or obtain utility services

D | J | P

DURHAM JONES & PINEGAR

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(9)-(13)
  - Amendments to Water Services Regulations
    - Can be modified only with written notice given to the United States and the Monitor 30 days before the proposed modifications go into effect, specifying the modification requested and any supporting documentation.
    - Water service regulations shall not be enforced in a manner that discriminates based upon religion.

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(14)-(21)
  - Culinary Water Impact Fee
    - A court-appointed engineering firm (Alpha Engineering) shall perform a review of the Cities' culinary water impact fee and provide the parties and the Court with an Updated Culinary Water Impact Fee Facilities Plan and Impact Fee Analysis ("Updated Impact Fee Report").
    - Should the Updated Impact Fee Report recommend a maximum eligible impact fee that is lower than the Cities' current impact fee, the existing fee shall be revised within 35 days.
    - The amount of any impact fee for culinary water connections may only be modified with written notice to the United States and the Monitor 30 days before the proposed modification is to take effect. The notice must include the proposed new amount and any reports or analyses supporting the modification.
    - The Culinary Water Impact Fee plan shall be reviewed by a licensed engineer or engineering firm at no less than five-year intervals.

DURHAM JONES & PINEGAR

D | J | P

# Injunction Requirements

- Websites and Public Notice V.(C)(22)-(23)
- Hildale and Colorado City must develop and maintain publicly available websites for the duration of the injunction
- Home page contents:
  - Name and contact information for elected or appointed officials, and heads of city departments
  - Notice of all upcoming city council and utility board meetings
  - Links to mechanisms to apply for municipal services (building permits, utility connections or transfers, subdivision applications, and public records requests)
  - Links to municipal ordinances, codes, regulations, procedures, and policies, including CCMO manual and any revisions made according to the injunction
    - Update links within 30 days of adoption, amendment, or repeal.
    - Maintain paper and electronic copies during the injunction.
- Include the Court's statement about the injunction

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(24)-(28)
  - Mandatory Education & Training
    - Annual training on:
      - The requirements of the injunction
      - First, Fourth, and Fourteenth Amendments
      - Fair Housing Act
      - Policies, procedures, regulations, and ordinances adopted or amended pursuant to the Fair Housing Act Injunction
    - New employees or officials must receive this training within 30 days of hire (can watch video of prior trainings)
    - All persons required to attend trainings must sign a verification that they attended the training, with a copy sent to the United States for the first training and to the Monitor for all subsequent trainings.

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(29)-(41)
  - Monitor
    - Reviews municipal decisions by Hildale and Colorado City that implicate the Fair Housing Act and oversees implementation of all aspects and terms of the injunction. Duties include:
      - Regular site visits, interviews, document review, meetings
      - Review of applications and requests regarding utilities, building permits and associated licenses and certificates, subdivision, zoning amendments and variances, and applications for exceptions to relief from any municipal land use decisions, rules, or ordinances,
      - Review all modifications to ordinances, regulations, procedures, or policies affecting housing or municipal services related to housing
      - Review all complaints regarding municipal actions potentially affecting rights associated with housing
      - Review any proposed changes to Building Department Policies, Water Services Regulations, or culinary water impact fee
      - Issue reports to the parties and the court regarding the Cities' progress towards compliance with the injunction

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(29)-(41)
  - Monitor
    - The Cities shall cooperate freely and fully with all reasonable monitoring activities and requests, including
    - Providing Monitor with advance, timely notice of all regular and emergency public meetings sufficient to allow him to attend
    - Allowing the Monitor full access to meetings
    - Providing Monitor advance, timely notice of executive session meetings, where the Monitor may request attendance
    - Allowing Monitor full access to individuals, documents, meetings, reviews, data and trainings
    - Providing free, open, and immediate access to all documents, records, files and information, including (1) documents in the Cities' control (2) correspondence with the Cities and (3) records involving planning, reporting, decision-making, or investigative records (not including attorney-client privileged materials)

