August 1, 2018

To: United States District Court for the District of Arizona

From: Roger Carter, Court Monitor

**Re: August 2018 Monitoring Report for the cities of Colorado City, Arizona and Hildale, Utah.**

This report is submitted in compliance with § V.C. (39) of the Judgement and Decree Granting Injunctive Relief ("Order"), requiring a written report every 90 days on injunction compliance by the Defendant Cities and the activities of the Court Monitor.

This report will cover the period from May 1, 2018, to July 31, 2018, and include a current status of compliance on all the Order requirements, identify any obstacles to the work of the Monitor and provide general observations (§ V.C. (40)).

## Fair Housing Injunction Requirements

<u>Items in Compliance with the Injunction</u>

The towns of Hildale, Utah and Colorado City, Arizona are currently in compliance with the following Court injunction requirements.

1. Subdivision Plat - Recorded September 26, 2017, however, it is in progress of being approved by the Arizona State Department of Real Estate.
2. Adoption of Building Department policies and codes - Adopted September 2017.
3. Water Service regulations - Adopted September 2017.
4. Culinary Water Impact Fee - A new water impact fee was presented to the communities on January 25, 2018, and was adopted by Hildale, Utah on February 13, 2018, and Colorado City, Arizona on February 12. 2018.  This requirement is complete.
5. Elected and Staff Contact Information on the website - All information is current.
6. Notice of all Meetings, Minutes, etc. - All minutes and meetings are current.
7. All Department Codes, policies, regulations - All information is current.

8. Mandatory Education & Training - Constitutional training and Fair Housing Training occurred in September 2017. Injunction Training occurred on March 30, 2018. This requirement is now complete. A thorough audit of all new hire training was conducted in July. Generally speaking, new employees have complied with the provisions of the Injunction. The exceptions have been rare, are being corrected, and does not appear to malice in nature.

Outstanding Injunction Items

There are currently no outstanding injunction items.

## Current Monitoring Efforts

Marshalls Office

The Monitor is to ensure that there are no violations of Fair Housing requirements by employees of the Marshal's Office during their interaction with the public.

A. The Monitor continues to evaluate fair housing related Incident Reports, and Computer Aided Dispatch (CAD) reports to ensure that *all* calls are reported and done so accurately. At the request of Colorado City, the Monitor provided clarification to the Cities on the need to continue to report "trespass" incidents.[1]

B. The Monitor works closely with both the Police Consultant and Mentor and provides the following summary, as provided by them.

   a. The Marshall's Office has made some significant changes and progress during the past quarter. The communities hired a new Chief, Mark Askerlund. Chief Askerlund came from northern Utah and has been a part of two police departments. The Chief is building a good relationship with the citizens and both cities. Three new officers have also been hired and are fully certified.

   b. Progress is being made on the police policies. However, the Department of Justice (DOJ) has informed the Consultant that the new policies will not be

---

[1] Exhibit A

completed this summer as anticipated but will more likely take until mid to late fall.  The DOJ indicated that this was due to resource issues within their department.  The cities Marshal's Office will be trained on these policies as they become approved.

Monitor

During this reporting period, the Monitor:

A. The Monitor attended city and town council meetings, planning commission meetings, utility board meetings and executive sessions.

B. Met with staff and elected officials.

C. Reviewed modifications to codes or ordinances that pertain to Fair Housing, including discussions on the proposed new zoning ordinances.

D. Audited building and zoning applications, utility applications and work orders, business license applications, GRAMA requests, and land-use related police calls for service.

E. Followed up on the following complaints by residents:

   a. The Monitor received his first complaint from an FLDS individual who claimed that his business was discriminated against by city officials of Hildale.  The business complained that city officials had unfairly tapped into a water line, owned by the company, to allow a competing business to use services from this proprietary water line.  The ownership of this line will need resolution before the ripening of any potential discrimination claim. This has been communicated back to the complainant.

   b. A complaint was received by a vendor who felt that the Colorado City Fire Department had discriminated against them due to the cancellation of a contract.  In reviewing the facts with them, it was clear that there was no

basis for discrimination. The Monitor facilitated discussions between the parties, and it was resolved amicably.

## Summary

This report represents the one year anniversary of the court oversight on the communities of Colorado City and Hildale. This past year has seen some significant effort and progress both on the part of the Court appointed officials as well as the communities. All of the first-year injunctive deadlines have been met.

Several significant events occurred this past quarter. In June, the communities hired a Chief Marshal. Chief Mark Askerlund comes from outside the community, has had no previous affiliation with either city and has extensive policing background; including Chief of Police. Chief Askerlund has emphasized transparency and police conduct in his new position. The hiring of a new Chief, several new officers, and implementation of the court-mandated policies has created a positive shift in both the quality of policing as well as an increase in the confidence of the community.

The communities continue to navigate their relationship with each other. In June, the two cities agreed to separate the joint Planning Commission. The town of Hildale held their first independent Planning Commission meeting on July 2, 2018. It is anticipated that decisions like these will continue to be made in the future as each community decides what is in the best interest of their differing populations.

In moving forward, the Monitor identifies three phases to the Injunction. The first phase has been the efforts of the past year in complying with the precise court-ordered deadlines. All of these first-year deadlines have been met.

