May 1, 2019

To: United States District Court for the District of Arizona

From: Roger Carter, Court Monitor

**Re: May 2019 Monitoring Report for the cities of Colorado City, Arizona and Hildale, Utah.**

This report is submitted in compliance with § V.C. (39) of the Judgement and Decree Granting Injunctive Relief ("Order"), requiring a written report every 90 days on injunction compliance by the Defendant Cities and the activities of the Court Monitor ("Monitor").

This report will cover the period from February 1, 2019, to April 30, 2019, and include a current status of compliance on all the Order requirements, identify any obstacles to the work of the Monitor and provide general observations (§ V.C. (40)).

## Fair Housing Injunction Requirements

<u>Items in Compliance with the Injunction</u>

The towns of Hildale, Utah and Colorado City, Arizona are currently in compliance with the following Court injunction requirements.

1. Subdivision Plat - Recorded September 26, 2017.
2. Adoption of Building Department policies and codes - Adopted September 2017.
3. Water Service regulations - Adopted September 2017.
4. Culinary Water Impact Fee - Hildale, Utah adopted a new water impact fee on January 25, 2018, and by Colorado City on February 13, 2018.  This requirement is complete.
5. Elected and Staff Contact Information on the website - All information is current.
6. Notice of all Meetings, Minutes, etc. - In accordance with the Orders from Chambers dated February 6, 2019, the Monitor is working with the two communities to ensure that minutes from both the town council as well as the planning commission meetings are

properly posted to the websites. **Colorado City currently is missing planning commission meeting minutes through most of 2018. Hildale City also has several missing planning commission meeting minutes throughout 2018 and into 2019. Additionally, Hildale City has not publicly posted city council meeting minutes for 2019. In discussion with the Hildale City Recorder, he has indicated that this was a computer error and that this will be rectified within a short period. More diligence is requested, by the Monitor, to ensure that both city council and planning commission meeting minutes are timely posted to the cities websites. This will ensure compliance with the Court Order and open meeting laws.**

7. All Department Codes, policies, regulations - All information is current.

8. Mandatory Education & Training - The second year of Constitutional training occurred on October 24, 2018. The Fair Housing Training was conducted on November 28, 2018. **Injunction Training has not been completed to date; however, the Monitor has reviewed with the Hildale City Attorney, who will be providing the training, the need to complete this Order requirement as soon as possible. Mr. Kesselring (attorney) has committed to providing his proposed training to the Department of Justice ("DOJ") for their review no later than May 31, 2019. Once approved by the DOJ, injunction training will proceed immediately after that, with the goal being that all personnel will be trained before June 30, 2019. As was noted in the previous Monitor Report ("Report"), both communities had an unacceptable level of participation in the ongoing Constitutional and Fair Housing training. Since that Report, the cities have exerted great effort in ensuring that all required personnel have received this training. Currently, 98% of obligated staff have been trained on the Constitutional and Fair Housing requirements (Exhibit A), compared**

**to 39% and 48% from the previous Report.  The Monitor expresses his appreciation for the communities efforts in this regard.  The monitor will continue to assist the communities in completing the injunction training and in maintaining this level of compliance into the future.**

Outstanding Injunction Items

Injunction training will be scheduled within the next couple of months.  Public officials need to ensure that all legislative or appointed bodies meeting minutes are timely posted to the city websites.

**Current Monitoring Efforts**

Marshalls Office

The Monitor is to ensure that there are no violations of Fair Housing requirements by employees of the Marshal's Office during their interaction with the public.

A. The Monitor continues to evaluate fair housing-related Incident Reports and Computer Aided Dispatch (CAD) reports ensuring that all calls are reported and done so accurately.  There has been good cooperation between Chief Askerlund and the Monitor.

