# Attachment A

November 1, 2020

To: United States District Court for the District of Arizona

From: Roger Carter, Court Monitor

**Re: November 2020 Monitoring Report for the cities of Colorado City, Arizona and Hildale, Utah.**

This report is submitted in compliance with § V.C. (39) of the Judgement and Decree Granting Injunctive Relief ("Judgement and Decree"), requiring a written report every six months on injunction compliance by the Defendant Cities ("Cities") and the activities of the Court Monitor ("Monitor").

This report will cover the period from May 1, 2020, to October 31, 2020, and include a current status of compliance on all the Order requirements, identify any obstacles to the work of the Monitor and provide general observations (§ V.C. (40)).

**Injunction Compliance**

**Policing Act Injunction**

The towns of Hildale, Utah, and Colorado City, Arizona, are currently in compliance with all mandatory orders outlined in the Judgement and Decree Granting Injunctive Relief. The Court appointed Police Consultant provides the following summary of his efforts.

Police Consultant

The Consultant and Chief Radley continue to enhance the critical relationships with agencies in both Arizona and Utah. Chief Radley has begun working with the state of Arizona leaders to improve the public safety communications ability in the surrounding area. This effort will enhance the Marshals office capabilities to communicate with all the surrounding agencies.

The Marshals office has moved into the newly remodeled building, which has positively impacted the staff and the services they provide to the community.

**Non-compliant injunction items**

None.

**Fair Housing Act Injunction**

The towns of Hildale, Utah, and Colorado City, Arizona have completed all the specific orders as outlined in the Judgement and Decree including, subdivision of property (§ 5C (2)), building department policies and procedures (§ 5C (3)), amendments to water service regulations (sect. 5C(9)), culinary water impact fee (§ 5C (14)).

Furthermore, the towns of Hildale, Utah, and Colorado City, Arizona, are obligated to maintain their website with necessary information as required under Section 5C (22) and provide mandatory training as required under Section 5C (24) of the Judgement and Decree. These trainings are to occur annually; the previous training dates are as follows.

- Injunction Training - October 4, 2019.  **This training is now past due.**
- Fair Housing Training - December 16, 2019
- Constitutional Training - June 8, 2020

The Monitor would ask that the Cities schedule the Injunction training as quickly as possible and ensure that all other training occurs before or at a reasonable time of their anniversary date. Ongoing monitoring of policies, procedures, meetings, utility, and building service requests continue weekly by the Court Monitor. Citizen complaints are received and heard by the Court Monitor as needed.

**Non-compliant Injunction Items**

Injunction training is past due. The Monitor has not been informed of the scheduled training date.

Although not explicitly noted in the Judgement and Decree, the minutes from the city's governing bodies (city council, planning commission, utility board, etc.) are essential to its transparency. The Monitor would request that the Cities post all approved minutes for 2020 from the city council, planning commission, and utility board.

**Current Judgement and Decree Status and Impact**

The Cities are generally compliant with the Judgement and Decree orders and demonstrate a desire to stay compliant. The challenge with any non-compliant issues seems to occur or be exacerbated by the regular turnover within the Cities organizations. Recently the Hildale, Utah, Town Manager has resigned, and several other administrative changes have occurred over the past six months. A recent election in Colorado City, Arizona, will bring on two new council members in December of this year. Change in public organizations can be challenging enough, but with the added compliance responsibility of the Judgement and Decree, it continues to be necessary for both organizations to be constantly vigilant to ensure that the required legal and procedural obligations, as established by this ruling, are not missed. The Monitor will be working closely with new administrative hires in Hildale and newly elected officials in Colorado City to educate them on the Decree and Judgement requirements. A continued strong indicator of a growing and developing community will be its self-monitoring and compliance with *all* of the Judgement and Decree provisions.

As has been noted in earlier reports, these cities' work is extraordinary due to where they began when the Judgement and Decree was issued and what is currently being requested of them by citizens, developers, outside agencies, and others. Where most cities are in a position to simply process requests for zone changes, building permits, or business licenses; these communities often have to determine if they have specific code to address such requests, whether current written regulations apply to contemporary challenges, and how the historical

3

construction and land design can best fit with the modern-day applications. The councils, boards, and commissions frequently find uniqueness in almost every item that appears before them. All of this, while learning their duties and responsibilities in performing as public officials. These bodies have a strong desire to perform to the best of their ability within the scope of their duties and this Judgement and Decree. Still, in this effort, it has often required them to proceed slowly, stepping back on occasions to legally and adequately change code language even before beginning to address an applicant's request. Like all communities, these policy-making bodies take time to study, debate, receive input, and collaborate on their decisions. They are doing all of this while simultaneously trying to be timely and responsive to the citizens and applicants in their requests. This is a dance that all local governments face but can often appear more clumsy, more intense, and with more nervousness in these Cities due to where they have come from, what their current status is, and where they need to get to.

**Future Work**

The Court Monitor will continue to oversee all court-ordered compliance requirements. As was noted in the previous report, the Monitor continues to work with the communities to provide policies and processes by which aggrieved citizens can find due-process and procedural equity. Specifically, this has included providing input to the Cities in writing unambiguous code, fair appeals processes, and addressing specific citizen complaints regarding discrimination and/or arbitrary decision making. It will continue to take some time as the Cities continue to strengthen their internal and external governance processes.

The Court Monitor looks forward to the continued work with these Cities and thanks the Court for the support and oversight in this bright, new, unfolding chapter in the lives of the citizens of Hildale, Utah, and Colorado City, Arizona.

## Communication

This report is provided electronically to:

**To plaintiff:**

Sean Richard Keveney
United States Department of Justice
Civil Rights Division
950 Pennsylvania Ave, N.W.
Washington, DC 20053

**To Colorado City:**

Jeffrey C. Matura
Graif Barrett & Matura P.C.
1850 North Central Avenue, Ste. 500
Phoenix, AZ 85004

Town Manager
Colorado City
PO Box 70
Colorado City, AZ 86021

**To Hildale City:**

Christian Kesselring
320 East Newel Ave
PO Box 840490
Hildale, UT 84784

Mayor - Hildale City, Utah
320 East Newel Ave
PO Box 840490
Hildale, UT 84784

DATED at Washington, Utah, this 1st day of November 2020.

_____
Roger Carter, Court Monitor