Jeffrey C. Matura, State Bar No. 019893
Melissa J. England, State Bar No. 022783
**Barrett & Matura, P.C.**
8925 East Pima Center Parkway, Suite 215
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5710
jmatura@barrettmatura.com
mengland@barrettmatura.com

Attorneys for Defendant Town of Colorado City

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Town of Colorado City, Arizona; City of Hildale, Utah; and Twin City Water Authority, Inc.,<br><br>        Defendants. | Case No. CV-12-8123-PCT-HRH<br><br>**DEFENDANT TOWN OF COLORADO CITY'S MOTION TO MODIFY JUDGMENT AND DECREE GRANTING INJUNCTIVE RELIEF** |

Pursuant to Federal Civil Procedure Rule 60(b)(5) and (6), and also pursuant to Section VII(4)(b) of the Court's Judgment and Decree Granting Injunctive Relief [Doc. 1053] ("Injunctive Order"), Defendant Colorado City requests that the Court modify the Injunctive Order to remove the requirement to maintain the services of a Consultant. This modification is appropriate because the Consultant has completed all tasks identified in the Injunctive Order.

This motion is supported by the Court's file and the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court is familiar with this dispute. Relevant to the current motion are the following facts.

I.      **FACTUAL BACKGROUND.**

On April 18, 2017 and following a lengthy jury trial and a separate remedy hearing, the Court issued its Injunctive Order. *See* Injunctive Order [Doc. 1053]. Among other items, the Injunctive Order directed the parties to confer on the selection of a Consultant. *Id.*, at Section V(B)(2). The parties selected Jim Keith. *See* Joint Notice of Agreed-Upon Policing Consultant and Mentor [Doc. 1057]. On June 22, 2017, the Court approved the hiring of Jim Keith as the Consultant. *See* Order [Doc. 1066].

The Injunctive Order sets forth the tasks for the Consultant to complete. *See* Injunctive Order, at Section V(B)(3)(a)-(h). The following chart identifies these tasks and the date upon which each task was completed:

| **Task** | **Date Completed** |
| --- | --- |
| "(a) Within 60 days of the date of engaging the services of a Consultant, the Defendant Cities shall develop – and upon receipt of approval from the United States shall implement and adhere to – new policies and procedures for hiring new officers. These new policies and procedures shall restructure the hiring committee to remove the Colorado City Town Manager, the Hildale City Manager, and any representative from the Colorado City Town Council and the Hildale City Council from that committee. Once approved, the policies and procedures for hiring new officers shall not be modified, except with the concurrence of the Consultant and the United States, during the term of this injunction." | Colorado City and Hildale, with the assistance of the Consultant, implemented new policies and procedures for hiring officers. *See* Police Consultant Report, dated April 30, 2019 [Doc. 1173-2]. |
| "(b) Within 90 days of engaging the service of a Consultant, the Defendant Cities shall advertise and conduct a wife-ranging search for candidates to fill two additional police officer positions. The position shall be filled within 6 months of engaging the services of a Consultant." | Colorado City and Hildale, with the assistance of the Consultant, filled two additional police officer positions. *See* Police Consultant Report, dated July 31, 2019 [Doc. 1176-2]. |

