Steven H. Rosenbaum (NY Bar #1901958)
Sameena Shina Majeed (DC Bar #491725)
R. Tamar Hagler (CA Bar #189441)
Paul Killebrew (LA Bar #32176)
Matthew J. Donnelly (IL Bar #6281308)
Noah D. Sacks (CA Bar #246694)
Katherine F. Towt (MA Bar #690461)
Corey M. Sanders (DC Bar # 490940)
United States Department of Justice
Civil Rights Division
Special Litigation Section
150 M Street NE, 10th Floor
Washington, D.C. 20003
Phone: (202) 305-3229
Facsimile: (202) 514-0212
E-mail: corey.sanders@usdoj.gov

Attorneys for the United States

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States,<br><br>        Plaintiff,<br><br>v.<br><br>Town of Colorado City, Arizona, *et al.*,<br><br>        Defendants. | No. 3:12-cv-8123-HRH<br><br>**UNITED STATES' RESPONSE TO DEFENDANT COLORADO CITY'S MOTION TO MODIFY JUDGMENT AND DECREE** |

## INTRODUCTION

The Court's Injunctive Order requires the Defendants to engage a Police Consultant to assist the Colorado City Marshal's Office (CCMO) in complying with the Constitution and the Order. Defendant Colorado City now asks the Court to dispense with the Police Consultant. Doc. 1194 at 1, 7. The United States disagrees. The court-appointed Monitor also opposes Colorado City's motion. Doc. 1196. Defendant City of

1

Hildale did not join in Colorado City's motion, and it is the United States' understanding that Hildale does not intend to file a response to the motion.

The Police Consultant is vital to the success of the reform effort, and the Order gives him ongoing responsibilities for the remainder of its ten-year term. There are no changed circumstances that would warrant the relief that Colorado City seeks. Colorado City's motion should be denied.

## BACKGROUND

In April 2017, the Court issued an Injunctive Order to address pervasive constitutional violations by Defendants Colorado City and Hildale, and their CCMO. Doc. 1053. Given the scope of the problems uncovered during the jury trial, the Court required Defendants to, among other things, hire a Police Consultant to "assur[e] future compliance with the requirements of the Policing Act" and Section V.B. of the Order. *See id*. at 26. In May 2017, Defendants and the United States jointly selected a Police Consultant. Doc. 1057. The Court approved the joint selection in June 2017. Doc. 1066.

The Court directed the Police Consultant to assist CCMO in eight critical areas: (a) developing and implementing policies and procedures for hiring officers; (b) selecting and hiring new candidates; (c) revising and implementing policies for conducting internal affairs investigations; (d) conducting comprehensive reviews of all policies and procedures, including reviewing future modifications of policies and procedures; (e) purchasing body-worn cameras; (f) developing annual training for all officers; (g) encouraging working relationships with local law enforcement agencies; and (h) working closely with the court-appointed Mentor for the Chief Marshal. *See* Doc. 1053 at 28-31.

The Police Consultant has worked closely with CCMO and provided updates to the Court on these areas, issuing 10 consultant reports since being appointed in 2017. Docs. 1154, 1162-2, 1165-2, 1167-1, 1173-2, 1176-2, 1182-1, 1186-2 1190-2, and 1192-2. Each of these reports detail the Police Consultant's findings and recommendations and describe CCMO's efforts to comply with the Court's Injunctive Order.

**ARGUMENT**

Defendant Colorado City's request to remove the Police Consultant is premature. During the past four years, the Police Consultant has worked to ensure that CCMO complies with the mandates established by the Court. As Defendant Colorado City points out, CCMO has achieved compliance with much of the Injunctive Order's initial policing-related requirements. In the areas of policy development and hiring, however, CCMO's efforts will continue for the remainder of the Order's ten-year term, due to the nature of the tasks. Policies must be updated from time to time. Hiring occurs as the need arises. In both areas, the Order states that the Police Consultant has approval authority "during the term of [the] injunction." Doc. 1053 28-29. The Police Consultant thus must remain in his role as long as the Injunctive Order is in effect.

Colorado City fails to identify any change of circumstances that would warrant relief under Federal Rule of Civil Procedure 60(b). The Ninth Circuit has consistently held that district courts must find "a significant change either in factual conditions or in law" before modifying its orders. *Secs. & Exch. Comm'n v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). Colorado City argues that CCMO's completion of tasks required by the Order warrants relief. Doc. 1194 at 6. But the Order plainly provides for an ongoing role for the Police Consultant in the areas of policy and hiring for the full term of the injunction, even after CCMO fulfills other requirements. The "factual conditions" have unfolded as the Order anticipated they would. There has been no change that would warrant relief under Rule 60(b).

In the area of policy development, the Police Consultant conducted a comprehensive review of all CCMO polices and worked with CCMO to develop and approve "a single policies and procedures manual." Doc. 1053 at 29. The Police Consultant reported that this work was completed by May 2019 and that the manual had been issued to all CCMO staff. Doc. 1173-2. Once the manual was finalized, CCMO was able to provide long-overdue training, as well as regular training bulletins related to various policies. *Id*.

CCMO currently uses the Lexipol Policy Group as its policy management system. Doc. 1153 at 1. CCMO maintains its policies and procedures manual on this system, giving officers and other staff members easy access to polices that they wish to review. The system sends alerts to CCMO to update its policies whenever there is a change in state or federal law or when semi-annual or annual reviews of policies are due. This notice-and-review system ensures that CCMO's policies reflect current legal requirements and continue to meet the needs of officers and the communities that CCMO serves.

