IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Town of Colorado City, Arizona, et al.,<br><br>　　　　　　　　　Defendants. | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Motion to Modify Judgment[1]

Defendant Town of Colorado City, Arizona, moves the court for an order modifying its judgment and decree[2] granting injunctive relief. The court-appointed monitor, Roger Carter, has responded to the Town's motion,[3] as has plaintiff, United States of America.[4]

The Town of Colorado City requests that the court modify its injunction to remove the requirement that the Town retain and maintain the services of a policing consultant. The Town of Colorado City believes that the Consultant has completed all the tasks

---

[1]Docket No. 1194.

[2]Docket No. 1053.

[3]Docket No. 1196.

[4]Docket No. 1197.

which the court directed him to complete,[5] and argues that the Consultant has moved into a "monitoring" role, in which he periodically meets with various individuals at the CCMO (the marshal's department). The Town argues that the Consultant's monitoring services are duplicative of the court-appointed Monitor, Roger Carter's ongoing, overall work for the Town and for Hildale. The court is advised that the Consultant's fees amount to "several thousands of dollars ... each month."[6]

The Monitor has provided the court with a lengthy, thoughtful, response to the Town's motion. He opposes the Town's motion and requests that the court deny it.

The Monitor argues that the Consultant has ongoing responsibilities. In particular, he has a role in hiring and the reviewing of internal policies and procedures, training, and the investigating of complaints from the community to the Monitor.

The Monitor acknowledges that good progress has been made in the development of the CCMO. He continues by pointing out that there has been, and continues to be, resistance within the town flowing from the historical difficulties created by the CCMO (the conduct which gave rise to the court's finding that the CCMO had violated the Policing Act).[7] There is a continuing "feeling among Colorado City officials [of] 'tolerance' for the Order."[8] The Monitor urges that more time for adjustment is needed before ending the Consultant's role.

The Monitor discusses the stability of the two defendant communities. The focus of these comments has to do with governance in the communities generally. Again, he

---

[5] Docket No. 1194 at 6.

[6] Id.

[7] Docket No. 1053 at 25.

[8] Docket No. 1196 at 3.

observes that the "wheels of cultural transition take time, require sustained pressure for change, and ensure the protection of ideals and individuals in their effort to accomplish such a task."[9]

The Monitor concludes with a general discussion of ongoing challenges, including the observation that the "communities still have a great deal of work in establishing fair laws and providing an opportunity to all."[10] Finally, the Monitor observes that "this is a community that finds itself in a state of healing."[11]

Thus, the thrust of the Monitor's observations is that the communities as a whole still have work to do.

For its part, the United States acknowledges that the "CCMO has achieved compliance with much of the Injunctive Order's initial policing-related requirements."[12] Like the Town and the Monitor, the United States recognizes that there has been a complete turnover of personnel at the CCMO. The CCMO is now fully staffed by officers from outside the local area. The United States acknowledges that the CCMO continues to show progress with the Consultant being engaged in the hiring processes. The United States points out, however, that police hiring and training is likely to be a continuing effort over the ten-year term of the court's judgment and decree.[13] The United States argues that the Town has failed to identify any changed circumstances that would warrant Rule 60(b) relief. In addition, the United States points out that the policing policies

---

[9]Docket No. 1196 at 5.

[10]Docket No. 1196 at 5.

[11]Docket No. 1196 at 6.

[12]Docket No. 1197 at 3.

[13]Docket No. 1197 at 3.

require ongoing review. In this regard, the judgment and decree expressly provides that "any future modifications to the policies and procedures manual [of the CCMO] shall not take effect without the concurrence of the Consultant and the United States during the term of this injunction."[14]

Finally, the United States agrees that "the Police Consultant should not function beyond the scope of the Order and should not duplicate the work of the Monitor."[15] In this regard, the United States indicates a willingness to confer with defendants, the Monitor, and the Police Consultant regarding the Town's cost concerns.

Applications for relief from judgments such as that now before the court are governed by Rule 60(b), Federal Rules of Civil Procedure. Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ....
>
> (5) the judgment has been satisfied, released, or discharged ...
>
> (6) any other reason that justifies relief.

In addition, the court's judgment and decree expressly provides that:

> (4) Modification of this injunction, Sections V(B) and V(C), may be sought as follows:
>
> ....
>
> (b) Provisions of this injunction other than time limits may be modified by motion to and order of the court.[16]

---

[14] Docket No. 1197 at 4, quoting Judgment and Decree, Docket No. 1053 at 29.

[15] Docket No. 1197 at 6.

[16] Docket No. 1053 at 51-52.

<u>Conclusion</u>

The court concludes that there are no changed circumstances which would justify the court in dispensing with the requirement that the defendants engage a police consultant. There is plainly a continuing need for the services of the Consultant as regards the hiring and training of CCMO staff, the review of CCMO policies and procedures, and the investigation of complaints involving the CCMO.

The community healing which Monitor Carter recognizes is for sure the most difficult goal to be achieved through the court's judgment and decree. Community healing is primarily a need of the Town as a whole. While the court is satisfied that significant progress has been made, Mr. Carter's response to the Town's motion underscores the court's conclusion that there is considerable work yet to be done with the guidance and assistance of the Monitor. It is the court's perception that the role of a police consultant can, at this point, be justifiably reduced considerably, but not ended.

The Town's motion to modify the court's judgment and decree is denied. However, over the next **30 days**, the parties, as well as the Monitor and Consultant shall confer with a view toward redefining the role of the police consultant and amending the police consultant's contract to reflect the reasonable cost of ongoing services expected of the Consultant.

DATED at Anchorage, Alaska, this <u>30th</u> day of August, 2021.

/s/ H. Russel Holland<br>United States District Judge