IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                           Plaintiff,<br><br>  vs.<br><br>Town of Colorado City, Arizona, et al.,<br><br>                         Defendants. | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Court Monitor and Police Consultant Reporting

The court is in receipt of the semi-annual reports of the Court Monitor and Police Consultant.[1] These current reports are particularly interesting and important. It is becoming increasingly clear that Colorado City and Hilldale are ready and perhaps willing to move beyond technical compliance with the court's judgment and decree. Hopefully the towns are ready to embark upon an open, transparent partnership in which local government operates for the benefit of the citizens of the communities.

The court addresses first the October 29, 2021, report of the Police Consultant.

The court understands that the CCMO is embarking upon a new computer-aided dispatch and report writing system. It appears that report writing by CCMO officers requires some improvement. The new system will present an opportunity for improvement. However, the introduction of new computer systems can be fraught. New systems

---

[1] Docket No. 1202.

Order – Court Monitor and Police Consultant Reporting        - 1 -

may have flaws.  Training of users in the intricacies of a new system is critical.  The court is confident that Mr. Keith, Police Consultant, will be involved in the implementation of the computer-aided dispatch and report writing system.  The court urges CCMO officers to be open and receptive to using a new system, especially for purposes of enhancing report writing.

It appears that CCMO training is proceeding satisfactorily.

The Police Consultant continues to report that the hiring of new officers is compromised by a lack of competitive benefits.  The court believes that policing in Colorado City and Hilldale, as well as the relationship between the CCMO and other law enforcement agencies has improved very substantially over the situation that existed at the time of the trial in this case.  The towns, and in particular the new chief marshal, have been quite successful in filling their ranks.  However the CCMO will continue to experience hiring and retention difficulties until competitive benefits are available.

The Police Consultant will please convey to the chief marshal the court's appreciation of his efforts and will please convey to town administrators the court's thoughts about the need for competitive benefits for CCMO officers.

The court now turns to the report of the Court Monitor.

Staying with the subject of the CCMO, the court understands that dispatch services have been restructured such that dispatcher related services are now under the direction of the chief marshal.   The Court Monitor endorses this organizational change, but with a word of caution.  The Court Monitor is concerned about a lack of transparency and recommends that the organizational change should be accompanied by appropriate checks and balances, improved reporting procedures, and clear auditing capabilities.  The court endorses these recommendations and urges that the Court Monitor and Police Consultant

collaborate on effecting appropriate checks and balances, improving reporting procedures, and establishing clear auditing capabilities with a view toward avoiding duplication of effort by the Court Monitor and the Police Consultant.

The Court Monitor reports that during the last reporting period, both towns have undertaken an "overhaul" of their websites.[2] In effecting revisions to computer-based sites, it is easy to inadvertently omit material from old sites – material which should be perpetuated. In this regard, there has been a continuing problem with the posting of public agendas and meeting minutes. The court endorses the Court Monitor's efforts to improve the transparency of the towns' reporting of public agendas and meeting minutes.

It appears that required, in-person, constitutional training has proceeded as required.

It appears that Fair Housing Act issues, such as building department records and permitting/permit issuance, have been successfully dealt with using an online program. The Court Monitor views the program being used by the towns to be "excellent". He urges that land use applications should be similarly handled. The court endorses the Court Monitor's recommendation that the towns incorporate their online system for purposes of land use applications.

Finally, the Court Monitor observes that "the issue of *community stability* and *sustainability* will be crucial in the long-term implementation and success of the injunction orders; and ultimately will determine how successful the cities will be in providing fair, responsive, and representative government services."[3]

---

[2] Id. at 4.

[3] Id. at 7.

The Court monitor makes recommendations as to:

(A)  Public Outreach;

(B)  Establishment of Due Process Procedures;

(C)  Stakeholder Engagement; and

(D)  Key Performance Measures.

The court endorses the Court Monitor's recommendations.

The Court Monitor sees the towns as being at the doorstep of entering into a new, open, trusting, and cooperative community development. The court wishes the Court Monitor and the communities of Colorado City and Hilldale success in their community reformation.

The next reports of the Court Monitor and the Police Consultant are due on or about **May 2, 2022**.

DATED at Anchorage, Alaska, this  4th  day of November, 2021.

/s/ H. Russel Holland
United States District Judge