**UNITED STATES OF AMERICA vs. TOWN OF COLORADO CITY, ARIZONA, et al.**

**No. 3:12-cv-8123-HRH (Prescott Division)**

May 1, 2023

To: United States District Court for the District of Arizona

From: Roger Carter, Court Monitor

**Re: May 2023 Monitoring Report for the cities of Colorado City, Arizona, and Hildale, Utah.**

 This report is submitted in compliance with § V.C. (39) of the Judgement and Decree Granting Injunctive Relief ("Injunction" "Court Order"), requiring a written report every six months on injunction compliance by the Defendant Cities ("Cities" "Communities") and the activities of the Court Monitor ("Court Monitor" "Monitor").

 This report will cover the period from November 1, 2022, to April 30, 2023, and include a current compliance status on all the Order requirements, identify any obstacles to the work of the Monitor, and provide general observations.

**Injunction Compliance**

**Policing Act Injunction**

**Compliance with the Policing Act[1]**

 In consultation with and under the direction of the Police Consultant, the Colorado City Mashal's Office (CCMO) shall implement and adhere to new hiring policies and procedures, adopt and adhere to new policies and procedures for internal affairs investigations, obtain and properly deploy bod-worn cameras, review all CCMO policies and update as needed, attend all

---

[1] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief IV.

Injunction required trainings, and strengthen the relationship with the Washington County Sheriff's Office and Mohave County Sheriff.

**Status**

      The towns of Hildale, Utah, and Colorado City, Arizona, are currently in compliance with the Policing Act orders outlined in the Injunction. The Court-appointed Police Consultant will provide a separate report to the Court outlining those compliance issues and any obstacles that may have arisen during this reporting period. Additionally, the Court has approved the Police Consultant to audit records, dispatch reports, and camera footage to assist the CCMO to improve on their documentation and report writing.[2] The Police Consultant provides the following summary of progress.

> *The department continues to grow and develop as it resolves issues that arise. The new CAD/RMS system is in place and being used. They are still addressing some coding and completeness issues with reports. I assisted with some training in this area during this reporting period. Their efforts are progressing and improving, ultimately enhancing the product delivered. The new BWC camera system is in place and being used. I will continue to monitor videos from this system to help evaluate the level of service being provided to the communities. The department was renamed from the Colorado City Marshal's Office to the Colorado City Police Department during this reporting period at the request of both states. The Chief has taken this opportunity to rebrand with new vehicle logoing, patches, badges and uniform. It appears to be received in a positive light by the community. Partnerships with outside agencies etc., continue to be enhanced and, for the most part, are going very well. The community is reaching out more and more to the police department, which is a*

---

[2] United States of America v. Town of Colorado City, Arizona, et al. Order, Court Monitor, and Police Consulting Report. May 2, 2022.

*sign of trust and confidence continuing to be developed with the community.*
*(sic)*

## Fair Housing Act Injunction

**Compliance with Approval of Subdivision Plat[3]**

Approval of Subdivision Plat stipulates that the town of Colorado City was to work with UEP Trust in creating a final subdivision plat and file with the State of Arizona.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on September 27, 2017. **The Communities are in compliance with this requirement of the Injunction.**

**Compliance with Adoption of Building Department Policies and Procedures[4]**

Approval of Building Department Policies and Procedures stipulates that the communities are to develop objective, uniform, non-discriminatory policies and procedures per stipulations set out in the Injunction to govern the building department and its functions.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on August 16, 2017. **The Communities are in compliance with this requirement of the Injunction.**

---

[3] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (2)
[4] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (3)

**Compliance with Amendments to Water Service Regulations[5]**

Approval of Building Department Policies and Procedures stipulates that the Cities should repeal outdated water ordinances and create new ordinances in accordance with stipulations set out in the Injunction.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on September 12, 2017. **The Communities are in compliance with this requirement of the Injunction.**

**Compliance with Culinary Water Impact Fee[6]**

Culinary Water Impact Fee stipulates that the communities are to have an engineering firm confirm the validity of the "then" culinary water impact fee. This requirement also mandated that any future change to the culinary water impact fee would require approval by the United States and the Court Monitor.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on February 13, 2018. **In November 2022, it was reported that the communities were revising their culinary water impact fee and that both the Monitor and the United States were reviewing this new fee. In the initial review, the Monitor identified several errors within the report. As a result, the communities have withdrawn their revised fee schedule to correct those errors and further study this issue. Although discussion is**

