IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Town of Colorado City, Arizona, et al., | ) | No. 3:12-cv-8123-HRH |
| | ) | (Prescott Division) |
| Defendants. | ) | |
| _____ | ) | |

<u>O R D E R</u>

<u>Court Monitor and Police Consultant Reporting</u>

The court is in receipt of the semi-annual reports of the Court Monitor and Police Consultant.[1]  The court again expresses its appreciation of the Court Monitor's continuing efforts to keep the court informed concerning compliance with the court's judgment and injunction.

The court addresses first the May 1,  2023, report of the Police Consultant.

Both the Police Consultant and the Court Monitor have reported that the Colorado City Marshals Office has effected a name change to the Colorado City Police Department. The court believes that this name change will in a subtle way enhance the transparency and role of policing in Hildale City and Colorado City.  The court sees the name change as a important step in the ongoing, favorable cultural change in the cities.

---

[1]Docket Nos. 1213 and 1213-1.

Hiring and retention of police officers continues to be a problem for the Colorado City Police Department. This problem has two aspects, one of which is controllable and the other beyond the cities' control. Recruiting new officers is likely a problem of national scope. We will all have to live with it for the time being. Both recruiting and the retention of officers are surely also impacted by the presence or absence of competitive pay and benefit packages. The court encourages the Police Consultant to continue working with the Colorado City Police Department and the cities' administration with a view toward enhancing the pay and benefits available to Colorado City Police Department officers. In this regard, the court encourages the use of such initiatives as stakeholder meetings, with a view toward impressing upon residents of the cities the necessity of good policing, a good relationship with police officers, and, in particular, the appropriateness of a good benefits package. In this regard, the court is encouraged to learn that the Colorado City Police Department may soon have two additional officers on board.

It appears that good progress is being made in the use of body cameras by police officers. The use of these devices is increasingly important in support of transparency and trust between police officers and the public.

The Police Consultant reports that the department's report writing continues to be a "work in progress". The court hopes the Police Consultant will continue to impress upon police officers the importance of documenting their work.

Turning to the report of the Court Monitor, the court again thanks the Court Monitor for his efforts in providing more comprehensive, updated reports.

The Court Monitor reports generally that the cities are in compliance with the Policing Act injunction and the Fair Housing Act injunction.

Although the cities may have gotten behind on their review of culinary water impact fees, it appears that the Court Monitor and the plaintiff are appropriately monitoring this situation. The court looks forward to the impact fee review being completed well before another report to the court is due.

On the subject of compliance with websites and public notice, problems continue for both Colorado City and Hildale City, especially regarding the availability of minutes. In this regard, it is unclear to the court from the report what the distinction is between the "posting" of minutes and the "availability" of minutes. Posting appears not to be a problem, but the availability of minutes is; and the Court Monitor suggests that "willful neglect" may be involved. On or before **June 1, 2023**, the Court Monitor will please provide the court with a brief, supplemental report, providing the court with an enhanced explanation of what the minutes "availability" issue is, together with a proposal from the cities' administrators for resolving the issue, which dates back to at least November 1 of 2021.

The Court Monitor reports that the cities are in compliance with education and training requirements. The Court Monitor has provided the court with a detailed report of his oversight monitoring activities. With respect to the Court Monitor's auditing/review of applications, the Court Monitor recommends, and the court encourages, that the cities extend existing software employed with respect to building applications to zoning change applications. The court endorses and encourages the Court Monitor to continue with his monitoring activities.

Finally, the Court Monitor has provided the court with a detailed commentary on Public involvement and future monitoring. As the Court Monitor has observed, stakeholder meetings are intended to and, in the court's opinion, have the effect of enhancing

city officials' and the public's understanding of the role that citizens play in representative government. The court believes that the cities are progressing in their residents' understanding of the importance of effective communication and trust between town officials and the public.

The court looks forward to receiving a supplemental report from the Court Monitor by **June 1, 2023**, and the Court Monitor's and Police Consultant's next semi-annual report due **November 1, 2023**.

DATED at Anchorage, Alaska, this  4th  day of May, 2023.


/s/ H. Russel Holland
United States District Judge