UNITED STATES OF AMERICA vs. TOWN OF COLORADO CITY, ARIZONA, et al.

No. 3:12-cv-8123-HRH (Prescott Division)

November 1, 2023

To: United States District Court for the District of Arizona

From: Roger Carter, Court Monitor

**Re: November 2023 Monitoring Report for the cities of Colorado City, Arizona, and Hildale, Utah.**

This report is submitted in compliance with § V.C. (39) of the Judgement and Decree Granting Injunctive Relief ("Order" "Court Order"), requiring a written report every six months on injunction compliance by the Defendant Cities ("Cities" "Communities") and the activities of the Court Monitor ("Court Monitor" "Monitor").

This report will cover the period from May 1, 2022, to October 31, 2023, and include a current compliance status on all the Order requirements, identify any obstacles to the work of the Monitor, and provide general observations.

**Injunction Compliance**

**Policing Act Injunction**

**Compliance with the Policing Act[1]**

In consultation with and under the direction of the Police Consultant, the Colorado City Police Department (identified as CCMO in the Order, and hereafter in this document referred to as CCPD) shall implement and adhere to new hiring policies and procedures, adopt and adhere to new policies and procedures for internal affairs investigations, obtain and properly deploy bod-worn cameras, review all CCMO (CCPD) policies and update as needed, attend all Injunction

---

[1] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief IV.

required trainings, and strengthen the relationship with the Washington County Sheriff's Office and Mohave County Sheriff.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, are currently in compliance with the Policing Act orders outlined in the Injunction. The Court-appointed Police Consultant will provide a separate report to the Court outlining those compliance issues and any obstacles that may have arisen during this reporting period. Additionally, The Police Consultant continues to assist the Monitor in auditing police records, dispatch reports, and camera footage.[2] This service has proved to be invaluable in not only providing strong oversight by the courts but also in assisting the CCPD to improve its own accountability and to highlight areas of continued training and improvement. The Police Consultant provides the following summary of progress.

*The CCPD continues to develop and enhance the relationships/partnerships and services they provide. They have held two public engagement activities during this reporting period. The July 4 celebration and the "Fall Street Fest." The July 4th celebration was a dance activity in front of the police department. The Fall Street Fest on October 7 was a dance with vendors, where the police officers prepared and provided Chicago dogs and water to the community members. The Chief advised that the police department will plan on this event occurring annually. Both were well received, and the feedback from the community has been very positive. They continue to train with other agencies and gain support, trust, and confidence with surrounding agencies and government offices. We are still working on report writing being complete, accurate, and consistent with codes, etc. The CCPD is currently enjoying being fully staffed, including two school resource officers actively involved in the two city's schools (sic).*

---

[2] United States of America v. Town of Colorado City, Arizona, et al. Order, Court Monitor, and Police Consulting Report. May 2, 2022.

<b>Fair Housing Act Injunction</b>

**Compliance with Approval of Subdivision Plat**[3]

Approval of the Subdivision Plat stipulates that the town of Colorado City was to work with UEP Trust in creating a final subdivision plat and file with the State of Arizona.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on September 27, 2017. **The Communities are in compliance with this requirement of the Injunction.**

**Compliance with Adoption of Building Department Policies and Procedures**[4]

Approval of Building Department Policies and Procedures stipulates that the communities are to develop objective, uniform, non-discriminatory policies and procedures per stipulations set out in the Injunction to govern the building department and its functions.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on August 16, 2017. **The Communities are in compliance with this requirement of the Injunction.**

---

[3] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (2)

[4] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (3)

**Compliance with Amendments to Water Service Regulations[5]**

Approval of Building Department Policies and Procedures stipulates that the Cities should repeal outdated water ordinances and create new ordinances in accordance with stipulations set out in the Injunction.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on September 12, 2017. **The Communities are in compliance with this requirement of the Injunction.**

**Compliance with Culinary Water Impact Fee[6]**

The Culinary Water Impact Fee stipulates that the communities must have an engineering firm confirm the validity of the "then" culinary water impact fee. This requirement also mandated that any future change to the culinary water impact fee would require approval by the United States and the Court Monitor.

