IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                      Plaintiff,<br><br>  vs.<br><br>Town of Colorado City, Arizona, et al.,<br><br>                    Defendants. | No. 3:12-cv-8123-HRH<br>(Prescott Division) |

O R D E R

Case Status

The court is in receipt of the Court Monitor's semi-annual report of November 1, 2023, as well as the Police Consultant's report of October 30, 2023.[1]

With two exceptions noted below, the reports of the Court Monitor and Police Consultant reflect continuing good compliance with the court's judgment and injunction. With the exceptions noted below, both reports are approved. The court continues to value the Court Monitor's and Police Consultant's close examination of the Cities' compliance with the court's judgment and injunction.

As a consequence of a series of supplemental reports and order,[2] the Cities and the Court Monitor have addressed the issue of the timely posting of information, in particular meeting minutes. The Court monitor reports that the Cities "are currently in compliance

---

[1]Respectively, Docket Nos. 1219 and 1219-1.

[2]Docket Nos. 1225 through 1218.

ORDER – Case Status                                                                                                                                                       - 1 -

with the Order's requirements for their websites and public notices."³ The court thanks the parties and the Court Monitor for their efforts in achieving compliance with posting requirements. That said, the Court Monitor will please continue to closely observe the Cities' compliance with the posting of various activities, but in particular meeting minutes. The Court considers the posting of Cities' activities on their websites as important to achieving openness and trust as between the Cities and residents of the Cities.

The Court Monitor and Police Consultant have both reported to the court as regards a need to enhance the pay and benefits for the Colorado City Police Department. It is unclear to the court from the respective reports of the Court Monitor and the Police Consultant whether or not progress has been made as regards retirement benefits. The court understands that enhanced benefits for the Colorado City Police Department officers is costly; but the court perceives enhanced benefits to be critical to improving the stability of the Colorado City Police Department. The Police Department has in the past, and may in the future, experience difficulty in retaining experienced officers. Attracting experienced officers will be difficult without improvement in the police officers' benefits program. The court looks forward to a further report on this subject from the Court Monitor and the Police Consultant in their May 2024 reports.

Again, the court is impressed with the general progress made by the Cities in building openness and trust as between the Cities and their residents. The one matter that is presently a substantial concern to the court is compliance with the culinary water impact fee process. This subject has been a problem in the past and, unfortunately, is again a problem. The Court Monitor reports that:

---

³Docket No. 1219 at 6.

> As of the date of this Monitor Report, the cities find themselves eight months out of compliance with [the culinary water] section of the Order. The Monitor again requests that the legislative bodies of these communities take formal action on any proposed capital facilities plan and recommended impact fee to show active compliance with this Order and state law.[4]

The foregoing is a disappointing and serious departure from the Cities' overall compliance with the court's judgment and injunction.

The Court Monitor will please meet and confer with appropriate city authorities with a view toward proposing to the court a calendar for achieving culinary water supply compliance with the court's judgment and injunction. The Court Monitor will please propose the agreed upon calendar to the court by supplemental report on or before **January 11, 2024**. If the parties have not agreed to a schedule by **January 11, 2024**, the Cities should expect the court to enter an order to the Cities to show cause why they should not be held in contempt of court for failure to comply with the culinary water fee portions of the judgment and injunction and state law.

DATED at Anchorage, Alaska, this __4th__ day of December, 2023.

/s/ H. Russel Holland
United States District Judge

---

[4]Docket No. 1219 at 5.