UNITED STATES OF AMERICA vs. TOWN OF COLORADO CITY, ARIZONA, et al.

No. 3:12-cv-8123-HRH (Prescott Division)

May 1, 2025

To: United States District Court for the District of Arizona

From: Roger Carter, Court Monitor

**Re: May 2025 Monitoring Report for the cities of Colorado City, Arizona, and Hildale, Utah.**

This report is submitted in compliance with § V.C. (39) of the Judgement and Decree Granting Injunctive Relief ("Order" "Court Order"), requiring a written report every six months on injunction compliance by the Defendant Cities ("Cities" "Communities") and the activities of the Court Monitor ("Court Monitor" "Monitor").

This report will cover the period from November 1, 2024, to April 30, 2025, and include a current compliance status on all the Order requirements, identify any obstacles to the work of the Monitor, and provide general observations.

**Injunction Compliance**

**Policing Act Injunction**

**Compliance with the Policing Act[1]**

In consultation with and under the direction of the Police Consultant, the Colorado City Police Department (identified as CCMO in the Order, and hereafter in this document referred to as CCPD) shall implement and adhere to new hiring policies and procedures, adopt and adhere to new policies and procedures for internal affairs investigations, obtain and properly deploy bod-worn cameras, review all CCMO (CCPD) policies and update as needed, attend all Injunction

---

[1] United State of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief IV.

required trainings, and strengthen the relationship with the Washington County Sheriff's Office and Mohave County Sheriff.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, are currently in compliance with the Policing Act orders outlined in the Injunction. The Court-appointed Police Consultant will provide a separate report to the Court outlining those compliance issues and any obstacles that may have arisen during this reporting period. Additionally, the Police Consultant continues to assist the Monitor in auditing police records, dispatch reports, and camera footage.[2] This service has proven to be invaluable in not only providing strong oversight by the courts but also in assisting the CCPD to improve its own accountability and highlight areas for continued training and improvement. The Police Consultant provides the following summary of progress.

*The Consultant continues to work with the Chief to enhance the departments relationships/partnerships with the community and outside agencies. The Chief continues his efforts working with the community, outside state, local and federal agencies through combined trainings and other opportunities to maintain and grow their relationships. The CCPD also continues to develop and enhance the relationships/partnerships and services they provide these communities. The department has been heavily involved in the accreditation process for both Arizona and Utah during this reporting period. Although the report writing continues to improve, the consultant continues his efforts with the Chief and Department staff on report writing. The CCPD continues to enjoy being fully staffed at this point. The police department and city Manager continue the efforts and process for CCPD to be part of the Arizona state retirement system, which will provide a critical benefit to the employees and help attract seasoned and experienced Officers to their team. The trust, confidence and transparency continue to grow in the above listed areas from these efforts. Ultimately helping with the future sustainability of this police department. (sic)*

---

[2] United State of America v. Town of Colorado City, Arizona, et al. Order, Court Monitor and Police Consulting Report. May 2, 2022.

**Fair Housing Act Injunction**

**Compliance with Approval of Subdivision Plat[3]**

Approval of Subdivision Plat stipulates that the town of Colorado City was to work with UEP Trust to create a final subdivision plat and file it with the State of Arizona.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on September 27, 2017. **The Communities are in compliance with this requirement of the Injunction.**

**Compliance with the Adoption of Building Department Policies and Procedures[4]**

Approval of Building Department Policies and Procedures stipulates that the communities are to develop objective, uniform, non-discriminatory policies and procedures per stipulations set out in the Injunction to govern the building department and its functions.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on August 16, 2017. **The Communities are in compliance with this requirement of the Injunction.**

---

[3] United State of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (2)

[4] United State of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (3)

**Compliance with Amendments to Water Service Regulations**[5]

Approval of Building Department Policies and Procedures stipulates that the Cities should repeal outdated water ordinances and create new ordinances in accordance with stipulations set out in the Injunction.

**Status**

The towns of Hildale, Utah, and Colorado City, Arizona, completed this requirement of the Injunction on September 12, 2017. **The Communities are in compliance with this requirement of the Injunction.**

**Compliance with Culinary Water Impact Fee**[6]

The Culinary Water Impact Fee stipulates that the communities must have an engineering firm confirm the validity of the "then" culinary water impact fee. This requirement also mandates that any future change to the fee would require approval by the United States and the Court Monitor.

