Noah D. Sacks (CA BAR #246694)
United States Department of Justice
Civil Rights Division
150 M Street
Washington, DC 20530
Phone: (202) 598-6366
Facsimile: (202) 514-0212
E-mail: noah.sacks@usdoj.gov

Attorney for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| United States,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Town of Colorado City, Arizona, *et al.*,<br><br>　　　　Defendants. | No. 3:12cv8123-SMB<br><br>**JOINT MOTION TO TERMINATE INJUNCTION** |

Plaintiff, United States of America, and Defendants, Town of Colorado City, Arizona, Hildale, Utah, Twin City Power and Twin City Water Authority, Inc., (collectively "the Parties") jointly move to terminate the Court's April 18, 2017 Judgment and Decree Granting Injunctive Relieve (ECF No. 1053) and dismiss this action, pursuant to Federal Rule of Civil Procedure 60. The Parties jointly file this Memorandum of Points and Authorities in support of their Motion and a proposed order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction**

On June 6, 2012, the United States brought this action pursuant to the Fair Housing Act of 1988, 42 U.S.C. §§ 3601 *et seq* (FHA); Title III of the Civil Rights Act of 1964, 42 U.S.C. § 2000b; and 42 U.S.C. § 14141 (recodified as 34 U.S.C. § 12601). The United

States alleged that the defendants had engaged and continued to engage in a pattern or practice of violating individuals' rights protect by the First, Fourth, and Fourteenth Amendments to the United States Constitution and the laws of the United States. *See* ECF No. 1.

After extensive discovery and motion practice, the case went to trial on January 19, 2016. *See* ECF No. 838. With respect to the FHA claims, the jury returned a unanimous verdict that the Defendants had engaged in a pattern or practice of violating the FHA by, among other things, "discriminating against non-FLDS individuals in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of religion." *See* Injunction, ECF No. 1053 at 3. The jury also awarded damages to six identified victims injured by the FHA violations. *Id*.

On March 7, 2016, the jury also issued three advisory verdicts against the Defendants, specifically relating to the actions of the Colorado City Marshal's Office (CCMO), which provides policing services to both Colorado City and Hildale. *Id*. at 4. The jury concluded that CCMO engaged in a pattern or practice in violation of the Establishment Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Fourth Amendment based on its unreasonable seizures of property and persons, and of arrests made without probable cause. The Court found that the FLDS Church's selection and control of the CCMO, which was entangled with FLDS security, combined with other factors to violate the Establishment Clause. The Court also found that CCMO failed to provide effective police services to, and discriminated against, non-FLDS members in violation of the Equal Protection Clause. Finally, the Court found that CCMO violated the Fourth Amendment based upon evidence at trial that it had arrested non-FLDS members without probable cause. *Id*.

On April 18, 2017, the Court issued the Injunction to remedy Defendants' pattern or practice of violating the FHA and the First, Fourth, and Fourteenth Amendments of the United States Constitution. The Injunction, divided into the "Policing Act Injunction" and the "Fair Housing Act Injunction," provided for a number of specific actions that the Defendants must take in order to comply with federal civil rights laws, as well as the appointment of a Monitor whose duties include "overseeing implementation of all aspects and terms of this injunction" (ECF No. 1053 at 42) and periodically reporting to the Parties and the Court (Id. at 49). The Injunction was to "remain in effect for ten years or until otherwise ordered by the court." *Id.* at 51.

**II. Standard for Termination of the Injunction**

Federal Rule of Civil Procedure 60 provides for relief from a judgment, order or proceeding when "the judgment has been satisfied, released, or discharged." Fed. R. Civ. P. 60(b)(5). Termination of an order for injunctive relief is appropriate where a party has substantially complied with its terms, and where any deviation from literal compliance has not defeated an essential purpose. *Jeff D. v. Otter*, 643 F.3d 278, 284 (9th Cir. 2011). To establish that a judgment has been "satisfied" the moving party must show that it "substantially complied" with the decree's requirements. *See Spangler v. Pasadena City Bd. of Ed.*, 611 F.2d 1239, 1240 (9th Cir. 1979) (terminating desegregation injunction after nine years based on demonstrated "substantial compliance with existing valid court orders" and evidence of "continued good faith efforts to comply with the letter and spirit of the law."); *Frew v. Janek*, 820 F.3d 715, 721 (5th Cir. 2016) ("Defendants can obtain relief . . . by demonstrating 'substantial compliance.'").

The Court issued the Injunction to remedy the Defendants' pattern or practice of violating individuals' rights under the Fair Housing Act, and their pattern or practice of unconstitutional policing in violation of the First, Fourth and Fourteenth Amendments of the

United States Constitution. *See* ECF No. 1053 at 2 - 4. As discussed below, Defendants have complied with the substantive terms of the Injunction and the parties agree that conditions in Colorado City and Hildale are significantly improved today.

**III. Termination of the Injunction and Dismissal of the Case are Appropriate**

Termination of the Injunction before expiration of the 10-year term is appropriate because Defendants have achieved and sustained compliance. Since *at least* May 2020, the Court Monitor and Police Consultant have consistently reported that Defendants are in compliance with the Injunction and increasingly focused attention on improving related practices. The Court's orders have also acknowledged Defendants' compliance and its good faith expanding efforts. *See* May 14, 2020 Order, ECF No. 1187 at 1 (Defendants "remain in compliance with the court's judgment and decree"); Nov. 5, 2021 Order, ECF No. 1205 at 1 (noting "it is increasingly clear that [Defendants] are ready and perhaps willing to move beyond technical compliance"); May 12, 2022 Order, ECF No. 1209 at 1, (recognizing that Defendants are "moving past technical compliance in the direction of openness and trust between residents and city officials and marshals."); November 4, 2022 Order, ECF No. 1212 at 3 ("The communities are in compliance with the Fair Housing Act requirements of the court's injunction and judgment."); May 8, 2024 Order, ECF 1124 ("The reports reflect good compliance with the court's Judgment and Decree; and the court again compliments the Defendant Cities and their officials as to their ongoing efforts to bring the Defendant Cities into the mainstream of rural America.").