DURHAM JONES & PINEGAR

D | J | P

DJPLAW.COM

# Injunction Requirements

- Fair Housing Act Injunction V.(C)(29)-(41)
  - Monitor
    - The Monitor provides the parties and Court with a written report every 90 days for the first 2 years of the injunction
    - If the Monitor identifies evidence of a violation of the terms of the injunction in the form of Fair Housing Act violations, the Monitor shall make a written report to the parties and allow the parties an opportunity to respond and provide witnesses for interviews in connection with the report

# Injunction Requirements

- Records and Rights to Access VI.(1)-(4)
  - All records associated with complying with the injunction must be preserved
  - The Monitor, the parties, and their attorneys shall have full and direct access to staff, employees, facilities, documents, records, files and data associated with the injunction, and be permitted to inspect and copy records associated with compliance with the injunction

# Injunction Requirements

- Jurisdiction, Duration, Etc. VII.(1)-(9)
  - The Court retained jurisdiction to enforce the terms of the injunction
  - The injunction is for 10 years
  - The United States can move to extend the duration of the injunction in the event of noncompliance
  - Time limits can be extended by mutual agreement between the parties, or a motion to the Court if an agreement cannot be reached

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# New Policies and Procedures

- Pursuant to the injunction, Hildale and Colorado City have amended the following:
  - Water Services Regulations
  - Building Department Policies and Procedures
  - Culinary Water Impact Fee
- And adopted the following:
  - Ordinances amending the above
  - Ordinances repealing old water regulations

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Hildale Ordinance 2017-05-01

**DURHAM JONES & PINEGAR**

**D|J|P**

## Hildale City Ordinance No. 2017-05-01

## An Ordinance of the Hildale City, Utah to Repeal Ordinance No. 2010-01 and Hildale City Code Chapter 51, Section I, Article II New Water Connections

**WHEREAS,** Hildale City seeks to follow the order from Judge Teilborg that was handed down through the United States District Court for the District of Arizona order to repeal Ordinance 2010-01 Water Regulation; and

# Hildale Ordinance 2017-05-01

All of Hildale City Ordinance No. 2010-01 [Hildale City Code Chapter 51, Section I, Article II "New Water Connections"] be repealed, null and void.

*This article shall be known as the "New Culinary Water Connection Ordinance"*

*(Ord. No. 2010-01, 1-12-2010)*

Sec. 51-38.   New service connection.

*No new service location will be connected to the culinary water system unless the individual is able to adequately bring water to the system as established by quality/quantity resolution, adequately establishes the rights of the water brought to the system, and pays connection charges established by the schedule of fees and penalties.*

*(Ord. No. 2010-01, 1-12-2010)*

Sec. 51-39.   Reconnection.

*The uniform utility billing regulations set forth in chapter 62 govern reconnection of culinary service locations.*

*(Ord. No. 2010-01, 1-12-2010)*

Sec. 51-40.   New service for customer with debt to city.

*No new service location will be connected to the culinary water system if the individual desiring the connection has delinquent debt owing the city for any purpose, unless the debt is the subject of an administrative or judicial proceeding in which the validity of the debt is contested.*

*(Ord. No. 2010-01, 1-12-2010)*

*Secs. 51-41—51-68.   Reserved.*

# Colorado City Resolution 2017-14

## RESOLUTION NO. 2017-14

A RESOLUTION OF THE MAYOR AND COUNCIL OF THE TOWN OF COLORADO CITY, ARIZONA, DECLARING THAT THE TOWN CODE ENTITLED TITLE V, CHAPTER 51 WATER REGULATIONS, WAS AMENDED BY ORDINANCE NO. 2015-02 REPEALING CERTAIN SECTIONS REGARDING WATER POLICY.

## NOW THEREFORE, BE IT RESOLVED BY THE MAYOR AND COUNCIL OF THE TOWN OF COLORADO CITY, ARIZONA:

**Section 1:** The Town Council hereby verifies and re-affirms that Town of Colorado City Ordinance No. 2015-02, an ordinance adopting amendments to the Town of Colorado City Water Regulations Code by reference, was adopted on March 16, 2015 with effect of fully repealing and removing the "new water policy" language as follows:

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Colorado City Resolution 2017-14

## § 51.15 APPLICATION FOR WATER.

(A) A Customer shall make a written application for the use of water ~~shall be made in person~~ to the water ~~company department~~ on such forms as the water department may prescribe ~~by the owner or agent of the property to be benefited~~, designating the location of the property~~, and~~ stating the purpose for which the water may be required, identifying the person responsible for the account, and other information requested. The written application shall be accompanied by required fees as established by the Town.