The second phase will involve the Monitor reviewing all land-use and other codes that have become an outcome of the Court Order, such as subdivision and zoning ordinances. In the best of circumstances, land-use laws and decisions can be challenging, complex, and inappropriately applied. The Monitor will review the proposed codes, offer assistance when

asked, and ensure that they are written in a fair and non-discriminatory manner.  Currently, Hildale is reviewing and revising their General Plan, and both cities are undertaking the development of their zoning codes (along with any appurtenant land-use ordinances).   Once these codes are adopted the Monitor will oversee their fair and equitable application.

The third phase will involve extended, ongoing monitoring, to ensure that fair and non-discriminatory practices become an integral part of the character of these governments and the manner by which all citizens are treated.

Although significant changes have been made over the past year, time is necessary to continue to unweave the challenges that have been built over many years and to restore the trust and confidence of these communities fully.

## Communication

This report was provided electronically and in hard copy to:

<u>To plaintiff:</u>

    Sean Richard Keveney
    United States Department of Justice
    Civil Rights Division
    950 Pennsylvania Ave, N.W.
    Washington, DC 20053

<u>To Colorado City:</u>

    Jeffrey C. Matura
    Graif Barrett & Matura P.C.
    1850 North Central Avenue, Ste. 500
    Phoenix, AZ 85004

    Town Manager
    Colorado City
    PO Box 70
    Colorado City, AZ 86021

<u>To Hildale City:</u>

    R. Blake Hamilton
    Durham, Jones & Pinegar, P.C.
    111 South Main Street, Ste. 2400
    Salt Lake City, UT 84111

    Mayor - Hildale City, Utah
    320 East Newel Ave
    PO Box 840490
    Hildale, UT 84784

DATED at Washington, Utah, this 1st day of August 2018.

_____

Roger Carter, Court Monitor

# Exhibit A



Roger Carter <rrcivicus@gmail.com>

## Colorado City / Hildale CCMO - Question

**Roger Carter** <rrcivicus@gmail.com>                                                                                               Wed, May 23, 2018 at 3:03 PM
To: Jeffrey Matura <jmatura@barrettmatura.com>
Cc: "Hamilton, R. Blake" <bhamilton@djplaw.com>, "Savner, Emily (CRT)" <Emily.Savner@usdoj.gov>, Sean Keveney <sean.r.keveney@usdoj.gov>, "Sacks, Noah (CRT)" <Noah.Sacks@usdoj.gov>, "Donnelly, Matthew (CRT)" <Matthew.Donnelly@usdoj.gov>

Jeff,

Thank you for the question and reaching out.  Here is the reporting memo I provided in August 2017.

*August 25, 2017*

*To: Chief Jerry Darger, Colorado City Marshal's Office, Colorado City Town Officials, Hildale Town Officials.*

*Cc: Chief Jim Keith, Chief Robert Flowers.*

*From: Roger Carter, Court Monitor*

*Re: Calls for Police Service*

*Please notify the Court Monitor, Roger Carter, in the event that there is any call for police service that involves land use, housing, licensing, or utility services, within 24 hours of the incident.  These type of calls would include, among other items: utility disputes, land use issue (lot line dispute, trespass, building permit, building inspection, zoning or subdivision issue, etc.), evictions, business license issue or any related item.  The Incident Report and/or other documentation, may be requested. If you have any questions, please notify the Court Monitor*

The salient sentence to me is "Please notify the Court Monitor...in the event that there is any call for police service that involves land use, housing, licensing, or utility services, within 24 hours of the incident."  I then included what type of calls these might include.  An example of when this might be a situation would be when someone enters a property and turns on or off utilities or, more frequently, evictions that result in a complaint of trespass.

There are three primary reasons for this reporting request.

First, the memo was provided to relieve the responding officers of determining which calls constitute a housing violation and which calls do not.  This federal Fair-Housing statute is relatively complicated and placing the burden upon the officer to determine if the request for service is in compliance or not seems unfair.  My hope is that compliance with this reporting memo will protect the officers from under-reporting, which would constitute a greater infraction than over-reporting.

Second, this reporting requirement addresses the potential problem or accusation of selective reporting on the part of the officer or department.  I have tried to put in place the necessary measures to ensure (as much as possible) that complete and accurate records are being kept as it relates to violations of the injunction.  As you know, part of this accuracy includes cross-checking the officer's reports with the Computer Aided Dispatch (CAD) reports.  To date, we have still not fully reconciled the officer's reports and the CAD records.  Again, from my perspective, if an officer determines not to report and then a complaint is filed, or it is determined that they should have reported, then this could constitute a reportable violation; I am trying to avoid this situation.

And finally, in the Order dated March 15, 2017, titled "Modifications to Proposed Injunctive Relief,"  Judge Holland provides some clarity to the fact that "...As a consequence, and for purposes of enforcement of the Fair Housing Act, the Monitor's duties must include oversight of policing services related to access to housing.  The Monitor's duties are not limited to non-law enforcement aspects in terms of the injunction."  Requesting that the officers provide notice of trespass calls helps the monitor to determine, in the words of this order, any "intersections between CCMO policing and accessing to housing."

Based upon these noted reasons, the original request to provide notice of trespass calls for service was to provide protection to the officers from erroneously under-reporting, ensure that selective reporting was not occurring, and done in accordance with the injunction.  Therefore, it is my position that the original memo requiring reporting of trespass calls for service continue.

I hope this is helpful and, I appreciate your assistance in clarifying any misunderstanding on the part of the Marshal's office.  Please let me know if I can be of any further assistance.

Roger Carter

[Quoted text hidden]

--
Roger Carter
Court Monitor