B. The Monitor works closely with both the Police Consultant and Mentor and provides the following summary, as provided by them.

   a. Consultant - The Marshall's office has completed the hiring of two new deputies and the second sergeant.  The policy manual has been approved by the DOJ and has been issued to the Marshall's office.  The daily training bulletins that are associated with the policy manual have been issued as well for March and April. The department's relationship with the community and outside agencies is

      continuing to improve.  The Chief and the supervisory staff are doing an outstanding job with the continued development of this department.

    b. Mentor - The Mentor has met with Chief Askerlund twice over the past reporting period.  He notes that the Chief has some concern with the relationship between the two communities, as they have different governing philosophies.  The Chief believes he is building trust within the community, but the cultural issues can still be a challenge.  The Chief is satisfied with the current staff and is hoping to resolve some of the earlier personnel issues with the Arizona POST.  The Mentor has excellent confidence in Chief Askerlund and his current department.

<u>Monitor</u>

    During this reporting period, the Monitor:

A. The Monitor attended city and town council meetings, planning commission meetings, utility board meetings, and executive sessions.

B. Met with staff and elected officials.

C. Reviewed modifications to codes or ordinances that pertain to Fair Housing.

D. Attended and provided input on the creation of the new zoning codes for Hildale, Utah and Colorado City, Arizona.

E. **The two communities requested a change to the culinary water impact fee.  Per sections 21 and 34(c) of the Court Injunction, the United States and Court Monitor are required to review the request and provide an opinion.  The Court Monitor provided his response on January 22, 2019 (Exhibit B).  The United States offered its response on February 1, 2019 (Exhibit C).**

F. Audited building and zoning applications, utility applications and work orders, business license applications, GRAMA requests, and land-use related police calls for service.

G. Followed up on the following complaints by residents:

    a. There were no discrimination or other related complaints received by the Monitor during this reporting period.

## Summary

The communities of Hildale, Utah and Colorado City, Arizona are moving forward but with ever-more divergent paths and at differing speeds.  Transition and transparency have become the new norm in what use to be an area of remoteness and cultural isolation.  More employees are being hired from outside the community, new residents are moving in, and citizens have an expectation of change.  Due to these factors, this area - which was once governed as almost a regional community - has become two distinct cities with differing goals, objectives, and manners in which they are moving forward.  New and unique community characteristics are beginning to emerge.   Although the growing differences may pose a short-term challenge with interlocal cooperation, the long-term results and the different paths taken by each can create an area where unique citizens can find their own place and voice.

Good progress continues in each community.  The Court and residents should be pleased with the current results.  There is still work to do, but there is every reason to be optimistic about the future of these communities.

## Communication

This report was provided electronically and in hard copy to:

<u>To plaintiff:</u>

    Sean Richard Keveney
    United States Department of Justice
    Civil Rights Division
    950 Pennsylvania Ave, N.W.
    Washington, DC 20053

<u>To Colorado City:</u>

    Jeffrey C. Matura
    Graif Barrett & Matura P.C.
    1850 North Central Avenue, Ste. 500
    Phoenix, AZ 85004

    Town Manager
    Colorado City
    PO Box 70
    Colorado City, AZ 86021

<u>To Hildale City:</u>

    Christian Kesselring
    320 East Newel Ave
    PO Box 840490
    Hildale, UT 84784

    Mayor - Hildale City, Utah
    320 East Newel Ave
    PO Box 840490
    Hildale, UT 84784

DATED at Washington, Utah, this 1st day of May 2019.

_____

Roger Carter, Court Monitor

# Exhibit A

Fair Housing and Constitutional Training
U. S. District Court Mandatory Education and Training Workshops
Fair Housing Training:  November 28, 2018
Constitutional Training:  October 24, 2018

x = Attended in person
X = Viewed later (separate affidavit)
NLW = No longer with the Town
NR = Not required to receive training