| | | |
|---|---|---|
| | "(c) Within 60 days of the date of engaging the services of a Consultant, the Defendant Cities shall develop – and upon receipt and approval from the United States – implement and adhere to new policies and procedure for the conduct of internal affairs investigations. The new policies and procedures shall remove the Colorado City Town Manager, the Hildale City Town Manager, and any representative from the Colorado City Town Counsel and the Hildale City Town Council from being involved in CCMO internal affairs investigations." | Colorado City and Hildale, with the assistance of the Consultant, implemented new policies and procedures for internal affair investigations. *See* Police Consultant Report, dated April 30, 2019 [Doc. 1173-2]. |
| | "(d) Within 120 days of engaging the services of a Consultant, the Defendant Cities shall conduct a comprehensive review of all CCMO's policies and procedures; all CCMO policies and procedures shall be updated and/or revised after consultation with the Consultant and compiled in a single policies and procedures manual. The policies and procedures manual shall, upon receipt of consent from the United States, be adopted within 45 days by the councils of the Defendants Cities. The policies and procedures should, subject to guidance from the Consultant, include guidelines for the search and seizure of property, the seizure of a person, lawful arrest(s), conduct of investigations, report writing, and record preservation. Once approved, any future modifications to the policies and procedures manual shall not take effect without the concurrence of the Consultant and the United States during the term of this injunction." | Colorado City and Hildale, with the assistance of the Consultant, completed the review of, and updated and/or revised, all CCMO policies and procedures. *See* Police Consultant Report, dated April 30, 2019 [Doc. 1173-2]. |
| | "(e) Within 1 year of the date of this injunction, the Defendant Cities shall purchase body cameras for the CCMO officers and implement a pilot program for | Colorado City and Hildale, with the assistance of the Consultant, purchased body cameras for the CCMO officers, and implemented new policies and procedures |

3

| | |
|---|---|
| their use. The Defendant Cities shall also ensure that the new policies and procedures for the CCMO (as discussed in subsection (d) above), include a policy regarding the use of body cameras and the storage of their data." | regarding the use of body cameras and the storage of their data, in early 2019. *See* Police Consultant Report, dated October 31, 2019 [Doc. 1182-1]. |
| "(f) The Defendant Cities shall provide yearly training to all CCMO officers regarding the First, Fourth, and Fourteenth Amendments, the state and federal Fair Housing Act, landlord/tenant law, trespass law, and any other topics that the Defendants Cities deem appropriate. The training shall be conducted by a qualified third person or organization other than the Defendant Cities' attorneys, and the qualified person or organization must be approved in advance by the United States. The training will be of at least three hours' duration and, at the discretion of the trainer, up to six hours. The Defendant Cities shall bear all costs associated with the training. The Defendant Cities shall seek and obtain approval from the United States for the training syllabus and/or materials before the training is delivered. The Defendant Cities shall also provide a copy of the sign-in sheet from each training session to the United States within 14 days after each training session is complete. The Defendant Cities shall vide-record each training session and require each new officer hired since the last training session to watch the recording and receive any materials provided at the training." | Colorado City and Hildale, with the assistance of the Consultant, have completed the required training each year since the issuance of the Injunctive Order. |
| "(g) The Chief Marshal for the CCMO shall seek to meet with the Washington County Sheriff and the Mohave County Sheriff to build a better working relationship and to obtain their input on key law enforcement issues facing the CCMO." | The Chief Marshal for the CCMO, with the assistance of the Consultant, has met with the Washington County Sheriff and the Mohave County Sheriff to establish a better working relationship. *See* Police Consultant Report, dated October 31, 2019 [Doc. 1182-1]. |

| | |
|---|---|
| "(h) Within 15 days of the date upon which court approval of the selection of a Mentor is granted, the Defendant Cities shall hire a Mentor for the Chief Marshal. The parties shall confer regarding the selection of the Mentor and provide the court with an agreed-upon selection within 45 days of the entry of this injunction. If the parties are unable to reach agreement on a Mentor within 45 days of the entry of this injunction, the parties shall, within 60 days of the entry of this injunction, each submit the name(s) of potential mentor(s) to the court, and the court shall select one or more persons or entities to serve as the Mentor from among the candidates proposed by the parties. The Mentor shall come from a nationally-recognized police organization, such as the Police Executive Research Forum or the International Association of Chiefs of Police. This Mentor shall meet with the Chief Marshal at least once a month during the first year from the hiring of the Mentor and advise the Chief Marshal in the performance of his job and the conduct of the CCMO. The Defendant Cities shall pay all costs associated with this Mentor. The length of the contract between the Defendant Cities and the Mentor shall be for at least 1 year, with the option to renew the contract. The Defendant Cities shall provide a copy of this contract to the United States." | Colorado City and Hildale, with the assistance of the Consultant and in coordination with the United States, selected Robert Flowers as the Mentor. The Court approved this selection on June 22, 2017. *See* Order [Doc. 1066]. |

In addition to the above chart, the periodic reports from the Consultant also confirm that all tasks identified in the Injunctive Order for the Consultant are complete. *See* Police Consultant Reports, at Docs. 1162, 1165, 1167, 1173, 1176, 1182, 1190, at 1192.