Thus, the process of reviewing and updating policies is ongoing. The Court anticipated as much. The Order states: "Once approved, any future modifications to the policies and procedures manual shall not take effect without the concurrence of the Consultant and the United States during the term of this injunction." Doc. 1053 at 29. As long as CCMO continues to review and modify policies on a regular basis—either because the Lexipol system triggers a review or CCMO self-initiates a change in policy—the Order requires the concurrence of the Police Consultant before any modifications to policy can take effect. In fact, according to the Police Consultant's most recent report, he and CCMO's Chief recently initiated a review-and-update process for CCMO's policies. Over the next couple of months, the Police Consultant and the Chief will update current policies and identify other policies that may need to be included in the policies and procedures manual. Doc. 1192-2. Given the recurring nature of policy review, as demonstrated by the project that the Police Consultant and the Chief are currently undertaking, it is premature to eliminate the Police Consultant's role.

In the area of hiring, the Injunctive Order states: "Once approved, the policies and procedures for hiring new officers shall not be modified, except with the concurrence of the Consultant and the United States, during the term of this injunction." The Order therefore specifically highlights the role of the Police Consultant with CCMO's hiring policies for the Order's full term.

As Defendant Colorado City notes, there has been a complete turnover in personnel at CCMO. Doc. 1194 at 7. The Police Consultant worked closely with CCMO to support its efforts to hire new officers. With the Police Consultant's assistance, CCMO was able to develop and implement new policies and procedures for hiring by January 2019. Doc.

1167-1. Attracting and hiring new officers has historically been a challenge for CCMO, but the agency is now fully staffed, and it has recruited officers from outside of the local area. *See* Doc. 1192-2. That said, staffing needs continue to arise, and in fact one deputy is expected to depart CCMO soon. The Police Consultant therefore continues to have a role in approving any changes that CCMO may wish to make to its hiring policies, as well as ensuring that CCMO implements its hiring policies faithfully.

While the Injunctive Order designates other roles for the Police Consultant in addition to policies and hiring, these other roles are not explicitly tied to the duration of the Order. Still, retaining the Police Consultant for the full term of the Order will support the Order's overall efficacy by providing institutional knowledge and an independent perspective on any issues that may arise. The Police Consultant has been involved in a host of areas where his expertise may prove valuable in the future. Over the past four years, the Police Consultant has:

- Assisted in advertising and conducting wide-ranging searches for candidates;
- Provided guidance and feedback on creating protocols for conducting internal affairs investigations;
- Guided CCMO in purchasing body-worn cameras and assisted in drafting and implementing policies and procedures for the cameras;
- Assisted in developing yearly annual trainings on the First, Fourth, and Fourteenth Amendments; and
- Developed and incorporated strategies to improve working relationships with local area law enforcement agencies.

Doc. 1053 at 28-31. In each of these areas, CCMO continues to show progress, and the Police Consultant remains engaged to ensure that CCMO does not regress. While we recognize CCMO's progress, the Police Consultant recently pointed out that CCMO continues to struggle with report writing and data collection. *See* Doc 1192-2. Our understanding is that CCMO plans to address these issues by purchasing a new report writing and data collection system. Removing the Police Consultant in the midst of this process would deprive the agency of the Consultant's expertise and assistance.

5

In its motion, Defendant Colorado City raises concerns about duplicative monitoring and costs. Doc. 1194 at 6-7. The United States is sensitive to these concerns and agree that the Police Consultant should not function beyond the scope of the Order and should not duplicate the work of the Monitor. But the work of the Monitor and the Police Consultant are not duplicative. In fact, the Monitor relies on the Police Consultant to provide technical guidance to CCMO and most importantly to furnish the Monitor with updates on CCMO for the Monitor's reports to this Court. In terms of costs, the United States is willing to confer with the Defendants, the Monitor, and the Police Consultant at any time to discuss cost-effective ways to fulfill the requirements of the Injunctive Order.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant Colorado City's Motion to Modify Judgment and Decree Granting Injunctive Relief.

Respectfully submitted this 13th day of August 2021.

        STEVEN H. ROSENBAUM
        Chief
        Special Litigation Section

        SAMEENA SHINA MAJEED
        Chief
        Housing and Civil Enforcement Section

        R. TAMAR HAGLER
        Deputy Chief
        PAUL KILLEBREW
        Special Counsel

        *s/ Corey M. Sanders*
        MATTHEW J. DONNELLY
        NOAH D. SACKS
        KATHERINE F. TOWT
        COREY M. SANDERS
        Attorneys
        United States Department of Justice
        Civil Rights Division
        950 Pennsylvania Avenue, NW
        Washington, DC  20530

Phone: (202) 305-3229
Facsimile: (202) 353-8154
E-mail: corey.sanders@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2021, I filed a copy of the foregoing via the Court's ECF system, which will serve a true and correct copy of the filing to the following counsel of record:

Jeffrey C. Matura
Melissa Jane England
Barrett & Matura, P.C.
8925 East Pima Center Parkway, Suite 215
Scottsdale, AZ 85258
*Attorneys for Defendant Town of Colorado City*

Christian A. Kesselring
Wasatch Law Group, PLLC
P.O. Box 842
Hildale, UT 84784
*Attorney for Defendants City of Hildale, and Twin City Water Authority, Inc.*

                                           *s/ Corey M. Sanders*
                                           COREY M. SANDERS
                                           Attorney for the United States