---

[5]  United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (9)

[6]  United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (14)

**ongoing with the Utility Board and both town councils, it is still being determined when they will be prepared to submit their proposed water impact fee report to the Monitor and the United States. It should be noted that Arizona Statute[7] and Court Order[8] require the communities to review their culinary water impact fee every five years. Although these communities have passed that five-year mark, the Monitor encourages the Court's patience as the community engages in the legislative review, discussion, and public input of this proposed ordinance. However, the communities should make every effort to adopt this new culinary water impact fee, in accordance with Arizona Statute, before the next Monitor Report in November 2023.**

**Compliance with Websites and Public Notice[9]**

Websites and public notice stipulate that the communities should post on their website the following information:

A. Contact information for every elected, appointed, and department official

B. Notice of all upcoming meeting agenda(s) for councils, commissions, and utility boards. Furthermore, all minutes should be posed once adopted.

C. Web links to applications for building permits, utility connections or transfers, subdivision applications, and public records requests.

D. Web link to all ordinances, regulations, procedures, and policies, including building department.

E. Web link to Marshall Office's policies and procedures.

---

[7] A.R.S. 9-463-05, D(3)
[8] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief, V. C. (21)
[9] United States of America v. Town of Colorado City, Arizona, et al. Judgment and Decree Granting Injunctive Relief, V. C. (22)

F.  Injunction language and contact information for the Court Monitor.

**Status**

**Portions of the websites are still an area of ongoing concern. Although the Monitor has had repeated discussions with the Cities regarding updating their meeting minutes, the communities have not made this a high enough priority to be timely in their compliance. Colorado City and Hildale have posted their city council minutes, but they still need a number of the planning commission and utility board minutes. Additionally, despite notification, Hildale City still needs to post the Police Policies on its website. Although the Court and Monitor have demonstrated patience as the Cities have undergone a transition to new web pages, it appears that the incomplete nature of this requirement is due to willful neglect on their part.**

| Colorado City Website Compliance | | | | |
|---|---|---|---|---|
| Metric | November 1, 2021 | May 1, 2022 | November 1, 2022 | May 1, 2023 |
| **Contact information** | X | X | Incomplete | Incomplete |
| **Meetings posted** | X | X | X | X |
| **Minutes available** | Incomplete | Incomplete | X | Incomplete |
| **Applications** | X | X | X | X |
| **Ordinances/Policies** | X | X | X | X |
| **Police policies** | X | X | Incomplete | X |
| **Injunction language** | X | X | X | X |

| Hildale Website Compliance | | | | |
|---|---|---|---|---|
| Metric | November 1, 2021 | May 1, 2022 | November 1, 2022 | May 1, 2023 |
| **Contact information** | X | X | X | X |
| **Meetings posted** | X | X | X | X |
| **Minutes available** | Incomplete | Incomplete | Incomplete | Incomplete |
| **Applications** | X | X | X | X |
| **Ordinances/Policies** | X | X | X | X |
| **Police policies** | X | X | Incomplete | Incomplete |
| **Injunction language** | X | X | X | X |

**Compliance with Mandatory Education & Training[10]**

Mandatory education and training stipulate that the communities provide elected, appointed, and key personnel with annual training on the U.S. Constitution, the Fair Housing Act, and the orders found within this Injunction.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed their Fair Housing and Injunction training on November 17, 2022. Cheri Hobacz, the Southwest Fair Housing Council Director, provided this Fair Housing training. The Injunction training was provided by Christian Kesselring, previous city attorney for Hildale City. The Department of Justice was in attendance at the meeting in November. Attendance and historical data from the last two trainings are noted in the following table. Constitutional training will be scheduled as required by the Injunction and reported in the November Monitor Report. **The towns currently find themselves in compliance with this requirement.**