The towns of Hildale, Utah, and Colorado City, Arizona, originally completed this requirement of the Injunction on February 13, 2018. However, the Order emphasizes that the Culinary Water Impact Fee is to be reviewed every five years.[7] Judge Holland emphasized in his response to the "*Court Monitor and Police Consulting Report*" dated May 4, 2023, the desire to see this process occur with the legislative bodies "well before another report to the court is due."[8] This review not only keeps the communities in compliance with the Order but is a requirement

---

[5] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (9)
[6] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (14)
[7] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (21)
[8] Court Response to Court Monitor and Police Consultant Reporting, May 4, 2023. P. 3. Document 1214.

under Arizona State Statute.[9] **To date, this review still needs to be completed. Throughout the last reporting period, the Monitor has reminded the communities of this pending deadline and asked them to take action on this item, even if it was to maintain the current Culinary Water Master Plan and Impact Fee Analysis. As of the date of this Monitor Report, the cities find themselves eight months out of compliance with this section of the Order. The Monitor again requests that the legislative bodies of these communities take formal action on any proposed capital facilities plan and recommended impact fee to show active compliance with this Order and state law.**

**Compliance with Websites and Public Notice**[10]

Websites and public notice stipulates that the communities should post on their website the following information:

A. Contact information for every elected, appointed, and department official

B. Notice of all upcoming meeting agenda(s) for councils, commissions, and utility board. Furthermore, all minutes should be posted once adopted.

C. Web links to applications for building permits, utility connections or transfers, subdivision applications, and public records requests.

D. Web link to all ordinances, regulations, procedures, and policies, including building department.

E. Web link to Marshall Office's policies and procedures.

F. Injunction language and contact information for the Court Monitor.

---

[9] Arizona Revised Code §9-463.05, B, 14, D(3).
[10] United States of America v. Town of Colorado City, Arizona, et al. Judgment and Decree Granting Injunctive Relief, V. C. (22)

**Status**

Since the last Monitor Report, the communities have made substantial progress in complying with the posting of meeting minutes. They are currently in compliance with the Order's requirements for their websites and public notices. However, the Monitor encourages the cities to stay vigilant in the posting of meeting minutes not only to comply with the Order but to satisfy state law requirements.

| Colorado City Website Compliance | | | | |
|---|---|---|---|---|
| Metric | May 1, 2022 | November 1, 2022 | May 1, 2023 | November 1, 2023 |
| Contact information | X | Incomplete | Incomplete | X |
| Meetings posted | X | X | X | X |
| Minutes available | Incomplete | X | Incomplete | X |
| Applications | X | X | X | X |
| Ordinances/Policies | X | X | X | X |
| Police policies | X | Incomplete | X | X |
| Injunction language | X | X | X | X |

| Hildale Website Compliance | | | | |
|---|---|---|---|---|
| Metric | May 1, 2022 | November 1, 2022 | May 1, 2023 | November 1, 2023 |
| Contact information | X | X | X | X |
| Meetings posted | X | X | X | X |
| Minutes available | Incomplete | Incomplete | Incomplete | X |
| Applications | X | X | X | X |
| Ordinances/Policies | X | X | X | X |
| Police policies | X | Incomplete | Incomplete | X |
| Injunction language | X | X | X | X |

**Compliance with Mandatory Education & Training[11]**

Mandatory education and training stipulates that the communities are to provide elected, appointed, and key personnel with annual training on the U.S. Constitution, the Fair Housing Act, and the orders found within this Injunction.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed two of the three trainings during this reporting period. Constitutional Training was conducted by the Washington County Attorney's Office (Attorneys Joe Hood and Layne Wood) on July 18, 2023. The Court Injunction training was conducted on October 6, 2023, by Jeff Matura, Colorado City Attorney. The Department of Justice attended virtually the Court Injunction training in October (Corey Sanderson). Attendance and historical data from the previous two trainings are noted in the following table. Fair Housing training is scheduled for December 7, 2023, and will be reported in the May 2024 Monitor Report. **The towns currently find themselves in compliance with this requirement.**

| | Fair Housing Training | | |
|---|---|---|---|
| Metric | December 1, 2021 | November 17, 2022 | Scheduled Dec. 2023 |
| **In-person training** | 63 | 56 | |
| **Positions vacant** | 5 | 11 | |
| **Follow-up training** | 4 | 10 | |
| **Total Trained** | 68 | 67 | |

---

[11] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (24)

| Injunction Training | | | |
|---|---|---|---|
| **Date** | **December 1, 2021** | **November 17, 2022** | **October 2023** |
| **In-person training** | 63 | 56 | 53 |
| **Positions vacant** | 5 | 11 | 5 |
| **Follow-up training** | 4 | 10 | 18 |
| **Total Trained** | 68 | 66 | 71 |

| Constitutional Training | | | |
|---|---|---|---|
| **Metric** | **June 30, 2021** | **July 19, 2022** | **July 18, 2023** |
| **In-person training** | 55 | 55 | 51 |
| **Positions vacant** | 3 | 2 | 5 |
| **Follow-up training** | 8 | 10 | 22 |
| **Total Trained** | 66 | 67 | 72 |

**Compliance with Monitoring Duties**[12]

Monitoring duties stipulate the following responsibilities:

A. Conduct regular site visits, interviewing city officials and documents necessary to carry out their assignment.

B. Review the handling of all applications or requests associated with utilities, permits, subdivisions, and other land-use applications.