**Status**

As impact fees were revised in 2024, **The Communities are in compliance with this requirement of the Injunction.**

---

[5] United State of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (9)
[6] United State of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (14)

**Compliance with Websites and Public Notice**[7]

Websites and public notice stipulate that the communities should post on their website the following information:

A. Contact information for every elected, appointed, and department official

B. Notice of all upcoming meeting agenda(s) for councils, commissions, and utility board. Furthermore, all minutes should be posed once adopted.

C. Web links to applications for building permits, utility connections or transfers, subdivision applications, and public records requests.

D. Web link to all ordinances, regulations, procedures, and policies, including building department.

E. Web link to Marshall Office's policies and procedures.

F. Injunction language and contact information for the Court Monitor.

**Status**

**The Cities are currently in compliance with the Order's requirements for their websites and public notices.** The Monitor encourages the cities to stay vigilant in posting meeting minutes to comply with the Order and satisfy state law requirements. **The minutes from the last two months have not been posted for Hildale City. Hildale is currently undergoing management restructuring, and the Monitor will work with them to update these minutes accordingly.**

---

[7] United States of America v. Town of Colorado City, Arizona, et al. Judgment and Decree Granting Injunctive Relief, V. C. (22)

| Colorado City Website Compliance | | | |
|---|---|---|---|
| Metric | November 1, 2023 | May 1, 2024 | November 1, 2024 | May 1, 2025 |
| Contact information | X | X | X | X |
| Meetings posted | X | X | X | X |
| Minutes available | X | X | X | X |
| Applications | X | X | X | X |
| Ordinances/Policies | X | X | X | X |
| Police policies | X | X | X | X |
| Injunction language | X | X | X | X |

| Hildale Website Compliance | | | |
|---|---|---|---|
| Metric | November 1, 2023 | May 1, 2024 | November 1, 2024 | |
| Contact information | X | X | X | X |
| Meetings posted | X | X | X | X |
| Minutes available | X | X | X | - |
| Applications | X | X | X | X |
| Ordinances/Policies | X | X | X | X |
| Police policies | X | X | X | X |
| Injunction language | X | X | X | X |

## Compliance with Mandatory Education & Training[8]

---

[8] United State of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (24)

Mandatory education and training stipulate that the communities are to provide elected, appointed, and key personnel with annual training on the U.S. Constitution, the Fair Housing Act, and the orders found within this Injunction.

**Status**

In December, the towns of Hildale, Utah, and Colorado City, Arizona, were scheduled to complete their Fair Housing Training. With the agreement of the Monitor, the cities sought to revise their fair housing training to be more aligned with the fair housing violations outlined in the Injunction. A draft of that new training was being circulated, in accordance with the Injunction, between the cities and the Department of Justice. This has delayed the training. The Monitor will assess whether the revised training can be conducted within the next sixty days. If not, the previous training will be conducted using Southwest Fair Housing. **The towns currently find themselves out of compliance with this requirement.**

| Fair Housing Training | | | |
|---|---|---|---|
| Metric | December 1, 2021 | November 17, 2022 | December 7, 2023 |
| In-person training | 63 | 56 | |
| Positions vacant | 5 | 11 | |
| Follow-up training | 4 | 10 | |
| Total Trained | 68 | 67 | Pending |

| Injunction Training | | | |
|---|---|---|---|
| Date | November 17, 2022 | October 2023 | October 2024 |
| In-person training | 56 | 53 | 54 |

| | | | |
|---|---|---|---|
| Positions vacant | 11 | 5 | 3 |
| Follow-up training | 10 | 18 | 14 |
| Total Trained | 66 | 71 | 71 |

| Constitutional Training | | | |
|---|---|---|---|
| Metric | July 19, 2022 | July 18, 2023 | July 2024 |
| In-person training | 55 | 51 | 51 |
| Positions vacant | 2 | 5 | 1 |
| Follow-up training | 10 | 22 | 24 |
| Total Trained | 67 | 72 | 75 |

**Compliance with Monitoring Duties[9]**

Monitoring duties stipulate the following responsibilities:

A.  Conduct regular site visits, interviewing city officials, and documents necessary to carry out their assignment.

B.  Review the handling of all applications or requests associated with utilities, permits, subdivisions, and other land-use applications.