Defendants have successfully maintained court-ordered reforms with only minor and temporary deviations. Their efforts are described more fully below.

  **a. Defendants Have Demonstrated Compliance With the Fair Housing Act Injunction**

The FHA Injunction ordered Defendants not to engage in any conduct that violates the FHA and required them to take the following specific actions:

1. Approve and record a subdivision plat;
2. Adopt building department policies and procedures;
3. Amend their water service regulations;
4. Adopt and apply procedures for a Culinary Water Impact Fee;
5. Develop publicly accessible municipal websites and post information about municipal policies, procedures, and official meetings on the website;
6. Attend training on the FHA and requirements of the Injunction;
7. Cooperate with the Court appointed monitor regarding compliance with the Injunction; and
8. Maintain and preserve records regarding compliance with the Injunction.

Beginning in 2017, Defendants took steps to comply with the FHA Injunction. In August 2017, the Defendants adopted building department policies and procedures. *See* November 2017 Monitor Report, ECF 1147 at 2-3. In September 2017, Defendants recorded the subdivision plat and also amended their water service regulations. *See Id*. at 2, 4-5. As reflected in the Monitor's November 2017 Report, the Defendants also developed websites and began posting the required information and documents on their websites. *Id*. at 6-7. They also began attending the required FHA training in September 2017. *Id*. 7-8. By November 2018, the Defendants had adopted and implemented a Culinary Water Impact Fee and were in compliance with all requirements of the FHA Injunction. *See* November 2018 Monitor Report, ECF 1165-1 at 1-2.

Since November 2018, the Defendants have been in substantial compliance with the FHA Injunction. *See e.g.,* November 2019 Monitor Report, ECF 1182; November 2020 Monitor Report, ECF 1192; November 2023 Monitor Report, ECF 1219; November 2024

Monitor Report, ECF No. 1226, at 8-12. Although there have been occasional minor issues (e.g. failure to post certain meeting minutes on the website) such issues were timely corrected when the Defendants were notified of the problem. The United States verified compliance with the FHA injunction during a November 2022 compliance visit.

### b. Defendants Have Demonstrated Compliance With the Policing Act Injunction

The Policing Act Injunction ordered Defendants not to engage in further unconstitutional conduct and required them to take the following specific actions:

1. Engage the services of a professional policing consultant (Consultant) to assist in developing new policies and procedures for hiring officers and restructuring CCMO;
2. Hire two additional police officers;
3. Implement new internal affairs policies that would specifically exclude the managers and representatives of the councils of Colorado City and Hildale City from being involved in internal investigations;
4. Review and revise all policies in consultation with the Consultant;
5. Implement a body-worn camera pilot program and policies for their use;
6. Provide annual training on the First, Fourth, and Fourteenth Amendments delivered by a qualified third person or organization;
7. Improve cooperation with the local county sheriffs; and
8. Hire a Mentor for the Chief Marshal, from a nationally recognized police organization, to meet monthly and advise on the Chief Marshal's job performance.

Defendants complied with all these requirements by May 2020 and have been in substantial compliance since then. *See* ECF No. 1186 at 1; ECF 1192; ECF 1219; ECF No. 1226.

**IV. Conclusion**

For the past five years, the Court Monitor and Police Consultant have consistently reported and the Court has found that that Defendants are in compliance with the requirements of the Injunction, demonstrating the permanence of the reforms and elimination of underlying pattern or practice of violations of individuals' rights. Accordingly, the Court should grant the Parties' Joint Motion to Terminate the Injunction and dismiss this case with prejudice.

Dated: July 1, 2025

    HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division

CARRIE PAGNUCCO
Chief
Housing and Civil Enforcement Section

ANDREW DARLINGTON
Acting Chief
Special Litigation Section

/s/ *Noah D. Sacks*
LAURA L. COWALL
AMIE S. MURPHY
Deputy Chiefs
NOAH D. SACKS
JEFFREY R. MURRAY
Trial Attorneys
Civil Rights Division
U.S. Department of Justice
4 Constitution Square

150 M St., NE, Suite 800
Washington, D.C. 20530
Tel: (202) 598-6366
noah.sacks@usdoj.gov

Attorneys for Plaintiff United States of America


*/s/ Jeffrey C. Matura*
Jeffrey C. Matura
Barrett & Matura, P.C.
8925 East Pima Center Parkway, Suite 215
Scottsdale, Arizona 85258
Direct: 602-792-5721
Fax: 602-792-5710
E-Mail: jmatura@barrettmatura.com

Attorney for Colorado City


*/s/ Shawn M. Guzman*
Shawn Guzman
Hildale City Attorney
320 East Newell Ave.
Hildale, UT 84784
(435) 703-3333
shawnguzman00@gmail.com

Attorney for Hildale City

# CERTIFICATE OF SERVICE

I certify that on July 1, 2025, I caused a copy of the foregoing Joint Motion to Terminate Injunction to be sent via the Court's ECF system to all parties or record.

                         *s/ Noah D. Sacks*
                         NOAH D. SACKS
                         Attorney for the United States