~~(B) No new service location will be connected to the culinary water system unless the applicant is able to adequately being water to the system as established by the quantity/quality resolution, adequately establish the right of the water brought to the system, and pays connection charges established by resolution.~~

**Section 2:** If there is any question remaining as to whether the new water connection policy has been repealed, the Council hereby again by official act of adopting this resolution, repeals the outdated water service access regulations based on "new water requirements" as reflected in Section 1, above, and declares that language null and void.

DURHAM JONES & PINEGAR

# Amended Water Service Regulations

**RESOLUTION NO. 2017-23**

**A RESOLUTION OF THE MAYOR AND COUNCIL OF THE TOWN OF COLORADO CITY, ADOPTING WATER SERVICE REGULATIONS.**

**WHEREAS**, the Town of Colorado City owns the municipal water distribution, storage and treatment

**HILDALE CITY RESOLUTION NO. 2017-06-03**

**A RESOLUTION AMENDING THE HILDALE CITY/ COLORADO CITY UTILITY DEPARTMENT WATER SERVICE REGULATIONS.**

WHEREAS, the City of Hildale, Utah, and the Town of Colorado City, Arizona, have entered

DURHAM JONES & PINEGAR

D|J|P

DJPLAW.COM

# Amended Water Service Regulations

## HILDALE UTAH

### and

## COLORADO CITY ARIZONA
## WATER DEPARTMENT

## WATER SERVICE REGULATIONS

### 10. GENERAL

A. These Water Service Regulations are designed to govern the supplying of and utilization of Water Service consistent with prudent utility practice and with safety to Customers and to the Department. *(See A.R.S. Title 9, Chapter*

DURHAM JONES & PINEGAR

DJPLAW.COM

D | J | P

DURHAM JONES & PINEGAR

# Amended Water Service Regulations

- Added provisions regarding transfer of an existing water connection:

## 30. SERVICE AGREEMENTS

### 30.10    FORM AND EXECUTION OF SERVICE AGREEMENTS

B.  In order to transfer an existing water connection from the name of an existing Customer to the name of a new Customer, where the existing Customer has not applied to transfer service to the new Customer's name, the new Customer need only:

a.  Attest under penalty of perjury, by signing and submitting the application for utility services, that the new Customer owns the property for which he/she is seeking a utility connection or has the owner's permission to occupy or obtain utility services at the property; and

b.  Show proof of ownership of the property, permission to occupy, or obtain utility services at the property. Such documentation may take the form of a deed or an occupancy agreement, rental agreement, lease, or other document showing permission by the owner to occupy or seek utility services.

# Amended Water Service Regulations

- Deleted provisions requiring Department to verify change in occupancy. Now reads:

D. Upon request by a new Customer meeting the terms outlined in Section 30.10 above, the the Department will cancel the current Customer's Service Agreement[1] The intent is to facilitate the transfer of service to a new occupant as quickly as possible. The intent is not to facilitate self-help evictions of existing occupants.

---

[1] Historical Note: The termination of a current Customer's service agreement upon application of a third party new Customer is upon order of the United States District Court for the District of Arizona, Judgment and Decree Granting Injunctive Relief, dated April 18, 2017.

DURHAM JONES & PINEGAR

# Amended Water Service Regulations

- Deleted provision permitting City to obtain a lien against the property in the event of non-payment

DURHAM JONES & PINEGAR

DJPLAW.COM

# Amended Utility Services Application

- Page 1

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Amended Utility Services Application

- Page 2

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Amended Utility Services Application

- Page 3



DURHAM JONES & PINEGAR

DJPLAW.COM

# Amended Utility Services Application

- **Page 3 was added for transfers of utility connections without permission of the existing customer:**

**Transfer of Utility Connection without Persmission of Existing Customer:**

In order to transfer an existing utility connection from the name of an existing Customer to the name of a new Customer, where the existing Customer has not applied to transfer service to the new Customer's name, the new Customer need only:

a. Attest under penalty of perjury, by signing and submitting the application for utility services, that the new Customer owns the property for which he/she is seeking a utility connection or has the owner's permission to occupy or obtain utility services at the property; and

b. Show proof of ownership of the property, permission to occupy, or obtain utility services at the property. Such documentation may take the form of a deed or an occupancy agreement, rental agreement, lease, or other document showing permission by the owner to occupy or seek utility services.