| Category | Name | Training Received | | |
|---|---|---|---|---|
| | | Fair Housing | Constitutional | Requirements of Injunction |
| Colorado City Town Council | | | | |
| | Joseph Allred | x | x | |
| | Anthus Barlow | x | X | |
| | Jeffery Jessop | x | x | |
| | Ralph Johnson | X | X | |
| | Donald Richter | x | X | |
| | Alma Hammon | x | X | |
| | Joanne Shapley | X | X | |
| | | | | |
| Hildale Town Council | | | | |
| | Donia Jessop | X | X | |
| | Maha Layton | X | x | |
| | Jared Nicol | x | x | |
| | Jvar Dutson | | | |
| | Lawrence Barlow | X | X | |
| | Stacy Seay | X | X | |
| | | | | |
| Utility Board | | | | |
| | Arvin Black | X | X | |
| | Haven Barlow | X | X | |
| | Michael Cawley | x | X | |
| | Sterling Jessop Jr | x | X | |
| | Stacy Seay | X | X | |
| | Jason Black | X | X | |
| | Nathan Burnham | X | X | |
| | Ralph Johnson | X | X | |
| | Jvar Dutson | | | |
| | | | | |
| Colorado City Planning Commission | | | | |
| | Charles Bradshaw | X | X | |
| | Aaron LaCorti | x | X | |
| | Paul Stanley Jessop | | | |
| | Charles Hammon | x | X | |
| | Johnathan Barlow | X | X | |
| | | | | |
| Hildale City Planning Commission | | | | |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Charles Hammon | x | X |  |
|  | Jennifer Kesselring | X | X |  |
|  | Randy Barlow | NLW | x |  |
|  | Brigham Holm | x | X |  |
|  | Tracy Barlow | | | |
|  | Derik Holm | | | |
|  | Rex Jessop | | | |
|  | Nathan Fischer | | | |
|  |  |  |  |  |
| STAFF |  |  |  |  |
| Administrative Staff |  |  |  |  |
|  | Andrew Barlow | x | x |  |
|  | John R. Barlow | X | x |  |
|  | Vance Barlow | x | X |  |
|  | Vincen Barlow | X | x |  |
|  | Louise Stubbs | x | x |  |
|  | Lovisa White | NLW | x |  |
|  | Rosaleta White | x | x |  |
|  | Christian Kesselring | x | X |  |
|  | Rachel Fischer | X | x |  |
|  | Dean Cooke | X | x |  |
|  | Warren Darger | x | X |  |
|  | John T. Barlow | x | X |  |
|  | Millennia Jeffs | X | X |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Law Enforcement Staff |  |  |  |  |
|  | Mark Askerlund | X | x |  |
|  | Daniel Roy Barlow | X | x |  |
|  | Taylor Barlow | x | x |  |
|  | Shaun Cox | X | x |  |
|  | Max Horsley | X | x |  |
|  | Sam Johnson | NR | NR |  |
|  | Daniel Musser | X | x |  |
|  | Hyrum Musser | x | X |  |
|  | Robbins Radley | x | X |  |
|  | Shane Barnard | x | X |  |
|  | Mark Gower | X | X |  |
|  | Benjamin Barlow | x | X |  |
|  |  |  |  |  |
| Magistrate Court |  |  |  |  |
|  | Barbara Brown | | | |
|  |  |  |  |  |
|  |  |  |  |  |
| Utilities Department |  |  |  |  |
|  | Harrison Johnson | x | X |  |
|  | Susie Barlow | X | X |  |
|  | Weston Barlow | x | x |  |

| | | | |
|---|---|---|---|
| Angelene Chatwin | X | X | |
| Nap Jessop | X | X | |
| Victor Jessop | X | X | |
| Mariah Lacorti | X | X | |
| Ammon Todd Jim | x | x | |
| Ralph Johnson Jr. | x | x | |
| Athena Cawley | x | X | |
| | | | |

# Exhibit B

January 22, 2019

Via E-mail and U.S. Mail

Steven Ryals
United States Department of Justice Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20053

Jeff Matura
Barrett & Matura
8925 East Pima Pkwy
Suite 100
Scottsdale, AZ 85258

Christian Kesselring
Hildale City, Utah
320 East Newell Ave
Hildale, UT 84784

**Re: Hildale, Utah and Colorado City, Arizona Notice of Intent to Change Culinary Water Impact Fee**

    I am in receipt of both Hildale City and Colorado City's request for a reduction in the Culinary Water Impact Fee ("Impact Fee"). Both cities have complied with the requirement of requesting a change in Impact Fee as outlined in section 21 on page 38 of the Court's April 18, 2017, Injunctive Order which states:

> Except as indicated in paragraph 17, above, the amount of any impact fee for culinary water connections may only be modified if written notice is given to counsel for the United States and the Monitor 30 days before the proposed modification is to take effect and the United States and the Monitor makes no objection thereto. The notice referenced in this paragraph must specify the new impact fee amount and must include any reports or analyses supporting the modification. The Culinary Water Impact Fee Plan shall be reviewed by a licensed engineer or engineering firm at no less than five-year intervals.