Because the Consultant has completed all tasks identified in the Injunctive Order, the Court should modify the Injunctive Order to remove the requirement to maintain the Consultant.

## II. MODIFICATION OF THE INJUNCTIVE ORDER IS APPROPRIATE.

Federal Civil Procedure Rule 60(b) governs a party's request for relief from a final judgment or order. Relevant to this motion are Rules 60(b)(5) and (6), which state:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(5) and (6). Section VII(4)(b) of the Injunctive Order also permits the Court to modify the Injunctive Order. It states:

> Modification of this injunction, Sections V(B) and V(C), may be sought as follows:
>
> . . . .
>
> (b) Provisions of this injunction other than time limits may be modified by motion to and order of the Court.

*See* Injunctive Order, at Section VII(4)(b). Both Rules 60(b)(5) and (6) and Section VII(4)(b) of the Injunctive Order support the Court modifying the Injunctive Order to remove the requirement to maintain the Consultant.

As shown in the above chart, the Consultant has completed all the tasks the Court directed him to complete. Nothing else remains. And because all the tasks are now complete, the Consultant has moved into a monitoring role, in which he periodically meets with various individuals at the CCMO. While Colorado City appreciates the Consultant's monitoring efforts, that work is not cheap and costs Colorado City several thousands of dollars in fees payable to the Consultant each month. Colorado City is a public entity; therefore, it is the residents of Colorado City who ultimately bear the financial burden of the Consultant's continuing monitoring efforts. Furthermore, the Court-appointed Monitor (Roger Carter) is still in place and monitors all the activity

within Colorado City and Hildale. Duplicative monitoring by the Consultant is unnecessary, as are the duplicative fees paid. A modification of the Injunctive Order is therefore appropriate.

The following practical considerations are also relevant. First, there has been 100% turnover of the officers at the CCMO since the Court issued the Injunctive Order, meaning that no officers who were present in 2017 still remain today. Second, the current Chief Marshal has more than 30 years of law enforcement experience with contacts throughout the policing industry, which mitigates the need for a Consultant to advise on how to run a department. Third, the CCMO now has two fulltime Sergeants, one of which has 27 years of law enforcement experience and one of which has 30 years of law enforcement experience and is a former Utah county sheriff. Finally, the new Chief Marshal and the two new Sergeants do not have any historical ties to the area, the FLDS Church, or the CCMO. They therefore bring new and experienced leadership. These practical considerations – coupled with the fact that the Consultant has completed all of his required work – support Colorado City's request to modify the Injunctive Order.

### III. CONCLUSION.

The Court's Injunctive Order clearly identified the tasks for the Consultant to complete. Each of these tasks is now complete, and the Consultant is no longer necessary. Further, continued monitoring by the Consultant is not one of the required tasks set forth in the Injunctive Order or a task the Consultant needs to undertake, especially because the Court-appointed Monitor remains and monitors all of the operations of Colorado City.

For these reasons, Colorado City requests that the Court modify the Injunctive Order to remove the requirement to maintain the Consultant. All other provisions of the Injunctive Order would remain.

Dated on July 30, 2021

                                        BARRETT & MATURA, P.C.

                                  By:   /s/ Jeffrey C. Matura
                                          Jeffrey C. Matura
                                          Melissa J. England
                                          8925 East Pima Center Pkwy, Suite 215
                                          Scottsdale, Arizona 85258
                                          Attorneys for Defendant Town of
                                          Colorado City, Arizona

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 30, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Steven H. Rosenbaum
Sameena Shina Majeed
R. Tamar Hagler
Paul Killebrew
Matthew J. Donnelly
Emily M. Savner
Katharine F. Towt
Corey M. Sanders
Noah D. Sacks
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Attorneys for Plaintiff United States of America


/s/ Susan Saville
Susan Saville