---

[10] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (24)

| Fair Housing Training | | | |
|---|---|---|---|
| Metric | December 15, 2020 | December 1, 2021 | November 17, 2022 |
| In-person training | 61 (remote-COVID) | 63 | 56 |
| Positions vacant | - | 5 | 11 |
| Follow-up training | - | 4 | 10 |
| Total Trained | 62 | 68 | 67 |

| Injunction Training | | | |
|---|---|---|---|
| Date | November 19, 2020 | December 1, 2021 | November 17, 2022 |
| In-person training | 47 (remote-COVID) | 63 | 56 |
| Positions vacant | - | 5 | 11 |
| Follow-up training | 15 | 4 | 10 |
| Total Trained | 62 | 68 | 67 |

## Compliance with Monitoring Duties[11]

Monitoring duties stipulate the following responsibilities:

A.  Conduct regular site visits, interviewing city officials and documents necessary to carry out their assignment.

B.  Review the handling of all applications or requests associated with utilities, permits, subdivisions, and other land-use applications.

C.  Review all modifications to any ordinance, regulation, procedure, or policy affecting housing, zoning, planning, subdivision, building permits, licenses, rental taxes, and utility services and connections.

---

[11]  United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (29)

D.  Review all complaints by residents or others associated with any of the above-noted items.

E.  Review any changes proposed by the cities to building department policies, water service regulations, or culinary impact fees.

F.  Monitor defendant cities' services, operations, and facilities associated with housing, utility services, building permits, subdivisions, land-use and planning provisions, and police services related to any of the above.

G.  Monitor councils, commissions, boards, committees, and departments for compliance with the Injunction items.

**Status**

During the previous six-month period, the Court Monitor performed the following oversight in accordance with the Injunction. The following table identifies the number of activities the Monitor has participated in for the previous two years.

| Monitoring Activities | | | | |
|---|---|---|---|---|
| Metric | November 1, 2021 | May 1, 2022 | November 1, 2022 | May 1, 2023 |
| Public official engagements* | 67 | 65 | 73 | 62 |
| Application audits | 12 | 10 | 12 | 10 |
| Ordinance/Policy changes | 3 | 2 | 3 | 5 |
| Complaints | 4 | 1 | 3 | 2 |
| Operational review | 25 | 16 | 18 | 12 |
| Other monitor engagements | 4 | 5 | 12 | 4 |
| Meetings attended | 28 | 25 | 24 | 29 |

*-This figure represents a cumulative total of all other monitoring activities.

9

A.  **Public Official Engagements:** Court Monitor regularly attends meetings, visits with city officials, reviews documents or conducts business in or with these communities. This data represents the number of engagements involving audits, ordinance/policy changes, complaints, operational reviews, other monitoring efforts, and meetings attended.

B.  **Application Audits:** A random sample of both utility and building department audits are conducted regularly. Both audits include on-site visits, but the Court Monitor has administrative access to the city's building permit and inspection program through their program "City Inspect." This allows the Monitor to review applications in real-time status. Any deficiencies identified within the records audits have not been substantive and have been rectified with additional documentation. **Although the cities have yet to use the building software (City Inspect) for their zoning processes, this will be a priority in the upcoming year. This software allows for ease of application process and real-time monitoring of the applicant's permit(s) status and inspections. This same benefit should be offered for zoning applications. Furthermore, this recorded data can be aggregated and publicly displayed to show the government's responsiveness to land-use and building applications.**

C.  **Ordinance/Policy Change:** Three significant ordinance or policy changes were reviewed during this reporting period.

   a.  The Monitor continued to provide input to the communities on the draft version of the revised culinary water impact fee document. The cities are currently in the legislative process of this proposed impact fee ordinance. It is anticipated that this should be completed, along with the necessary reviews by the Monitor and the United States, within the next six months.

      b.   Colorado City revised its "short-term rental ordinance." the Monitor reviewed this and provided input.

D.  **Complaints:** Two complaints were received by citizens during this reporting period.

      a.   A complaint was received by an individual on a potential personnel discrimination matter. In further discussion with the individual, no further action was taken by the complainant.

      b.   A complaint was received by a member of the community regarding potential discrimination by government officials regarding water rights. After the initial discussion with the Monitor, the individual filed no additional paperwork for further follow-up; if additional information is received, the Monitor will investigate the complaint.

E.  **Operational Review:** This category refers to engagements between the Monitor and town officials or staff, the Department of Justice, the Police Department, the Police Consultant, other governmental agencies, and community organizations. During this past reporting period, the Court Monitor interacted with many, if not all, of these agencies.