---

[12] United States of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (29)

C. Review all modifications to any ordinance, regulation, procedure, or policy affecting housing, zoning, planning, subdivision, building permits, licenses, rental taxes, and utility services and connections.

D. Review all complaints by residents or others associated with any of the above-noted items.

E. Review any changes proposed by the cities to building department policies, water service regulations, or culinary impact fees.

F. Monitor defendant cities' services, operations, and facilities associated with housing, utility services, building permits, subdivisions, land-use and planning provisions, and police services related to any of the above.

G. Monitor councils, commissions, boards, committees, and departments for compliance with the Injunction items.

**Status**

During the previous six-month period, the Court Monitor performed the following oversight in accordance with the Injunction. The following table identifies the number of activities the Monitor has participated in for the previous two years.

| Monitoring Activities | | | | |
|---|---|---|---|---|
| **Metric** | **May 1, 2022** | **November 1, 2022** | **May 1, 2023** | **November 1, 2023** |
| **Public official engagements*** | 65 | 73 | 62 | 78 |
| **Application audits** | 10 | 12 | 10 | 13 |
| **Ordinance/Policy changes** | 2 | 3 | 5 | 2 |
| **Complaints** | 1 | 3 | 2 | 3 |
| **Operational review** | 16 | 18 | 12 | 17 |
| **Other monitor engagements** | 5 | 12 | 4 | 18 |
| **Meetings attended** | 25 | 24 | 29 | 25 |

*-This figure represents a cumulative total of all other monitoring activities.

A. **Public Official Engagements:** The Court Monitor regularly attends meetings, visits with city officials, reviews documents, or conducts business in or with these communities. This data represents the engagements involving audits, ordinance/policy changes, complaints, operational reviews, other monitoring efforts, and meetings attended.

B. **Application Audits:** A random sample of both utility and building department audits are conducted regularly. Both audits include on-site visits, but the Court Monitor has administrative access to the city's building permit and inspection program through their program "City Inspect." This allows the Monitor to review applications in real-time status. Any deficiencies identified within the records audits have not been substantive and have been rectified with additional documentation. **The Cities are still progressing toward implementing the city software for zoning and land-use applications.**

C. **Ordinance/Policy Change:** Three significant ordinance/policy changes/development agreements were reviewed during this reporting period.

    a. The Monitor worked with Hildale City regarding a significant subdivision development agreement.

    b. Reviewed the community response to parade entries, identifying any discriminatory language or practice in the issuing of parade permits or entries.

    c. Colorado City revised its Flag-lot land-use language. The Monitor reviewed this ordinance change.

    d. Continued to monitor the progress of the water impact fee document.

D. **Complaints:** Three complaints were received by citizens or staff during this reporting period.

    a. An employee filed a complaint of disparate treatment regarding Hildale City. The Court Monitor reviewed the complaint. It was determined that there was no evidence of discrimination, nor did the employee have any standing for continued employment. However, the Court Monitor provided the city recommendations on how to avoid these complaints in the future. The complainant took no further action.

    b. A complaint was received by a citizen regarding the delay in their land-use application. The individual felt that they were being singled out because of their challenged relationship with Hildale City. The Court Monitor resolved the land-use approval process, and the land-use authority subsequently approved the final plat. The complainant took no further action.

    c. A complaint was received by a citizen regarding a citation that the Colorado City Police Department issued. The individual felt that the citation was discriminatorily motivated because the business located on the premise was

considered unfavorable to city leaders. The Monitor received the complaint just before the citizen's scheduled court date. The Court Monitor received no evidence substantiating the claim by the complainant. The Monitor deferred non-discriminatory complaints and recommended those be heard at the scheduled court hearing, as was appropriate. The complainant took no further action.

d. Several complaints were filed with the Court Monitor by several city employees regarding disparate treatment by the Town of Colorado City Human Resource Department. **An investigation is currently underway regarding these claims.** An extensive records review has been completed, and interviews with city officials are pending. This is an ongoing investigation and is anticipated to be completed by the end of the year.

E. **Operational Review:** This category refers to engagements between the Monitor and town officials or staff, the Department of Justice, the Police Department, the Police Consultant, other governmental agencies, and community organizations. During this past reporting period, the Court Monitor interacted with many, if not all, of these agencies.

F. **Other Monitor Engagements:** This category refers to engagements not clearly identified in previous categories. Most of the engagements listed in this category include the Stakeholder Engagement Meeting, which will be discussed later in the report.

G. **Meetings Attended:** These include city council meetings, planning commission meetings, utility board meetings, mandated training, and other meetings outlined within the Injunction.

**Community Snapshot**

Having provided a report on compliance with the orders of the Injunction, the Monitor offers the following snapshot of both the areas of needed effort as well as community progress.