C.  Review all modifications to any ordinance, regulation, procedure, or policy affecting housing, zoning, planning, subdivision, building permits, licenses, rental taxes, and utility services and connections.

---

[9]  United State of America v. Town of Colorado City, Arizona, et al. Judgement and Decree Granting Injunctive Relief V. (29)

D. Review all complaints by residents or others associated with any of the above-noted items.

E. Review any changes proposed by the cities to building department policies, water service regulations, or culinary impact fees.

F. Monitor defendant cities' services, operations, and facilities associated with housing, utility services, building permits, subdivisions, land-use and planning provisions, and police services related to any of the above.

G. Monitor councils, commissions, boards, committees, and departments for compliance with the Injunction items.

**Status**

During the previous six months, the Court Monitor performed the following oversight in accordance with the Injunction. The following table lists the number of activities in which the Monitor participated over the past two years.

| Monitoring Activities | | | |
|---|---|---|---|
| Metric | November 1, 2023 | May 1, 2024 | November 1, 2024 | May 1, 2025 |
| Public official engagements* | 78 | 62 | 62 | 55 |
| Application audits | 13 | 9 | 11 | 10 |
| Ordinance/Policy changes | 2 | 4 | 3 | 3 |
| Complaints | 3 | 3 | 10 | 1 |
| Operational review | 17 | 13 | 2 | 15 |
| Other monitor engagements | 18 | 4 | 2 | 14 |
| Meetings attended | 25 | 29 | 34 | 30 |

*-This figure represents a cumulative total of all other monitoring activities.

A. **Public Official Engagements:** The Court Monitor regularly attends meetings, visits with city officials, reviews documents or conducts business in or with these communities. This data roughly represents the engagements involving audits, ordinance/policy changes, complaints, operational reviews, other monitoring efforts, and meetings attended.

B. **Application Audits:** A random sample of utility and building department audits is conducted on a regular basis. Both audits include on-site visits, but the Court Monitor has administrative access to the city's building permit and inspection program through their program "City Inspect." This allows the Monitor to review applications in real-time status. Any deficiencies identified in the records audits have been non-substantive and have been rectified with additional documentation. The Monitor will continue encouraging the towns to implement this software for zoning and land-use applications.

C. **Ordinance/Policy Change:** Three significant ordinance/policy changes/development agreements were reviewed during this reporting period.

   a. Land use ordinance changes on multi-family residential zones.

   b. Changes to the public meeting ordinance.

   c. Changes to Council/City Manager Duties Ordinance.

D. **Complaints:** One complaint was received from citizens or staff during this reporting period.

   a. A complaint was received by the monitor regarding the financial management of Hildale City. The complainant felt that the financial resources had potentially favored one group over another in the community. Although the city is currently facing some economic challenges, this citizen was unable to provide any evidence of discrimination. The Monitor is aware of the City's current challenges and is

monitoring them to ensure equal treatment of all its citizens. The City is committed to transparency and fairness in its financial operations.

E. **Operational Review:** This category refers to engagements between the Monitor and town officials or staff, the Department of Justice, the Police Department, the Police Consultant, other governmental agencies, and community organizations. During this past reporting period, the Court Monitor interacted with many, if not all, of these agencies.

F. **Other Monitor Engagements:** This category refers to engagements not clearly identified in previous categories.

G. **Meetings Attended:** These include city council meetings, planning commission meetings, utility board meetings, mandated training, and other meetings outlined within the Injunction.

## Community Snapshot

The following section provides a perspective on the community and how the Injunction is affecting community life and direction. This section identifies areas of continued effort by the community, where the communities have made progress, and other items of interest to the Court.