DURHAM JONES & PINEGAR

D|J|P

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Amended Utility Services Application

- Page 3: Applicant attests to right to transfer services

**Applicant hereby attests under penalty of perjury by signing and submitting this application for utility services, that the Applicant owns the property for which he/she is seeking a utility connection or has the owner's permission to occupy or obtain utility services at the property.**

Applicant's Signature: _____

Date of Application: ____ / ____ / ____

D | J | P

**DURHAM JONES & PINEGAR**

# Amended Utility Services Application

- Page 3: Description of documentation provided by applicant

Utility Department Use Only

Proof of ownership of property, permission to occupy or obtain utility services provided: **Y / N**

Description of documentation provided (e.g., deed, lease, occupancy agreement, letter of permission from owner):

_____

_____

Name of City official reviewing application: _____ ; Date: ___/___/___

# New Building Department Policies & Procedures

- Adopted New Building Department Policies & Procedures
  - Apply to the building department of Hildale and Colorado City (101.01)
  - Must be enforced uniformly and not to discriminate, no action can be taken for arbitrary reasons or on the basis of religion (101.02)

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# New Building Department Policies & Procedures

- 102 – Permit Application
  - 102.01 - Department must provide an application at each City office and each City website
  - 102.02 – Applicant must file an application that includes the following:
    - Identifies and describes the work to be covered by the permit application
    - Describe the land on which the work is to be done by legal description, street address, etc.
    - Indicate the use for which work is intended
    - Include construction documents, other submittal information, and fees
    - Include the name, contact information, and signature of the applicant and property owner
    - Other data required on the applicaiton

# New Building Department Policies & Procedures

- 103 – Plan Review

  - 103.01 – The building department shall examine the application for conformity to codes and regulations. If the application is deficient, the applicant shall be notified.

# New Building Department Policies & Procedures

- 104 – Building Permit
  - 104.01 – The permit is issued after the complete application is made, documents are reviewed, and fees are paid.
  - 104.02 – The permit is not issued unless the application includes the signature of the property owner or owners representative.
  - 104.03 – The permit will not expire without 14-day prior written notice to the property owner and the applicant (at the address on the application) stating the basis for the decision, describing the appeals process, and providing a copy of the city code provision on appeals.

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM

# New Building Department Policies & Procedures

- 104 – Building Permit (continued)

  - 104.04 – Permit holder/applicant can appeal an adverse decision by following the appeals process found in Colorado City Town Code § 153.005 and Hildale City Code § 31-67. The time period for appeal runs from the date of the notice of the final adverse decision.

  - 101.03 – "Adverse decision" is defined as "a decision significantly adverse to a permit holder or permit applicant, such as a decision to deny, withdraw, void, or cancel a permit."

DURHAM JONES & PINEGAR

DJP

DJPLAW.COM

# New Building Department Policies & Procedures

- 105 – Inspections
  - 105.01 – Construction or work for which a permit is required is subject to inspection by the building department and must be accessible and exposed for inspection purposes until approved. Adverse decisions based upon building inspection reports may be appealed pursuant to 104.04.
  - 105.02 – The building permit holder or their agent must notify the building department when work is ready for inspection. Inspections shall occur in a timely manner following notification.

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Amended Colorado City Building Permit Application

- Added owner signature line



SIGNATURE OF APPLICANT          DATE

SIGNATURE OF OWNER          DATE

PERMIT NUMBER          DATE ISSUED

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Amended Hildale City Building Permit Application

- Added owner signature line

CONSTRUCTION OR THE EXTENSION OF CONSTRUCTION.