Furthermore, section 34(e) states that the Monitor should

> review any changes proposed by the Defendant Cities to the Building Department Policies and Procedures, the Water Services Regulations, or the culinary water impact fee and provide a statement of objection or non-objection

>to the Defendant Cities and the United States within 30 days of receiving notice of the proposed changes.

This response satisfies both sections 21 and 34 of the April 18, 2017, Injunctive Order.

**The Court Monitor finds no objection to the reduction of the Impact Fee to the amount of $0.00.**  This opinion is based upon the following:

1. There is no prima facia indication that this reduction will result in any discriminatory policy as long as it is applied to all applicants equally.
2. Although state statutes do require engineering analysis as a basis for Impact Fee calculation, it is let to the discretion of the legislative bodies to enact an Impact Fee that is less than the proposed maximum amount as outlined in the engineers Capital Facilities Plan.
3. The cursory analysis provided by the joint Hildale/Colorado City Utility Department does indicate that due to population decline there is a surplus of resources that were not anticipated in the current Capital Facilities Plan, thereby, not requiring the future expansion of originally expected infrastructure.  The analysis provided is sufficient to meet the requirement of section 21 of the Injunctive Order.

The Capital Facilities Plan and Impact Fee for these two communities is unique because it provides a joint analysis and similar fee requirement on two different cities because they share an integrated water system, in essence, a regional facility.  The complication arises in that each community will need to be cognizant of the particular Utah and Arizona statutes that govern the changing of each municipalities Capital Facilities Plan and Impact Fee.   Due to this complication, the Court Monitor recommends the following.

1. Both cities should coordinate the timing of the elimination of the Impact Fee to be effective at the same point after they have met the requirements for modification under their appropriate statutes.  Coordination of timing will provide equal treatment to all applicants being served by the same regional facilities.  Arizona Statutes appear to have a higher threshold requirement for both modification and public involvement of their Plan and Impact Fee (see A.R.S 9-463.05).  Therefore, Hildale should adjust their timing of implementation to coordinate with that of Colorado City.
2. An Impact Fee represents an agreement between the applicant and the communities that specific infrastructure will be provided in exchange for the payment of a fee.  Based upon this, the cities should evaluate the number of applicants who have paid Impact Fees (including the community of Centennial Park) and consider refunding those fees or the pro-rata portion that will not be used to construct any originally anticipated facilities at the time of payment which will now not be built.

      I commend both cities for their efforts in providing fair and equal policy and treatment to the members of their respective communities and look forward to their cooperatively implementing their recommendations.

Please let me know if you have any questions or concerns.

Sincerely,


Roger Carter
Court Monitor

# Exhibit C



Roger Carter <rrcivicus@gmail.com>

# Town of Colorado City - Notice of Intent to Modify Culinary Water Impact Fee

**Sacks, Noah (CRT)** <Noah.Sacks@usdoj.gov>  Fri, Feb 1, 2019 at 1:00 PM
To: Jeffrey Matura <jmatura@barrettmatura.com>, Christian Kesselring <christiank@hildalecity.com>
Cc: "Killebrew, Paul (CRT)" <Paul.Killebrew@usdoj.gov>, "Towt, Katie (CRT)" <Katie.Towt@usdoj.gov>, "Keveney, Sean R (CRT)" <Sean.R.Keveney@usdoj.gov>, "Donnelly, Matthew (CRT)" <Matthew.Donnelly@usdoj.gov>, "Ryals, Stephen (CRT)" <Stephen.Ryals@usdoj.gov>, "rrcivicus@gmail.com" <rrcivicus@gmail.com>, "Savner, Emily (CRT)" <Emily.Savner@usdoj.gov>

Jeffrey and Christian,

Thank you for sending us the requests to reduce the water impact fee to $0. The United States supports this reduction, and we have no objection to it.

Thanks,

Noah Sacks

Trial Attorney

U.S. Department of Justice

Civil Rights Division

Housing and Civil Enforcement Section

Direct Line: (202) 305-1901

[Quoted text hidden]