F.  **Other Monitor Engagements:** This category refers to engagements not clearly identified in previous categories. Most of the engagements listed in this category include the Stakeholder Engagement Meeting, which will be discussed later in the report.

G.  **Meetings Attended:** These include city council meetings, planning commission meetings, utility board meetings, mandated training, and other meetings outlined within the Injunction.

**Public Involvement and Future Monitoring**

Several changes and events have occurred over this reporting period that the Court should be aware of. This update provides context into the environment and circumstance in which the Court Order continues to function.

In November 2022, Department of Justice (DOJ) representatives visited the community. This is the first time since the imposition of the Injunction that representatives have been on the ground. While the DOJ was on-site, they conducted a number of interviews with City officials, officials from the UEP, civic leaders, and members of the public. The Monitor(s) were not involved in any of these discussions, nor have we been made aware of any significant findings by the DOJ. The Monitor(s), however, express appreciation for the time and effort these representatives took in coming out and seeing the progress and continued work of the Injunction.

In December 2022, Colorado City conducted a swearing-in of three new city council members. Upon the seating of this new council, they took action to fill the vacant council seat created by the resignation of Mayor Joseph Allred. The council then took action to fill the Mayor of Colorado City position. The new mayor of Colorado City is Howard Ream. The Monitor and Police Consultant trained each of these new council members on the elements of the Court Injunction. This new council has been functioning since December. The Court Monitor is pleased with this council's responsiveness and willingness to comply with the orders of the Injunction in improving the openness, transparency, and fair treatment of all of its citizens. This new council represents a new era for the community, as no current sitting council member served before the imposition of the Injunction.

It has been mentioned that the Cities are currently discussing changes to the revised culinary water impact fee. The Monitor draws additional attention to this item because of the

level of discussion that is taking place around this proposed ordinance. The proposed culinary water impact fee has the potential to have a significant impact on the community and its potential growth. A policy like this would be expected to have robust, public debate; however, historically, this has not always been the case. The Monitor is pleased with the public nature of this debate, the environment of free expression that is being allowed, and the care government officials are taking in determining the impact this decision will have on "all" of its citizens and their future. The Monitor believes this is a good sign of the legislative progress being made and an indicator of the improved perspective by the new city council in Colorado City.

Since the previous Monitor report, the Monitor has conducted two additional "stakeholder engagement" meetings. These meetings are being held to strengthen the relationship and levels of communication between government officials and other key stakeholders within the community. Mayor Howard Ream, Colorado City Mayor, has joined Mayor Donia Jessop, Hildale Mayor, in supporting these meetings and being a productive member of this engagement team. Other group members include the Colorado City/Hildale Chief of Police, United Effort Plan (UEP), a representative of the FLDS population, healthcare and mental health organizations, non-profit organizations throughout the community, and other civic groups. The Monitor is grateful for the support of this varied group of community stakeholders. This engagement process has provided a safe environment for relationships and communication to occur with groups that have traditionally had challenges in their relationships. The objectives of the Court Monitor in convening these meetings are to assist the governments in understanding the role that citizens play in representative government, to provide a forum where all voices can be at the table, and to provide support to citizens and civic organizations in empowering them to

hold their government accountable with the fair and equal treatment of all of its citizens. To this end, these meetings are accomplishing these goals.

One final note of admonition for the communities. The Cities are currently within the "sustainment" period of the Injunction. This is often the most challenging because it is easy to be distracted, lose focus and let patterns and practices creep back into the progress that has been made. The Court Monitor and Police Consultant would encourage appointed officials to hold, as a high priority, compliance with all the requirements of the Injunction. Including being responsive and timely to the request of the Court Monitor and Police Consultant in providing documents, updates, and meeting deadlines established in the Court Injunction. Furthermore, good progress can be devalued when government leaders or city staff are not timely to the reasonable inquiries from citizens.

As the Court can see, the communities continue to make progress, and the real benefit of the requirements of the Injunction can, just now, begin to be observed and realized. Staying mindful and keeping elements of the Injunction at the forefront of governmental practices will ensure that the positive changes that have occurred will be enduring and benefit current and future residents of these communities.

As always, the Court Monitor looks forward to the continued work with these communities to ensure the bright future that many have so desperately hoped for. The Monitor thanks the Court and the communities for their continued trust and ongoing cooperation.

14