**Self-determination**

In the area of needed effort, the communities continue to navigate a new normal, especially in how they interact with one another. Historically, the two Cities worked as one community, receiving unified direction from the dominant religious institution. Since the imposition of the Court Order, and in particular, as leadership has changed in the two communities, there has been an ever-increasing exercise of self-determination occurring between the cities of Hildale and Colorado City. This process has included them prioritizing their own citizen's needs, evaluating their own laws and ordinances, and acting in ways that might differ from their adjacent city. Now, more than ever, community differences in vision, leadership, needs, and opportunities are becoming evident. The two Cities are currently identifying areas where cooperation is necessary and appropriate or where their own self-determined path should be the priority.

The uptick in citizen and employee complaints of fairness and process may be attributed to this state of self-determination. If that is the case, then the role of the Court and Monitor(s) will continue to provide necessary guidance for public officials. As was noted earlier in this report, the citizens and employees continue to see the Order and Monitor as a safe avenue to register concerns or complaints - a safe place to go - if you will. On the other hand, when complaints are vetted through the process established by the Court, and when there is a finding that the city has acted appropriately, then citizens are encouraged in their efforts to place an ever-growing amount of faith in their governmental institution. This period of self-determination will

only have an acceptable outcome once citizens are willing to extend trust to their representative government and when the government can firmly establish itself as a trustworthy institution.

**Employment stability**

Like many cities, the challenge of employee turnover continues to create instability. Several important leadership positions in public works and utilities were vacated during this last reporting period. Vacant positions and the challenge of recruiting skilled individuals to the area can result in a heavy workload on existing employees or unskilled new hires. Either of these situations can create an environment where decisions or actions may result in unfair treatment of community members. Although organizational stability will be a never-ending challenge, the Court's presence in the community has provided a resource for the governments as they develop human resource practices that are inclusive and fair.

**Stakeholder involvement**

As mentioned in previous reports, the Monitor is encouraged by the engagement of critical citizens, groups, and stakeholders as they have interfaced with the two local governments and their leaders. Although there were no formal stakeholder engagement meetings held during this reporting period due to scheduling conflicts and other events, the Monitor does anticipate continued stakeholder engagement during the upcoming reporting period. The Monitor does note, however, the efforts of the CCPD in the two public events they held. These were well attended and further developed the trust and confidence between citizens and the CCPD.

**Community Progress**

In conclusion, the Monitor would like to report a couple of notable areas of community progress. As was stated in the previous Monitoring Report, Colorado City seated a new mayor and council members in December 2022. This new council is making an effort to improve the

accessibility and transparency of this government. During this reporting period, the Colorado City Council and staff identified a manner to fund and implement improved city benefits for the two communities. This effort is to help stabilize their employment and in response to the Court's request toward "...enhancing the pay and benefits available to Colorado City Police Department."[13]…[and other personnel]. Funding has been approved, and paperwork is being completed with the Arizona Retirement System for enhanced retirement benefits. These efforts, although costly, will have an immediate and significantly positive impact on both of these organizations.

Additionally, during the last reporting period, Colorado City has undertaken a massive remodel of its city office. This remodel removed the tinted security door in which all visitors were required to "buzz in" before being allowed to enter city hall. The new design allows the public to fully access a beautifully decorated, hospitable lobby and reception area. This is one of the most visible outward signs of the efforts of these governments to be more open to their citizens.

**Conclusion**

The cadence of progress is occurring, even if it is ploddingly slow. The Monitor(s) recognize this. The Cities recognize this, and hopefully, the public is seeing this. Sustained effort will continue to be the hallmark of compliance. Focusing on the elements of this Order will continue to make sustainable organizational changes, build citizen confidence in their government, and provide city leaders with guidance during this time of growth and self-determination.

---

[13] Court Response to Court Monitor and Police Consultant Reporting, May 4, 2023. P. 2. Document 1214.

As always, the Court Monitor looks forward to the continued work with these communities to ensure the bright future many have so desperately hoped for. The Monitor thanks the Court and the communities for their continued trust and ongoing cooperation.

This report is provided electronically to:

<u>To plaintiff:</u>

    Corey Sanders
    United States Department of Justice
    Civil Rights Division
    950 Pennsylvania Ave, N.W.
    Washington, DC 20053

<u>To Colorado City:</u>

    Jeffrey C. Matura
    Graif Barrett & Matura P.C.
    1850 North Central Avenue, Ste. 500
    Phoenix, AZ 85004

    Town Manager
    Colorado City
    P.O. Box 70
    Colorado City, AZ 86021

<u>To Hildale City:</u>

    Shawn Guzman
    320 East Newel Ave
    P.O. Box 840490
    Hildale, UT 84784

    Mayor - Hildale City, Utah
    320 East Newel Ave
    PO Box 840490
    Hildale, UT 84784

DATED at Washington, Utah, this 1st day of November 2023.

_____

Roger Carter, DPA
Court Monitor