**Hildale, Utah**

Recently, the town of Hildale has experienced a management transition following the departure of its Town manager. This management change, along with the city's current financial condition, has necessitated that the Mayor and Council assume the role of operational administrators. Although it is not uncommon for cities of this size to have no professional management, it does run the risk of reducing the separation of duties and powers typically found in larger, more staffed municipal governments. The Court Monitor - at the city's request - has spent time training and assisting the Mayor and Council members to understand their roles and

responsibilities in municipal operations. This has been done to mitigate the instability associated with this transition and to ensure continued adherence to the principles and progress made under the Injunction over the past eight years.

As mentioned in the previous paragraph, the City of Hildale is currently facing financial challenges, primarily due to operational overruns. This has resulted in a deficit in the General Fund and ongoing cash flow restraints. In response, the City is actively collaborating with outside professionals to develop solutions that will stabilize its financial condition and ensure long-term viability. One area of increasing cost for the city has been in its shared responsibility with Colorado City in supporting the Colorado City/Hildale Police Department. Over the past several years, the cost of maintaining this department has increased to meet both community expectations and mandates from the Injunction and the Court. These costs, along with other budget increases, have put pressure on Hildale City's current budget. The Monitor will observe how the city addresses these challenges, particularly in making sure that the police department remains compliant with Injunction requirements and in its continued effort to provide effective and accountable services to the public.

Despite the challenges currently facing the city of Hildale, the Mayor and Council are demonstrating a strong commitment to resolving these issues in a transparent, accountable, and fair manner. They are confident that they can address and resolve these problems and that these challenges will ultimately provide an opportunity of growth and development of their skills as effective public administrators.

**Colorado City, Arizona**

One of the key objectives of the Injunction has been to establish a stable and dependable police department for the communities. A critical element in achieving this goal, as recognized

by the Court, has been to provide competitive benefits for police personnel. Colorado City has been working with the Public Safety Personnel Retirement System (PSPRS) and has begun allocating the necessary funds for this partnership. It is anticipated that on July 1, 2025, the public safety personnel will begin their participation in PSPRS. This is a significant step in ensuring a strong, competitive workforce. When employees are well-trained, fairly compensated, and professionally supported, they take ownership of their responsibilities, which can provide an effective check on organizational integrity while simultaneously increasing public trust.

One of the ongoing challenges facing Colorado City and Hildale is planning, developing, and securing future water resources. This issue will continue to play a progressively larger role for both governments in their ability to support community growth. Additionally, the ability to resolve this issue lies not only in acquiring the resource but also in the individual and combined skills of local leaders to collaborate between the two communities and with others.

The leadership in Colorado City, along with the broader community, continues to show growth and maturity in their governance and operations. There has been good stability in the key personnel associated with their governmental operations. This stability has enabled the Town to focus on updating personnel practices, revising internal policies, and enhancing organizational processes. As a sign of the Town Council's growth, they are currently evaluating whether modifications to the Town Council structure are needed to more fully support effective administration and community service. These few examples reflect a positive sign by government leaders of building a stable, accountable, and forward-looking government.

**Conclusion**

Despite the challenges these cities face, growth and maturity have been observed. With two years remaining in the Injunction, it is critical that city leaders strengthen internal processes, solidify citizen safeguards, and to continue to demonstrate how different the community is today compared to when this process began. The Monitor encourages the cities to remain firm in upholding the principles of fairness, accountability, and transparency that have been established over the course of this Injunction. The Monitor looks forward to continuing this work together with the Cities.

The Monitor thanks the Court and the communities for their continued trust and ongoing cooperation.

This report is provided electronically to:


<u>To plaintiff:</u>

> Corey Sanders
> United States Department of Justice
> Civil Rights Division
> 950 Pennsylvania Ave, N.W.
> Washington, DC 20053

<u>To Colorado City:</u>

> Jeffrey C. Matura
> Graif Barrett & Matura P.C.
> 1850 North Central Avenue, Ste. 500
> Phoenix, AZ 85004

> Town Manager
> Colorado City
> PO Box 70
> Colorado City, AZ 86021

<u>To Hildale City:</u>

> Shawn Guzman
> 320 East Newel Ave
> P.O. Box 840490
> Hildale, UT 84784

> Mayor - Hildale City, Utah
> 320 East Newel Ave
> PO Box 840490
> Hildale, UT 84784


DATED at Washington, Utah, this 1st day of May 2025.


_____

Roger Carter, DPA
Court Monitor