SIGNATURE OF APPLICANT _____ DATE _____

SIGNATURE OF OWNER _____ DATE _____

PERMIT NUMBER _____ DATE ISSUED _____

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Impact Fees Review





43 South 100 East, Suite 100   **T** 435.628.6500
St George, Utah 84770   **F** 435.628.6553

**alphaengineering.com**

January 25, 2018

Town of Colorado City
Attn: Mayor Joseph Allred
P.O. Box 70
Colorado City, AZ  86021

Dear Mr. Allred:

**RE:**   **Culinary Water Impact Fee Facilities Plan & Impact Fee Analysis Review for Hildale City and the Town of Colorado City**

As directed by the City of Hildale and Town of Colorado City (the "Client") and the Department of Justice, we have completed a review of the *Culinary Water Impact Fee Facilities Plan & Impact Fee Analysis for Hildale City and the Town of Colorado City* (the "IFFP") prepared by Sunrise Engineering dated December 2014. We have further met and discussed negotiable assets owned

D | J | P

DURHAM JONES & PINEGAR

DJPLAW.COM

# Impact Fees Review

**Impact Fee Analysis Review for Hildale City and the Town of Colorado City**

**January 25, 2018**

10-year planning period it is anticipated that there would be 245 connections for a net reduction of $180.00 per connection.

## Summary

In summary our findings have established the following as it relates to the Court Order (pgs. 15, 37-38)

1) Segregating commercial and industrial customers from residential customers did not significantly affect the usage assigned for a residential customer.

2) Water rights held by the UEP may be available at no cost, but the Client has already purchased water rights which were within the limits of the costs provided in the IFFP.

3) Due to the fact water rights were purchased at a lower price than contemplated in the IFFP, there could be a reduction to the impact fee of $180.00 per connection. Enough water rights were purchased to provide for the growth of the community for approximately 10 years. It is anticipated that an IFFP has a useful life of 5 to 7 years and if water rights were able to be obtained at no cost or a lower cost for future needs of the communities, the IFFP could be modified at that time.

Let us know if we can provide any additional information.

# Updated Impact Fees

**RESOLUTION NO. 2018-03**

**A RESOLUTION OF THE MAYOR AND COUNCIL OF THE TOWN OF COLORADO CITY, ARIZONA, ADOPTING MINOR AMENDMENTS TO THE WATER IMPACT FEE ANALYSIS AND REDUCING WATER DEVELOPMENT FEES IN COMPLIANCE WITH FEDERAL DISTRICT COURT INJUNCTION.**

**Section 1.**  In accordance with the court ordered review of the development impact fee report, water development impact fees are hereby reduced by $180 and set as follows:

| | |
|---|---|
| ¾" Meter Impact Fee | $11,820 |
| 1" Meter Impact Fee | $22,820 |
| 1-½" Meter Impact Fee | $33,820 |
| 2" Meter Impact Fee | $44,820 |

**Section 2.**  In accordance with the Development Fee Statute, the development fees set forth in Section 1 above shall not be effective until 75 days after the date of this Resolution.

DJP

DURHAM JONES & PINEGAR

# Updated Impact Fees

## HILDALE CITY RESOLUTION NO. 2018-02-02

**A RESOLUTION OF THE MAYOR AND COUNCIL OF THE CITY OF HILDALE, UTAH, ADOPTING MINOR AMENDMENTS TO THE WATER IMPACT FEE ANALYSIS AND REDUCING WATER DEVELOPMENT FEES IN COMPLIANCE WITH FEDERAL DISTRICT COURT INJUNCTION.**

Section 1.  In accordance with the court ordered review of the development impact fee report, water development impact fees are hereby reduced by $180.00 and set as follows:

| | |
|---|---|
| 3/4 " Meter Impact Fee | $11,820 |
| 1" Meter Impact Fee | $22,820 |
| 1-1/2" Meter Impact Fee | $33,820 |
| 2" Meter Impact Fee | $44,820 |

Section 2.  In accordance with the Development Fee Statute UCA § 11-36a-401 (2), the development fees set forth in Section 1 above shall not be effective until 90 days after the date of this Resolution.

D|J|P

DURHAM JONES & PINEGAR

DJPLAW.COM